UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 NOV -5 P 2: 27
US DISTRICT COURT
BRIDGEPORT CT

LUIS FERNANDEZ

V.

MONICA RINALDI, ET AL.

PRISONER
CASE NO. 3:03CV146 (WWE)

**RULING ON MOTION FOR APPOINTMENT OF COUNSEL**

The plaintiff is seeking an appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915.  For the reasons set forth below, the motion is DENIED.

The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel.  See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). The plaintiff refers the court to his previous motion for appointment of counsel that was denied without prejudice to renewal upon the filing of an amended complaint.  On October 3, 2003, the plaintiff filed his amended complaint.

The plaintiff states that he has made sufficient efforts to find counsel on his own.  His prior motion indicates that he sent a letter to an attorney in January 2002, a letter to a second attorney in November 2002 and a letter to a third attorney in December 2002.  All three attorneys declined representation.

The plaintiff also stated that he contacted the Yale Law School Clinic, but the Clinic informed him it did not have the resources to accept any cases at the time. The plaintiff does not indicate when he contacted Yale.

The plaintiff's four attempts to secure counsel approximately one year ago are not sufficient to demonstrate to the court that the plaintiff is unable to find an attorney on his own. The plaintiff does not indicate that he has made any recent attempts to find counsel. Furthermore, the plaintiff does not indicate that he has made any attempt to contact the Inmates' Legal Assistance Program with respect to any questions he may have concerning this case. Although Inmates' Legal Assistance may not be able to represent the plaintiff in this action, the program is available to assist the plaintiff in answering questions concerning discovery issues, researching legal issues and drafting motions and memoranda.

The possibility that the plaintiff may be able to secure legal assistance or counsel independently precludes appointment of counsel by the court at this time. Accordingly, plaintiff's Motion for Appointment of Counsel [doc. #10] is DENIED without prejudice. Any renewal of a motion for appointment of counsel shall be accompanied by a summary of the plaintiff's attempts to obtain counsel or legal assistance from the Inmates' Legal Assistance Program. The summary of attempts to obtain legal assistance should include the reasons why assistance was

unavailable.

SO ORDERED.

Dated at Bridgeport, Connecticut, this __4__ day of _November_, 2003.

```
                              _____
                              Holly B. Fitzsimmons
                              United States Magistrate Judge
```