UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

LUIS FERNANDEZ          :          2003 DEC 19 P 3: 38

VS.                     :          CASE NO. 3:03CV146(WWE)(HBF)

MONAICA RINALDI, ET AL  :          NOV.22, 2003

### MOTION FOR RECONSIDERATION FOR APPOINTMENT OF COUNSEL

The plaintiff respectfully seeks the courts to reconsider the Motion for Appointment of counsel PRO BONO [doc.#5] in this case pursuant 28 U.S.C.§ 1915(d), for the reasons set forth below, this Motion should be reconsider and granted.

### I. HISTORY OF THE CASE

Following the plaintiff complaint against the defendants Monica Rinaldi,et al where I.F.P. status has been granted and Motion for leave to amend[doc.#7] granted in compliance with Rule 10(a) of the F.R.C.P.

The plaintiff demonstrated to this court for considering an appointment of counsel Pro Bono that he is unable to afford counsel and made enough efforts to obtain assistance of counsel with respect to this case.see,Motion for Appointment of counsel[doc.#5] denied without prejudice.

The plaintiff also demonstrated to this court for appointment of counsel Pro Bono the attempts to obtain legal assistance from I.L.A.P. and secure counsel on his own.see,[doc.#5] denied without prejudice.

### II. SPECIFIC FACTS

1. The court should consider plaintiff unable to employ counsel pursuant 28U.S.C.§1915(d) see [doc.#5] for requesting counsel representation.citing, **BOUNDS V. SMITH,430 U.S. 817,97 S. CT . 1491(1977): GORDON V. LEEKE, 574 F.2d 1147,1153 and N.3(1978); ALDEBE V. ALDABE, 616 F.2d 1089,1093(1980); and LANB V. HUTTO, 467 F.Supp. 562(E.D.Va.1979).**

2. The court should also consider the appointment of counsel where counsel is able to explain the applicable legal principles to the complainant and limit litigation to potentially

**CONTINUANCE 2**

meritorious issues. In addition, appointment of counsel provides the unlettered plaintiff with an opportunity to obtain the representation equally qualified with the professional counsel usually provided by the states for the defendants. citing, **WRIGHT V DALLAS COUNTY SHERIFF'S DEPARTMENT., 660 F2d 623(1981), quoting KNIGHTON V. WALKINS, 616 F.2d 759 (5th CIR.1980); STRINGER V. ROWE, 616 F.2d 993,1001 (7thCIR.1980)**

3. The court should consider the appointment of counsel in this case were the entittle fees to the attorney appointed would be determined by the court and paid by the defendant. 42 U.S.C. §1988. See. **HENSLEY V. ECKENHART,_U.S._103 S.Ct 933(1983).**

4. The court should consider the merits in fact of the plaintiff claim which are issues that involve plaintiff right under the U.S.C. to privacy concerning the disclosing of his personal information for trial purpose under D.O.C. ADM. DIR.4.4 mandatory language and were the denial of copies to indigent inmates as the plaintiff violates policy, regulation and constitutional right such as procedure due process and equal protection clause. **See. WHALEN V. ROE, 429 U.S.589,599(1977); And BARRY V. CITY OF NEW YORK, 712 F.2d 1554,1559 (2d.CIR.1983),** were the court can also determine from the exhibits marked and submitted in this civil complaint. citing, **SPEARS V. UNITED STATES,266 F.SUPP. 22,25-26(S.D.WVa 19670).**

5. The court should consider in appointing counsel for the plaintiff in this case were the plaintiff is unable to present the case do to the lacking of legal materials, and jail house lawyer assistance the plaintiff has no law school education and as a spanish speaking person the legal issues are to complex to litigate himself nor does the Department of Correctional provides the plaintiff as Pro Se litigant with adequate law library containing up to date materials for shepherdicing this case. citing, **BOUNDS V. SMITH,430 U.S. 817(1977); YOUNGER V. GILMORE,404 U.S. 15(1971)(Precuriam),** which prejudice obstructs the plaintiff position to investigate the crucial facts needed to prove the claims. citing, **SLAVIN V.CURRY, 690 F.2d 446 (1982); STRINGER V. ROWE,supra note 51; also, MURRELL V. BENNETT,615 F.2d 306,311(1980).**

6. The court should consider appointment of counsel were serious allegations of facts exist supported with exhibits already submitted and marked in the complaint and a question of credibility of witnesses testimony cross-examination will be a very complex issue for the

**CONTINUANCE 6.**

6. plaintiff being an spanish speaking person with no assistance or legal education to properly present his meritful case.citing,**ULMER V. CHANCELLOR,691 F.2d 209,213(1982);LOPEZ V. REYES, 692 F.2d 15(1982); and MANNING V. LOCKHART,623 F.2d 536(1980).**

7. The court should consider the complexity of the legal issues raised by the plaintiff for appointment of counsel where the need for expert witness(es) for the conflicting testimony requiring skill in presentation of evidence already marked as exhibits and in cross-examination of D.O.C. Administrative Directives procedures to the defendants involve in their own regulation violations.citing,**BASS V. PERRIN,170 F.3d 1312,1320(1999).**

8. The court should consider the capability of the indigent plaintiff to present the case where I.F.P. status has been granted .citing,**DAVIS V. UNITED STATES,214 F.2d 594(1954);SPEARS V. UNITED STATES,supra note 56.**

9. The court should consider the exceptional circumstances from the Motion's filed with this court for appointment of counsel[doc.#5] and the presentation of D.O.C. administrative Dir. cross-examination of the defendants were credebility of expert witness will be at issue in in this case.citing, **TABRIN V. GRACE,6 F.3d 147,155-58(1993); LAVADO V. KEOHANE,992 F.2d 601, 606(1993).**

### III LEGAL GROUNDS

This motion is filed pursuant to Civil Right Act **42 U.S.C.§1983,28 U.S.C.§1915(d)** citing, **HODGE V. POLICE OFFICERS, 802 F.2d 58,61( 2d cir 1986)cert. denied,502 U.S. 996(1991); TABRON V. GRACE, 6 F.3d 145, 155-58(3d cir.1993); and 42 U.S.C§1988,** where execptional circumstances for appointment PRO BONO COUNSEL reasonably demostrated by the plaintiff justifying merits of claim for the court to reconsider and grant this motion to cure an injustice.

**RESPECTFULLY SUBMITTED**

---
THE PLAINTIFF
LUIS FERNANDEZ
C.C.I.
900 HIGHLAND AVE.,
CHESHIRE,CT 06410