UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | PRISONER<br>CIVIL NO. 3:03CV146 (WWE)(HBF) |
| v. | : | |
| MONICA RINALDI, ET AL. | : | MAY 25, 2004 |

**DEFENDANTS' LOCAL RULE 56(a)(1) STATEMENT**

The defendants, Monica Rinaldi, et al., by and through their undersigned counsel and pursuant to Local Rule 56(a)(1), Rules of the United States District Court for the District of Connecticut, submit the following statement of material facts as to which there is no genuine issue to be tried.

1. The plaintiff is an inmate of the Connecticut Department of Correction, MacDougall-Walker Correctional Institution in Suffield, Connecticut, currently serving twenty year and eight year sentences for drug convictions. See Affidavit of Captain Alves, para. 3; Exhibit A.

2. The defendants were, at various times referenced in the plaintiff's Amended Complaint, employed by the Connecticut Department of Correction in various positions. Plaintiff's Amended Complaint, paras. 2-12; Defendants' Answer, Parties, para. 2.

3. On June 3 and again on June 13, 2002, plaintiff requested copies of his master file. Affidavit of Captain Alves, para. 4; Exhibits B, C.

4. Inmates' master files are often voluminous, containing many different types of records from mittimuses to disciplinary reports to program application records, some of which may be non-disclosable under the Connecticut Freedom of Information Act. Accordingly,

plaintiff was asked to specify which records he wanted. Affidavit of Captain Alves, para. 5; Exhibit D.

5. Plaintiff requested to review his master file so that he could identify the documents he needed, and his request was granted on June 18, 2002. Affidavit of Captain Alves, para. 6; Exhibit E.

6. On July 18, 2002, after reviewing the records under supervision, plaintiff identified certain records which he wanted copied. The records involved a certain disciplinary report and related records of an October 23, 2001 incident. Affidavit of Captain Alves, para. 7; Exhibit F.

7. Plaintiff's information request under the Connecticut Freedom of Information Act was acknowledged on July 19, 2002 and he was told that he would receive a response in the near future. Affidavit of Captain Alves, para. 8; Exhibit G.

8. Plaintiff's request required document review for compliance with the Freedom of Information Act and it required a security review because the records involved a fight between plaintiff and another inmate, and the investigation of the matter. That process took time and plaintiff was updated on the status of the response to his request on July 26, 2002 and again on August 13, 2002. Affidavit of Captain Alves, para. 9; Exhibits H, I.

9. Plaintiff's document request was finally determined to consist of 30 pages. On August 19, 2002, plaintiff was notified that the cost would be $7.50 under the DOC policy to charge inmates 25 cents per page for Freedom of Information requests. Affidavit of Captain Alves, para. 10; Exhibit J.

10. Plaintiff made duplicate requests for the same material. He received consistent notification of the charge involved. Affidavit of Captain Alves, para. 11; Exhibit K.

11. To Captain Alves' knowledge, plaintiff never paid the charge and never received the document. Affidavit of Captain Alves, para. 12.

13. The Connecticut Freedom of Information Act allows state agencies to charge 25 cents per page for copies of public records. Fees are waived for indigent individuals, but the statute does not define indigency. Affidavit of Joan Ellis, para. 2.

14. The DOC charges inmates 25 cents per page for photocopies pursuant to DOC Directive 3.10(8)(C). That section permits a waiver of this fee for legal materials for indigent inmates. Affidavit of Joan Ellis, para. 3; Exhibit M.

15. An indigent inmate, for purposes of this rule, is an inmate with less than five dollars in his or her inmate account upon admission, or whose account has not exceeded five dollars for the previous 90 days. Legal materials, for the purpose of this rule, mean documents relating to a pending legal action involving the inmate. These definitions are contained in DOC Directive 6.10(3). Affidavit of Joan Ellis, para. 4; Exhibit N. Plaintiff became qualified under this directive after August 20, 2002. See Inmate Account Record, Exhibit F to Affidavit of Major Hall, filed in Fernandez v. Armstrong, No. 3:03CV583 (JCH)(HBF), copy attached hereto in Exhibit W. However, there is no evidence in this case that the records requested by plaintiff involved a pending court case, nor does plaintiff allege that he identified it as such to defendants. Consequently, this waiver is not applicable in the instant case.

16. No incarcerated inmate is considered indigent for the purposes of calculating the fees associated with the production of documents requested under the Freedom of Information Act. Affidavit of Joan Ellis, para. 5; Exhibits O, P.

17. The DOC takes this position because inmates are not considered to be indigent in the sense contemplated by the Freedom of Information Act due to the fact that their basic needs are provided for by the DOC. Affidavit of Joan Ellis, para. 6; Exhibit Q.

18. Under the federal poverty guidelines, individuals are considered in poverty if their income is under $9,310.00 per year. Affidavit of Joan Ellis, para. 7; Exhibit R.

19. In Connecticut in 2004, the average daily cost of incarceration for inmates is $72.90 per inmate. This amounts to over $26,600.00 per year. Affidavit of Joan Ellis, para. 8; Exhibit S.

20. The DOC provides for inmates' basic needs, regardless of their ability to pay, including food, clothing, shelter and medical care. Affidavit of Joan Ellis, para. 9; Exhibits T, N, U and V.

21. Plaintiff filed numerous petitions concerning his document request consistent with the inmate grievance procedure available, and his petitions were addressed. Affidavit of Captain Alves, para. 13; Exhibit L.

DEFENDANTS
Monica Rinaldi, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:  /s/_____
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct05222
E-Mail:  robert.vacchelli@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591

4

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 25th day of May, 2004:

Luis Fernandez, Inmate No. 279900
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT  06080

/s/_____
Robert F. Vacchelli
Assistant Attorney General