UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

Luis Fernandez

2004 JUN 17 P 5:19   PRISONER

U.S. DISTRICT COURT
BRIDGEPORT, CONN

V.

CASE NO. 3:03CV146
(WWE)(HBF)

Monica RINALDI, Et. AL   :   June 11, 2004

## PLAINTIFF RENEW MOTION FOR APPOINTMENT OF COUNSEL PRO BONO

The plaintiff renews Motion for Appointment of Counsel Pro Bono in this case pursuant 28 U.S.C. § 1915 (d) And 42 U.S.C. § 1988 where exhibits and exhausted remedies have been submitted in support of the Amended Complaint.

### HISTORY

Following the Amended Complaint against the defendants Monica RINALDI, Et. AL. where I.F.P. status has been granted and the plaintiff has demostrated to this Court for Considering Appointment of Counsel Pro Bono, he is unable to afford Counsel, and made enough efforts to obtain Assistance of Counsel with respect to this case. See, [doc. #5] denied without prejudice.

### II SPECIFIC FACTS

1 of 5

1. I.L.A.P. has decided not to assist the plaintiff in this case were they might be held liable in the coming future regarding this case were its clearly established defendants Monica Rinaldi, et al. deprived the plaintiff of federal (guarantee) rights. Coting BERG v. County of ALLEGHENY, 219 F.3d 261 (3d Cir. 2000).

2. The Court should consider plaintiff unable to employee Counsel pursuant 28 U.S.C. § 1915(d), see [doc.#5] for requesting Counsel representation. Coting BOUNDS v. SMITH, 430 U.S. 817, 97 S.Ct. 1491 (1977); GORDON v. LEEKE, 574 F.2d 1147, 1153 and N.3 (1978); AlDEBE v. AlDABE, 616 F.2d 1089, 1093 (1980); and (and) v. Hutto, 467 F.Supp. 562 (E.D. VA. 1979).

3. The Court should Consider also the Appointment of Counsel where Counsel is able to explain the Applicable legal principles to the Complaint and limit litigation to potentially meritorious issues. In addition, appointment of Counsel provides the unlettered plaintiff with an opportunity to obtain the representation equally qualified with the professional counsel usually provided by the states for the defendants. Coting WRIGHT v. DALLAS COUNTY SHERIFF's Dept., 660 F.2d 623 (1981), quoting KNIGHTON v. WATKINS, 616 F.2d 759 (5th Cir 1980); And STRINGER v. ROWE, 616 F.2d 993, 1001 (1980).

2 of 5

4. The Court should consider the Appointment of Counsel in this case were the entitle fees to the Attorney Appointed would be determined by the Court and paid by the defendants. under 42 U.S.C. § 1988 citing EHNSLEY V. ECKENHART, — U.S. — 103 S.Ct. 933 (1983).

5. The Court should consider Appointing Pro Bono Counsel in this case do to the plaintiff History of Paranoid disorder and depression reflections which clearly justifies Appropriate An Appointment of Counsel were Colorable claim has been presented, see Ex "1" Mental Health Evaluation Response herein. Citing HAMILTON V. LEAVY, 117 F.3d 742, 749 (1997).

6. The Court should Consider in Appointing Counsel for the plaintiff in this case were the plaintiff is unable to present the case do to the lack of legal materials, or a jailhouse lawyer Assistance. The plaintiff has no law school education and as a Spanish speaking person the legal issues are to complex to litigate himself nor does the Dept of Connecticuts MacDougall provides the plaintiff as pro se litigant with adequate library which prejudice obstructs. the plaintiff position to even investigate the crucial facts needed in Argewing the evidence in claims, citing SLAVIN V. CURRY, 690 F.2d 446 (1982); Also, Morrell V. Bennett, 615 F.2d 306, 311 (1980).

7. The Court should consider the complexity of the legal issues raised by the plaintiff for appointment of counsel where the need for expert witnesses for the conflicting testimony requiring skill in presentation of evidence already marked as exhibits "1" thru "14" in par. "1" thru "18" of the Amended Complaint undisputed and in cross-examination of D.O.C. Adm. Dir. procedures to the defendants involve in their own regulations violations. citing BASS v. PERRIN 170 F.3d 1312, 1320 (1999).

8. The Court should consider the exceptional circumstances from the motions' filed with this Court for appointment of counsel and the presentation of D.O.C. Adm. Dir. cross-examinations of the defendants were credibility of expert witnesses will be at issue in this case. citing TABRON v. GRACE, 6 F.3d 147, 155-58 (1993); LAVADO v. KEOHANNE, 992 F.2d 601, 606 (1993).

## III LEGAL GROUNDS

This motion is filed pursuant to civil Right Acts 42 U.S.C. § 1983, 28 U.S.C. § 1915(d) citing Hodge v. Police Officers, 802 F.2d 58, 61 (2d cir. 1986) cert. denied, 502 U.S. 996 (1991); Tabron v. Grace, 6 F.3d 145, 155-58 (1993); 42 U.S.C. § 1988 and Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491 (1977), where exceptional circumstances

4 of 5

for Appointment Pro Bono Counsel reasonably demostrated And Appropriate for the plaintiff justifying Merits in this case colorable for the Court to Grant this motion An Appoint Counsel.

RESPECTFULLY SUBMITTED

Luis Fernandez Pro SE
M.C.W.I.
1153 East Street south,
Suffield, CT 06080

## CERTIFICATION

I hereby certify that A Copy of the foregoing was mailed to the following defendants Attorney on this 11 day of June, 2004.

Robert F. Vacchelli,
Ass. Att. Gen.
110 Sherman Street,
Hartford, Ct 06105

Luis Fernandez
Pro. SE

5 of 5



**CONNECTICUT DEPARTMENT OF CORRECTION**
**REQUEST FOR MENTAL HEALTH SERVICES**

| DATE OF REQUEST | INMATE REQUEST | REFERRED BY/TITLE | INMATE NUMBER | DATE OF BIRTH |
|---|---|---|---|---|
| 6/18/01 | Y N | Self | 279900 | |

INMATE NAME (LAST, FIRST, INITIAL): Fernandez, Luis
SEX: M  RACE/ETHNIC: H  FACILITY:

**DESCRIBE REASON FOR REQUEST/REFERRAL:**

Depression. Paranoid

See attached

**MENTAL HEALTH SERVICES RESPONSE**

| DATE REQUEST RECEIVED | REFERRED TO | DATE CLIENT SEEN | SERVICE PROVIDER/TITLE |
|---|---|---|---|
| 6/08/01 | M-H | | |

**SERVICE PROVIDED/RESPONSE:**

PR

**SCHEDULE DATE:**  YES ☐  NO ☐

MENTAL HEALTH PROVIDER'S SIGNATURE/TITLE           DATE