UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**FILED**

2004 JUN 17 P 5:19

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

Luis Fernandez

PRISONER

CASE NO. 3:03CV146
(WWE)(HBF)

V.

Monica Rinaldi, et al                                    June 11, 2004

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.

This action is by State Prisoner, 42 U.S.C. § 1983, and Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343 (A)(3), for deprivations of First, Fourth, Fourteenth and Eighth Amendment Rights privileges and/or immunities secured by the Constitution and Laws caused by Persons Acting under Color of law. The defendants while Acting under color of law failed their duties to Adhere ADM. Procedures and obstructed plaintiff meaningful reasonable Adequate Assistance to Access the Courts, interfered with his Master File Access to his personal information, and the plaintiff as a defendant opposing relief in Court.

The Plaintiffs' Rely's on evidence sufficient to Support a Jury verdict in his Favor because:

1 of 29

1. The eleventh Amendment <u>does not</u> bar this Action Against the defendants in their official Capacities for violation of Prison Regulations which weigh Against immunity.

2. The Prospective relief Are not suits Against the state permits the use of § 1983 when such relief is sought.

3. The Court may Also grant injunctive relief if A real and immediate threat exists that the plaintiff will be the victim of An unconstitutional Action.

4. The plaintiff has exhausted Administrative remedies in the Amended Complaint stating Claims upon which Relief may be granted.

5. The defendants participation or responsibility are demostrated in interference with guarantee Court Access.

6. The defendants qualified immunity is inapplicable in this CASE.

7. The District Court has Jurisdiction in this CASE.

In support thereof, the plaintiff has submitted opposing Statement disputing major facts, Affidavits and Exhibits And brief.

2 of 29

<u>Specific Facts</u>

The plaintiff is currently in custody of the Department of Corrections of MacdougAll W.C.I. in suffield, CT After being transfered from Cheshire C.I. in cheshire As defendants Attempt to 'moot' the Injuction relief requested in the Amended Complaint. Plaintiff statement, paRA. 1. The plaintiff is serving A none violent crime sentence currently were After sentence he was transfered from WALKER C.I. in suffield to CHESHIRE C.I. At CHESHIRE, CT. ON NOV. 9, 2001 Approx. 9:00 pm friday. Plaintiff Statement, paRA. 2. The plaintiff Amended Complaint Consist of Attached Marked Exhibits '1' though '14' And in label E. Previous lawsuits And ADM. Relief Inmate Grievances dates 8/15/02 and 8/9/02 in support of the factual paRagraphs '1' threw '18'. Plaintiff Statement, paRA. 3. The plaintiff is <u>not</u> A threat to the Departments of Correctional in Connecticut <u>NOR</u> A safety oR A Security problem to A staff oR AN inmate. Plaintiff Statement, paRA. 4. The plaintiff while currently in Cheshine C.I. At Cheshine, CT where since <u>June 3, 2002</u> WAS obstructed from Copy(ies) And Reviewing his MASter file. Plaintiff Statement paRA. 5. The plaintiff WAS not provided reasonable oR Adequate Meaningful Assistance with the request of Copy(ies) And Reviewing his MASter file ON June 18, 2002. Plaintiff Statement, paRA. 6. The plaintiff while exhausting Adm. remedies requested reasonable Information of disclosable MAterials that defendants failed to comply

within four (4) business days. Plaintiff statement, para 7.
The plaintiff notified of the requested information to
be privileged and the provision of reason for the
requested copies from his master file falls well
outside ADM. Dir. 4.4 and other where Disciplinary
Action can be lifted, so then the plaintiff was able
to get approval on June 20, 2002 only for reviewing
his master file. Plaintiff statement, para. 8. The
plaintiff even after being approved of only viewing
his master file was not allowed for 25 days after
exhausting the chain of commands following D.O.C. policy
and submitting Inmate Grievance to enforce existing
policy and procedures for viewing his master file
already approved which Inmate Grievance was not
provided a disposition or response. Plaintiff statement,
para. 9. The plaintiff received on July 24, 2002 a
letter acknowledging receipt of request which would
be notifyed of process in the near future. Plaintiff
Statement, para. 10. The defendants took upon themselfs
to ignore the four business days to respond an F.O.I.
request. The plaintiff submitted an Inmate Grievance
line Emergency on 8/19/02 that was rejected on
8/20/02, interfering with access to the Courts. The
plaintiff appeal on 8/21/02 Inmate Grievance line
Emergency date 8/19/02 that was rejected on 8/20/02
but no response or review was provided to the appeal
Inmate Grievance date 8/21/02. The defendants' failed
to adhere ADM. Directives nor did the plaintiff requested

