UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez

v.

Monica Rinaldi, et al.

PRISONER
CASE NO. 3:03CV146
(WWE)(HBF)

June 11, 2004

## PLAINTIFF'S MOTION OPPOSING STATEMENT TO DEFENDANTS' LOCAL RULE 56(A)(1) STATEMENT

The Plaintiff, Luis Fernandez, Pro Se and pursuant to Rule 56(A)(2), submits the following opposing statement disputing major facts and defendants' conceded facts in local Rule 56(A)(1) statement that would be determined at trial.

1. The plaintiff is currently in custody of the Department of Corrections of Macdougall-W.C.I. in Suffield, CT after being transferred from Cheshire C.I. in Cheshire as defendants attempt to 'moot' the injunction relief requested in the Amended Complaint.

2. The plaintiff is serving a none violent crime sentence currently were after sentence he was transferred from Walker C.I. in Suffield to Cheshire C.I. at Cheshire, CT on Nov. 9, 2001 approx. 9:00 pm Friday.

1 of 7

3. The plaintiff Amended Complaint consist of Attached Marked Exhibits '1' though '14' and in label E. Previous Lawsuits and ADM. Relief Inmate Grievances dates 8/15/02 and 8/9/02, in support of the factual paragraphs '1' threw '18'. (see Plaintiff Amended Complaint).

4. The plaintiff is <u>not</u> a threat to the Departments of Correctional in Connecticut <u>NOR</u> a safety or a security problem to a staff or an inmate.

5. The plaintiff while currently in Cheshire C.I at Cheshire, CT where since June 3, 2002 was obstructed from copy(ies) and reviewing his Master file. (see plaintiffs' Affidavit in opposition to defendants Motion for Summary Judgment).

6. The plaintiff was not provided Reasonable or adequate Meaningful Assistance with the request of copy(ies) and Reviewing his Master file on June 18, 2002. (see plaintiff Affidavit para. 4 and Amended Complaint para 3, Exhibit 2).

7. The plaintiff while exhausting Adm. Remedies requested reasonable Information of disclosable Materials that defendants failed to comply within four (4) business days. (see plaintiff Affidavit para 5,).

8. The plaintiff notified of the requested information to be privileged and the provision of reason for the requested copies from his master file falls well outside ADM. Directive 4.4 and others where Disciplinary Action can be lifted, so then the Plaintiff was able to get approval on June 20, 2002 only for viewing his master file. (see plaintiff Affidavit para. 6.).

9. The plaintiff even after being approved of only viewing his master file was not allowed for 25 days after exhausting the chain of Commands following D.O.C. Policy and submitting Inmate Grievance to enforce existing policy and procedures for viewing his master file already approved which Inmate Grievance was not provided a disposition or response. (see plaintiff Affidavit para 7.).

10. The plaintiff recieved on July 24, 2002 a letter acknowledging recept of Request which would be notifyed of process in the near future. (see plaintiff Affidavit para 8).

11. The defendants took upon thenselfs to ignore the four business days to respond an F.O.I. Request. The plaintiff Submitted an Inmate Grievance line Emergency on 8/19/02 that was rejected on 8/20/02, interfering with Access to the Courts. The plaintiff Appeal on 8/21/02 Inmate Grievance line Emergency date 8/19/02 that was rejected on 8/20/02 but no response or review was provided to the Appeal Inmate Grievance date 8/21/02.

The defendants failed to adhere Administrative Dir's nor did the plaintiff requested information that would had jeopardize the facility operations. (see plaintiff Affidavit para. 9).

12. The defendants determined to charge the plaintiff $7.50 for 30 pages of the documents requested were the plaintiff notified several other defendants regarding meaningful assistance reasonable that would allowed access to the Courts which was ignored. The defendant did not complyed with F.O.I Act and denied discretion in assisting the plaintiff access the Court. (see plaintiff Affidavit para. 10).

13. The plaintiff made further attempts to get assistance regarding the requested copies from his Master file on August 6, 2002 where 14 days after the four business days to respond F.O.I. Act request received on Sept. 5, 2002 informing him of the amount $7.50 to cover the cost of the copies requested even after already frustrating all administrative procedures and state. (see plaintiff Affidavit para. 11.).

14. The defendants had information showing the plaintiff was not able to cover the cost of the copies requested and the plaintiff provided an actual notice of the deliberate delay, indifference disclosuring under F.O.I. Act harms and prejudice his defense for trial. The plaintiff

requested the Copies of Master file threw Discovery in a Habeas Corpus Case on Dec. 20, 2002 and Neil Parille, Ass. Att. Gen. was not able to provide the original disciplinary reports because these had been misfiled. (see. Plaintiff Affidavit para. 12).

15. The plaintiff as equally situated in Connecticut State apply to the waiver of fees under Freedom of Information Act. (see. Plaintiff Affidavit para. 13).

16. The defendants made no effort in assisting the plaintiff while having discretion to do so. (see. plaintiff Affidavit para. 14.).

17. The defendant made no efforts in responding to the Actual notice submitted by the plaintiff and failed to adhere Inmate Grievances procedures and Inmate request forms that involved information regarding the copies of the plaintiff Master file documents in a pending Court Case while acknowledging of the Oct. 23, 2001 incident which at the time was pending. The defendants failed their duty to meaningfully reasonable Assist the plaintiff as a defendant while under their custody. (see. plaintiff Affidavit para. 15.). Even when knowing of or should have known the incident took place on Oct. 13, 2001.

18. The defendants failed to coordinate tracking and

ensure timely and appropriate response of the Freedom of Information Acts submitted by the Plantiff. (see Plantiff Affidavit para. 16 and Amended Complaint).

19. The defendants failed their duty under F.O.I Act and deprived the plantiff of basic needs while equally situated. (see plantiff Affidavit para. 17).

20. The plantiff Amended Complaint has been filed since the year 2003 not including the 2004 HHS Poverty Guidelines. (see plantiff Affidavit para. 18).

21. The defendants interference and obstruction of the copies from plantiff master file Impairmented the plantiff of any defense for Trial. (see plantiff Affidavit para. 19).

22. The Department of Correctional is known to deprive the plantiff of basic needs for periods of times. (see plantiff Affidavit para. 20).

23. Defendants took upon them selfs not to follow Policy or ADM. Directive 9.6 (see plantiff Affidavit para. 21 and Amended Complaint).

RESPECTFULLY SUBMITTED

_____
Luis Fernandez  Pro Se
M.W.C.I.
1153 East Street South,
Suffield, CT  06080


## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following defendants attorney on this 11 day of June, 2004.


Robert F. Vacchelli,
Ass. Attorney Gen.
110 Sherman Street,
Hartford, CT. 06105

_____
Luis Fernandez
Pro Se