4 of 29

information that would had jeopardize the facility operations. Plaintiff Statement, para. 11. The defendants determined to change the plaintiff $7.50 for 30 pages of the documents requested were the plaintiff notified several other defendants regarding meaningful Assistance reasonable that would Allowed Access to the Courts which was ignored. The defendants did not complyed with F.O.I. Act And denied discretion in Assisting the plaintiff access the Court. Plaintiff Statement, para. 12. The plaintiff made further Attempts to get Assistance regarding the requested Copies from his Master file on August 6, 2002 where 14 days After the four (4) business days to respond F.O.I. Act request Received on Sept. 5, 2002 informing him of the Amount $7.50 to Cover the Cost of the Copies requested even After Already frustrating All Administrative procedures and State. Plaintiff Statement, para. 13. The defendants had information showing the plaintiff was not Able to Cover the Cost of the Copies requested and the plaintiff provided An Actual Notice of the deliberate delay, indifference disclosing under F.O.I. Act harms and prejudice his defense for trial. The plaintiff requested the Copies of Master file threw Discovery in A Habeas Corpus case on Dec. 20, 2002 And NEIL Parille, Ass. Att. Gen. was not Able to provide the original disciplinary reports because these had been Misfiled. Plaintiff Statement, para. 14. The plaintiff As equally

situated in Connecticut State apply to the waiver of fees under Freedom of Information Act. Plaintiff Statement, para. 15. The defendants made no effort in assisting the plaintiff while having discretion to do so. Plaintiff Statement, para. 16. The defendants made no efforts in responding to the actual notice submitted by the plaintiff and failed to adhere Inmate Grievances procedures and Inmate request forms that involved information regarding the copies of the plaintiff master file documents in a pending Court Case, while acknowledging of the Oct. 13, 2001 incident which at the time was pending. The defendants failed their duty to meaningfully reasonable assist the plaintiff as a defendant while under their custody. Plaintiff Statement, para. 17. The defendants failed to coordinate tracking and ensure timely and appropriate response of the Freedom of Information Acts submitted by the plaintiff. Plaintiff Statement, para. 18. The defendants failed their duty under F.O.I. Act and deprived the plaintiff of basic needs while equally situated. Plaintiff Statement, para. 19. The plaintiff Amended Complaint has been filed since the year 2003 not including the 2004 H.H.S. poverty Guidelines. Plaintiff Statement, para. 20. The defendants interference and obstruction of the copies from plaintiff master file impairmented the plaintiff of any defense for Trial. Plaintiff Statement, para. 21. The Dept. of Correctional is known to deprive the plaintiff of basic needs for periods of times. Plaintiff Statement, para. 22.

Defendants took upon then selfs not to follow policy or ADM. Directive 9.6. Plaintiff statement, para 23.

## SUFFICIENT EVIDENCE IN OPPOSITION TO SUMMARY JUDGMENT

The plaintiff has submitted in support of the Amended Complaint the exhaustion of Administrative Grievance procedures Exhibits 6, 9, 13, 14 and in table C is undisputed as evidence favoring the plaintiff for a jury to return a verdict in his favor. see plaintiff statement, para 3, Exhibits '1' thown '14' Citing Anderson V. Liberty Lobby, Inc. 477 U.S. 242, 249, 106 S.ct. 2505, 91 L. Ed. 2d 202 (1986). Also, the plaintiff has filed an Affidavit In opposition to defendants Motion for Summary Judgment and Exhibits 'A' thown 'M' in support. The District Court must be sensitive to problems of Pro se plaintiff in civil Rights Actions and not be too quick too dismiss Complaint for failure to state technical Cause of Action. Citing MARTIN V. WAINWRIGHT, (1976, CA.5 FLA), 526 F.2d 938. In other words, Pro se Complaints under 42 U.S.C. § 1983 Are held to less stringent Standards then formal pleading drafted by lawyers. CRUZ V. Cardwell, (1973, CA.8 MO). 486 F.2d 550.

## ARGUMENT
7 of 29

1. The Eleventh Amendment does not bar this Action Against the defendants in their official Capacities.

In this case, the eleventh Amendment is inapplicable were defendants failures to perform their responsibilites resulting in Constitutional violations. Citing, TATUM V. HOOSER, 642 F.2d 253 (8th cir. 1981); DOE V. NEW YORK CITY OF SOCIAL SERVICES, 649 F.2d 134 (2d cir. 1981); U.S. Ex. REL. LARKINS V. OSWALD, 510 F.2d 583, 589 (2d cir. 1975). The eleventh Amendment does not forbid suing state officials in their individual Capacities, and sometimes in their official Capacities, depending on what relief the plaintiff requests. The local governments and their Agencies Are not protected by the eleventh Amendment. Citing Schnelz V. MONROE County, 954 F.2d 1540, 1543 (11th cir. 1992); FAY V. South Colonie Central School District, 802 F.2d 21, 27 (2d cir. 1986). The plaintiff can sue a state official but not the state itself - for an injunction in her official Capacity. See Kentucky V. Graham, 473 U.S. At 167 N. 14. This is true even if the state will have to spend money to comply with the injunction. Citing EDELMAN V. JORDAN, 415 U.S. At 667-68. With respect to injuctive claims, sovereign immunity has been waived by a federal statute, and such Claims may be brought Against the united states, Against

federal officials in their official capacities. citing BLASSINGAME v. secretary of the NAVY, 811 F.2d 65, 69-70 (2d Cir. 1987), citing 5 U.S.C. § 702; Gibson v. Mathews, 715 F. Supp. 181, 184-85 (E.D. KY. 1989), Aff'd, 926 F.2d 532 (6th cir 1991).

The eleventh Amendment does not bar this action against the defendants in their official capacities for violation of Prison regulation or policy which weigh against immunity. Citing Scheoer v. Rhodes, 416 U.S. 232, 238, 94 S.Ct. 1683 (1974); And SPICER v. Hilton, Supra note 148, At 236.    The defendants are still subject to civil suits in which As state officials they are the nominal defendants in this case and Governmental immunity is inapplicable to injuctive and declantory relief pursuant Sovereign immunity 440 U.S. 410, 420.    A Prisoner need not comply with state and local "Notice of claim"; rules before bringing A § 1983 suit. Citing FELDER v. CASEY, 487 U.S. 131, 157-53, 108 S.Ct. 2307 (1988); Brown v. United States, 742 F.2d 1498, 1500 N.1, 1506-08 (D.C. cir. 1984) (En banc), cert. denied, 471 U.S. 1073 (1985).

2. Prospective Relief Are not suits against the state permits the use of § 1983 when such relief is sought.

The plaintiff As AN Inmate suing under § 1983 for injunctive Relief must sue state and prison official in their official Capacities were prospective Relief Are not suits Against the state, Permits the use of § 1983 when such relief is sought. See Will v. Michigan Dept of State Police, 491 U.S. At 71 N. 1.
The entity's eleventh Amendment immunities VARies depending upon the NATURE of the Relief Sought :

This CASE Amended Complaint injuctive relief request sweeping changes designed to ensure that Cllestine D.O.C. officials Adhere to ADM. Directives, policy and provide meaningful Access to the Courts for All present and future prisoner's in Adoption of Bounds including for illiterate OR NON-English-speaking inmates, who do not Receive Adequate legal Assistance. Citing Williams v. Lane, 851 F.2d 867, 883-84 (7th cir. 1988). The plaintiff relief serves to bring An end to A present violation of federal law is not barred by the 11th Amendment even though ACCOMPANied by substantial Ancillary effect on a state's treasury. Citing PARASAN v. Allain, 478 U.S. 265, 278 (1986); Also 11th Amend not bar to enhancement of fee Award another to prospective relief Against State. Citing Missouri v. Jenkins, 491 U.S. 274, 280 (1989); Also, Andrus Ex. Rel. Andrus v. ARKANSAS, 197 F.3d

953, 954 (8th Cir. 2000) "individual capacity claims against (Police) officer not barred as claims against the state when injunctive relief is sought."

The Courts have upheld state prison officials not absolutely immune from personal liability from individual capacity suit against state prison officials such as in this Amended Complaint. (see plaintiff Amended Complaint) citing White V. Gregory, 1 F.3d 267, 270 (4th Cir. 1993).

3. The Court may also grant injunctive relief if a real and immediate threat exists that the plaintiff will be the victim of an unconstitutional action.

The Supreme Court has held an inmate's section 1983 claim against one correctional facility does not becomes moot because he or she is later transferred to another facility. Citing Boag V. MacDougall, 454 U.S. 364, 364-65 (1982) "Prisoner's transfer to another facility did not moot damage claim arising from solitary confinement at original facility."

The Court should also consider that the transfering of the plaintiff not only does not 'moot' the injunctive relief it also shows defendants retaliate against or harrass the plaintiff because of plaintiff exercise of his right of access to the Courts. Citing Clarke V.

STALDER, 121 F.3d 222 (5th cir. 1997). see Plaintiff statement, para. 1. This Court should consider the fact were the plaintiff is in custody of the Department of Correction which short-lived legal violations that are over with before they can be challenged in Court are not considered moot if they are "capable of repetition, yet evading [judicial] review" and if there is a "reasonable likelihood" that they will recur. Citing HONIG V. DOE, 484 U.S. 305, 318, 108 S.Ct 592 (1988); see CLARK V. BREWER, 776 F.2d 226, 229 (8th cir 1985); Also, MCKINNEY V. MAYNARD, 952 F.2d 350, 351 (10th cir. 1991); Even if prison official claim to changed the policy or practice does not moot injunctive claims. Citing City of MESQUITE V. Aladdin's Castle, 455 U.S. 283, 289 (1982); Fisher V. Koehler, 692 F.Supp. 1519, 1565-66 (S.D.N.Y. 1988), Affi'd, 902 F.2d 2 (2d cir. 1990).

4. The Plaintiff has exhausted Administrative remedies in the Amended Complaint Stating Claims upon which relief may be granted.

A. The Freedom of Information Act is Applicable in D.O.C. Administrative Directive 1.5. see plaintiff statement 18 and Exhibit `E` in plaintiff Affidavit. Courts have construes statutory exemption

provided in the F.O.I Act narrowly with doubts resolved in favor of disclosure. Citing MASSEY V. F.B.I., 3 F.3d 620 (2nd Cir. 1993).

The United States Constitution and the Conn. Constitution guarantee Prisoner's Access to state and federal Courts. see Bounds V. Smith, 430 U.S. 817, 821 (1977); see Also, Conn. Const. Art. 1 § 10.

The law can also be clearly established by decisions of the Supreme Court or of the state or federal Court in the Jurisdiction where the Acts occurred. Citing Engel V. Wendt, 921 F.2d 148, 149-50 (8th Cir. 1990); Francis V. Coughlin, 891 F.2d 43, 46 (2d Cir. 1989). Decisions from other Jurisdictions May Also establish the law. Citing Weber V. Dell, 804 F.2d 796, 803-04 (2d Cir. 1986), cert. denied, 483 U.S. 1020 (1987); Vasquez V. Coughlin, 726 F. supp. 466, 472 (S.D.N.Y. 1989); Masel V. Barrett, 707 F. supp. 4, 8-9 (D.D.C. 1989). However, Statutes and regulations are no defense if officials engage in clearly unconstitutional conduct. Citing J.H.H. V. O'Hara, 878 F.2d 240, 244 n. 4 (8th Cir. 1989), cert. denied, 493 U.S. 1072 (1990); Smothers V. Gibson, 778 F.2d 470, 473 (8th Cir. 1985). According, Government held not entitled to presumption that All sources supplying info Are exempt. Citing U.S. Dept. of Justice V. Landano, 508 U.S. 165, 124 Led 2d 84, 113 S.ct 2014 (1993).

Prisoners are entitled to unobstructed and confidential communication with Courts and with Attorneys and their Assistants. Citing PROCUNIER V. MARTINEZ, 416 U.S. At 419-22.

This Right "is not limited to those Already represented by AN Attorney", but extends equally to prisoners seeking Any form of legal advice or Assistance. (SEE Plaintiff Affidavit and Amended Complaint) Citing RUIZ V. Estelle, 503 F.Supp. 1265, 1372 (S.D. Tex. 1980), Aff'd in pertinent part, Rev'd on other ground, 679 F.2d 1115, 1153-55 (5th Cir. 1982), Cert. denied, 460 U.S. 1042 (1983).

The Courts, note the continuing lines of cases which clarifies the Rights of inmates Vis A Vis facilitated Access to the Courts, see, e.g., Bounds V. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed. 2d 72 (1977) Requiring prison Authorities to Assist inmates in the preparation and filing of meaningful legal papers by providing Adequate law libraries or Adequate Assistance from persons trained in the law; Johnson V. AVERY, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed. 2d 718 (1969), holding that prisoners may not be prohibited from Assisting each other with legal matter. "(T)he Constitution protects with special solicitude, A prisoner's Access to the Courts." citing Sostre V. McGinnis, 442 F.2d 178, 189 (2d Cir. 1971).

In the spirit of these cases, the defendants were prohibit from Actively interfering with

the plaintiff attempts to prepare legal document
As a defendant at Court involving an Oct. 13, 2001
incident. (see Plaintiff Affidavit and Amended Complaint)
see Plaintiff Statement, para 17.
Even though, the plaintiff may be diminished by the needs
and exigencies of the institutional environment, he
is not wholly stripped-off Constitutional protections
when he is imprisoned for Crime. There is no
iron curtain drawn between the Constitution and
the prisons of this Country. see Plaintiff Exhibit "N"
WOLFF v. McDONNELL, 418 U.S. 539, 555-56,
94 S.Ct. 2963 (1974).
The plaintiff is protected under the Equal protection
Clause of the fourteenth Amendment from invidious
discrimination based on race, see Lee v. Washington,
390 U.S. 333 (1968), and the protections of the
Due Process Clause were he may not be deprived
of Life, Liberty or property without due process of
Law. (see Plaintiff Amended Complaint). citing HAINES
v. KERNER, 404 U.S. 519 (1972); Wilwording v.
Swenson, 404 U.S. 249 (1971); Screws v.
United States, 325 U.S. 91 (1945).
The touchstone of due process is protection
of the individual against arbitrary action of
government, Dent v. WEST VIRGINIA, 129 U.S.
114, 123 (1889) which interfering and obstruction
of the plaintiff attempts to prepare legal document
As a defendant for trial becomes critical, and the

Minimum requirements of procedural due process appropriate for the circumstances must be observed. (See, plaintiff Affidavit and Amended Complaint).

Under D.O.C. directives 4.4, and 4.1, direct access to inmate records is "Available only for Criminal Justice purposes and only to the extent necessary for the performance of duty," which plaintiff has a right under the United States Constitution to privacy concerning his personal information. (See Plaintiff Affidavit, Amended Complaint, Statement and Exhibit 'D' herein) citing, Whalen v. Roe, 429 U.S. 589, 599 (1977).

The plaintiff did indicated the personal information involved in the Amended Complaint exhibit '1' threw '14' and in Cabe E, and how was this information interfered with for several periods of times which unjustly defendants refused to disclose denying assistance or means for accessing the courts. (See, plaintiff Affidavit Amended Complaint) The defendants as state actors violate the equal protection clause by deliberately and selectively deny protective services to members of a disfavored Minority as the plaintiff a prisoner which was pre-trial detaine. Citing Judge v. City of Lowell, 160 F.3d 67 (1st Cir. 1998). The plaintiff clearly haves a constitutionally protected right of access to the courts, and interference with a prisoner's right to access to the courts, such as a delay, may result in a constitutional

16 of 29

deprivation. CHRICEOL V. PHILLIPS, 169 F.3d 313 (5th Cir. 1999).

In this case, the Court access involves "All the means a defendant or petitioner might require to get a fair hearing from the Judiciary". citing Gilmore V. LYNCH, 319 F.Supp. 105, 111 (N.D. CAL. 1970); Also, Knop V. Johnson, 977 F.2d 996, 1000 (6th Cir. 1992).

B. Plaintiff's rights under Eighth Amendment may be violated by the defendants failure to prevent harm. Citing GARRETT STRATMAN, 254 F.3d 946 (10th Cir. 2001). In this case, the loss of first Amendment freedoms, for even minimal periods of time, constitutes "irreparable injury" for purposes of entitlement of injective relief. Citing GENTALA V. City of Tucson, 213 F.3d 1055 (9th Cir. 2000).

[A] systemic denial of inmate Constitutional Right of access to the Courts is such a fundamental deprivation that it is an injury itself. Citing HERSHBERGER V. SCALETTA, 33 F.3d 955, 956 (8th Cir 1994). Even in a damage suit, if the prisoner shows the Court access system is inadequate, no proof of harm is required were in this case defendants failed to adhere to ADM. DIR. 9.6, Grievances Procedures which Grievances submitted in support of the Amended Complaint regarding Court access showing system inadequate. (SEE, plaintiff Affidavit, Amended Complaint,

Plaintiff statement). <u>citing</u> <u>REUTCKE</u> V. <u>DAHM</u>, 707 F. Supp. 1121, 1129 (D. NEB. 1988).

The plaintiff has had provided actual injury due to the obstruction and barrieres to access the Courts, even if denial was systematic, specifically, the plaintiff has shown that the lack of meaningful reasonable assistance to access the Court and inadequacies hindered his effort as a defendant in Court. (<u>SEE</u> Plaintiff Affidavit and Amended Complaint) <u>citing</u> <u>SABER</u> V. <u>DELANO</u>, 100 F.3d 82 (8th cir. 1996).

The harm must be shown <u>unless</u> there is a "substantial and Continous" limitation, defined as "any restriction on Counsel or legal materials that completely prevents the prisoner...from performing preliminary legal Research. <u>citing</u> <u>Jenkins</u> V. <u>Lane</u>, 977 F.2d 266, 269 (7th cir. 1992).

In this case, where the deprivation involves "any collatary features" of a Court Access system which directly involved plaintiff Access to legal knowledge, an Actual injury necessarily occurs by virtue of [the] failure to provide the level of Assistance required under Bounds. <u>citing</u> <u>Peterkin</u> V. <u>Jeffes</u>, 855 F.2d 1021, 1041 (3d cir. 1988) accord, <u>Griffin</u> V. <u>Coughlin</u>, 743 F. Supp. 1006, 1021-22 (N.D.N.Y 1990):

In this case also, the plaintiff who was denied the request of the legal document or materials which

involve of an incident date Oct. 13, 2001 pending in Court necessary to defend at court from enhancing his sentence shows prejudice. Citing Petrock V. Maynard, 11 F.3d 991, 995 (10th cir. 1993). Even damages award injuries to the quality of plaintiff life like placement in segregation or deprivation of privileges such as in this case. see plaintiff Affidavit And Amended Complaint ). Citing Waters V. Grossheim, 990 F.2d 381, 385 (8th cir. 1993).

Also, the plaintiff testimony may be sufficient evidence to establish intangible injuries like mental anguish, or injury may be inferred from the circumstances. (see Plaintiff statement, para 13.). Citing Whitley V. Seibel, 676 F.2d 245, 252 (7th cir.), cert. denied, 459 U.S. 942 (1982).

C. The right to petition government for redress of grievances is among the most precious of the liberties safeguarded by the Bill of Rights. The right of petition applies with equal force to a person's right to seek redress from all branches of government In the plaintiff context, ... inmates must be permitted free and uninhibited access to both Administrative and Judicial forums for the purpose of seeking redress of grievances against state officers. Here, the plaintiff have a first Amendment right to petition the government for redress of grievances to appeal the denials of diligent or meaningful assistance with materials for accessing the courts. Citing Franco,

854 F.2d At 588-89; HAYMES V. MONTANGE, 547 F.2d 188, 191 (2d Cir. 1976).

The defendants intentional obstruction of not providing disposition or review to Emergency and line Grievances levels 1 and 2 in the Amended Complaint deprived the plaintiff of the most precious of the liberties safeguarded by the Bill of Rights. Citing GARRETT v STRATMAN, 254 F.3d 946 (10th Cir. 2001).

Plaintiffs' right to seek redress of Grievances is precisely the sort of oppression that section 1983 is intended to remedy.

D. The plaintiff pleading are correct. For the Court Consideration of the claims. The §1983 Amended Complaint Consist of 18 paragraphs with Exhibits 1 thru '14' and in table E. of Amended Complaint which defendants have attached in their defense contradicting the denial alleged in their Answer to the Amended Complaint (see, defendants Answer to Plaintiff's Amended Complaint Dated Nov. 22, 2003 with Affirmative Defense, para. 1 Jurisdiction & nature). As matter to the factual Allegations in the Amended Complaint the plaintiff demonstrated that defendants Actions are under Color of law, depriving him of federal Rights. Citing BERG V. County of ALLEGHENY, 219 F.3d 261 (3rd Cir. 2000).

The "Mandatory language" often means words like

shall, will, or must. *Citing* Hewit v. Helms, 459 U.S. at 471; *see also,* Board of Pardons v. Allen, 482 U.S. at 378. Depending on the way the statute or regulation is phrased, word like "may" can be sufficiently mandatory to create a liberty interest, "substantive predicates" are "substantive limitations on official discretion" or "particularized standards or criteria" that guide decisionmakers. *Citing* Connecticut Bd. of Pardons v. Dumschat, 452 U.S. at 467 (Brennan, J. Concurring) quoted in Olim v. Wakinekona, 461 U.S. at 249.

The Courts have found a liberty interest when the D.O.C. regulation or policy include "shall" and a requirement that the decision "must be based on these criteria. *Citing* Culbert v. Young, 834 F.2d 624, 627-28 (7th Cir. 1987), cert. denied, 485 U.S. 990 (1988) and Staples v. Young, 679 F.Supp. 884, 885-88 (W.D. Wis. 1988).

A court added that "[N]o magic form of words is required to make a regulation mandatory" as long as it sets out criteria that are "binding", "exhaustive", and "definite". *Citing* Smith v. Shettle, 946 F.2d 1250, 1252-53 (7th Cir. 1991).

"May" language along with prison practice create an "objective expectation" of liberty interest. Accord, Mayers v. Trammell, 751 F.2d 175, 178 (6th Cir. 1984) *see* Casteel v. McCaughty, 176 Wis. 2d 571, 500 N.W. 2d 277, 282 (Wis. 1993), cert.

denied, 114 S.Ct. 327 (1993).

In this case Administrative Directives 4.4, 1.5, 2.6, 2.17, 9.6, 4.1 and 3.10 specified circumstances to take that action were defendants abusing their discretion is limited, and a liberty interest is created. SEE Plaintiff Statement, Affidavit and Amended Complaint) citing Mendoza v. Blodgett, 960 F.2d at 1431-33.

E. Eighth Amendment provides protection against prison conditions that have not resulted in past injury, but are reasonably likely to cause serious harm in the future. Citing SHAKKA v. SMITH, 71 F.3d 162 (4th cir. 1995). Inmate's Rights under Eighth Amendment may be violated by prison official's failure to prevent harm. Citing GARRETT STRATMAN, 254 F.3d 946 (10th cir. 2001).

Eighth Amendment to the U.S.C. prohibits the infliction of "cruel and unusual punishment's" on Prisoners. In this case, the defendants knew that such wanton deliberately action of reckless indifference inaction to "Assist" the plaintiff diligently or meaningfully with materials necessary as to preparation defense in Court would inflict harm to the plaintiff defense while holding a right to access the Courts where "cruel and unusual punishment", applies to prisoners treatment while in prison. Citing FARMER v. BRENNAN, 511 U.S. 825, 832 (1994); see WILSON v. SEITER, 501 U.S. 294, 297 (1991).

The Supreme Court has held that Due Process is violated when an individual has reasonably relied on Agency Regulation promulgated for his guidance or benefit, and has suffered substantially because of their violation by the Agency. (see Plaintiff Statement and Amended Complaint). Citing U.S. V. CACERES, 440 U.S. 741, 753  99. S. Ct. 1465 (1979).

f.    The plaintiff Pleading are correct for the Court Consideration of the Claims. The § 1983 Amended Complaint consist of 18 paragraphs with Exhibits '1' threw '14' and an Label E. Amended Complaint which the plaintiff demonstrated defendants Actions under color of law, depriving him of federal Right. Citing BERG V. County OF ALLEGHENY, 219 F. 3d 261 (3rd Cir. 2000).

Pro Se Complaints under 42 U.S.C. § 1983 are held to less stringent standards than formal pleadings drafted by Lawyers. Citing CRUZ V. Cardwell, (1973, CA. 8 MO) 486 F. 2d 550.

The § 1983 claims are Available for frustration of an individual Exercose of federal Rights. Citing Friedl V. City of NEW YORK, 210 F. 3d 79, 85 (2d Cir. 2000). (see Plaintiff Statement and Amended Complaint).

The Right to proceed Pro se is fundamental statatory Right that is Afforded highest degree of protection. Citing DEVINE V. INDIAN RIVER County School B.D., 121 F. 3d 576 (11±Cir. 1997).

5. The defendants participation or responsibility Are demostrated in interference with guarantee Court Access.

The plaintiff has demostrated defendants participation or responsobiloties in Statement of Claim and in the Amended Complaint And Plaintiff Affidavit. In Fact, Omissions can violate civil Roghts, and under certain Concomstances a state Action's failure to intervene renders him or her culpable under § 1983. (See Plaintiff Amended Complaint para '1' thru '18' with Exhibits '1 thru '14' in Table E. in the Amended Complaint) cityng CHAVEZ V. ILLINOIS STATE POLICE, 251 F.3d 612 (7th cir. 2001). The defendants Commissioner John Armstrong, et al being sued had been exposed to information concerning the Rosk and thus must have known About it ... Cityng FARMER V. BRENNAN, 511 U.S. 825, 837 (1994). Also, defendants John Armstrong, et al Admit that At All times referenced in the plaintiff Amended Complaint, they Acted under color of State Law PER 42 U.S.C. § 1983 (1994) As Authority or Authorization where Connecticut State Law and D.O.C. Adm. Dir. Form the basis of this Amended Complaint § 1983 which uphold Plaintiff Prisoner's Roghts under Federal State Law. cityng ALBright V. OLIVER, 510 U.S. 266 (1994).
"Acts of omission Are Actionable ... to the same extent As Acts of Comission." Prison officials "can't just

sit on your duff and not do anything "to prevent violations of rights, such as in this case. (see plaintiff statement and Amended Complaint) citing Alexander V. Perrill, 916 F.2d 1392, 1395 (9th Cir. 1990), Accord, Estelle V. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976).

The defendants, et.al. could fairly be charged with constructive notice of defective assistance procedures, citing Morgan V. WARD, 699 F.supp. 1025, 1046 (N.D.N.Y. 1988), As officials or employees with power to correct and duty to act who know, or reasonably should know, of a Constitutional violation are held liable for failing to do anything about it. citing Al-Jundi V. Mancusi, 926 F.2d 235, 240 (2d Cir. 1991), cert. denied, 112 S.Ct. 182 (1991).

6. The defendant Qualified immunity is inapplicable in this case.

Qualified immunity does not protect private parties who are acting under color of state law. see Wyatt V. Cole, 504 U.S. __, 112 S.Ct. 1829, 1833-34 (1992). Courts have held that officials who were exceeding their discretion were not entitled to immunity, Howard V. Adkison, 887 F.2d 134, 148 (8th Cir. 1989), such as in this case. (see Plaintiff statement and Amended Complaint).

The defendants subjective state of mind is not relevant to the qualified immunity defense, citing DAVIS V. SCHERER, 468 U.S. 183, 191, 104 s.ct. 3012 (1984). It only applies to officials sued in their individual capacities for money damages; it does not protect municipalities or officials sued in their official capacities, citing OWENS V. City of Independence, 445 U.S. 622, 100 S.ct 1398 (1980); P.C. V. McLaughlin, 913 F.2d 1033, 1039 (2d cir. 1990), And it does not apply to claims for injunctive relief, citing NEWMAN V. BURGIN, 930 F.2d 955, 957 (1st. cir. 1991), such as in this Amended Complaint case.

In this case state law or regulations that conform to the Constitution may help show how well established the Constitutional law is, (see plaintiff Affidavit, statement and Amended Complaint) citing, O'BRIEN V. Borough of Woodbury Heights, 679 F.Supp. 429, 435-36 (D.N.J. 1988); GREEN V. BAUVI, 792 F.supp. 928, 940 (S.D.N.Y. 1992).

Also in this case defendants As Prison official who violate regulations or state law May lose their immunity because they Are no longer performing discretionary functions., citing HOWARD V. Adkison, 887 F.2d At 140, contra, GAGNE V. City of Galveston, 805 F.2d 558, 559-60 (5th cir. 1986), cert. denied, 483 U.S. 1021 (1987).

The defendants As officials Are Also expected to use

COMMON SENSE IN ASSESSING their LEGAL Obligations. citing SEPULVEDA V. RAMIREZ, 967 F.2d At 1416.

If AN infringement of Rights is EXTREME, SWEEPING, OR OBVIOUS, those RESPONSIBLE FOR it ARE NOT IMMUNE EVEN if there is NO PRIOR FACTUALLY SIMILAR CASE. citing SCHER V. ENGELKE, 943 F.2d 921, 925 (8th CIR. 1991); Cert. denied, 112 S. Ct. 1516 (1992).; JACKSON V. ELROD 881 F.2d 441, 446 (7th CIR. 1989). BY defendants Violating clearly established LAW "of which A REASONABLE PERSON would have KNOWN"; it is NO defense that they did NOT ACTUALLY KNOW About the LAW., citing CHANDLER V. BAIRD, 926 F.2d 1037, 1060 (11th CIR. 1991). The SAME is true of defendants who follow their SUPERIORS' ORDERS OR institutional policy; they ARE NOT IMMUNE FOR Conduct clearly unlawful. citing WALTERS V. WESTERN STATE Hospital, 864 F.2d At 700; and Thornburg V. DORA, 677 F. Supp. 581, 588-89 (S.D. Ind. 1988).

This CASE Qualified immunity is inapplicable by law to Violations of statutes, and Violation of guarantee Access to the Courts and Connecticut Const. ART I § 10. citing BOUND V. SMITH, 430 U.S. 817, 821 (1977); SCOTT V. PLANTE, 691 F.2d 634 (3rd CIR. 1982).

7. The District Court has Jurisdiction in this CASE.

The Law can Also be clearly established by decisions of the Supreme Court or of the state or federal Court in the jurisdiction where the Acts occured, citing Engel v. Wendl, 921 F.2d 148, 149-50 (8th Cir. 1990); Francis v. Coughlin, 891 F.2d 43, 46 (2d. Cir. 1989). Decisions from other jurisdictions may also establish the law. citing WEBER v. DELL, 804 F.2d 796, 803-04 (2d Cir. 1986), cert. denied, 483 U.S. 1020 (1987); VASQUEZ v. Coughlin, 726 F.Supp. 466, 472 (S.D. N.Y. 1989); MASEL v. BARRETT, 707 F.Supp. 4, 8-9 (D.D.C. 1989).

In this case, there is Federal Court Jurisdiction 28 U.S.C. § 1343 (3) where defendants conduct Admitted to be under color of state Law As Complaint in this Amended Complaint § 1983 Are Liable, citing MONROE v. PAPE, 365 U.S. 167, 184, 81 S.ct. 473 (1961); Also, PARROTT v. TAYLOR, 451 U.S. 527, 101 S.ct. 1908, 1913 (1981), were defendants Conducts deprived the plaintiff of Rights, privileges, or immunities secured by the Constitution And Laws of the United States. The district Court shall have original jurisdiction of All civil Actions under the Constitution, Laws, or treaties of the United States. STATE Courts. permit suit in their Courts for violations of Prisoner Constitutional and state Law Rights And will hear Actions under 42 U.S.C. § 1986 And

Conn. Gen. Stat. § 52-471.

Wherefore, this case is Jurisdictional to the Courts were the plantiff rely's on sufficient evidence to support a Jury verdict in his favor.

## Conclusion

This case is supported by a serious of exhibits on evidence, Affodavits, some undisputed facts, exhibits and Exhausted Administration remedies.

RESPECTFULLY SUBMITTED

Luis Fernandez   Pro se
M.W.C.I.
1153 East Street south,
Suffield, CT 06080

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following defendants Attorney on this 11 day of June, 2004.
Robert F. Vacchelli, Ass. Att. Gen.,
110 Sherman Street,
Hartford, CT 06105

29 of 29

Luis Fernandez
Pro se