UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JUN 17 P 5:19
U.S. DISTRICT COURT
BRIDGEPORT, CONN

LUIS FERNANDEZ : PRISONER
  : CASE NO. 3:03CV146
V. : (WWE)(HBF)
  :
MONICA RINALDI, et al : JUNE 11, 2004

PLAINTIFFS' AFFIDAVIT IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Luis Fernandez declares under penalty of perjury:

1. I am the plaintiff in the above-entitled case. I make this declaration in opposition to defendants' Motion for Summary Judgment as to their allegations of fact.

2. Defendants claim in their motion that there is no genuine issue as to any material fact and they are entitled to Judgment as a matter of law. In reality, there are many facts in dispute.

3. The defendants claim in their motion that at various times referenced in the plaintiff's Amended Complaint, the defendants were employed by the Connecticut Department of Correction in various positions. In fact,

1 of 18

the defendants admit that "at all time referenced in the plaintiff's Amended Complaint, they acted under Color of State Law," at all times the stated claims in this Amended Complaint arose. (See Defendants' Answer, Parties para 3, and Plaintiff Amended Complaint, A. Parties para. 2 threw 12).

4. The defendants' claim that on June 3 and again on June 13, 2002, plaintiff requested copies of his Master file. In fact, I since June 3, 2002 while in North block 1-18 cell requested defendant Counselor Beth Halleran to assist with copies of my master file where defendant Counselor Beth Halleran referred that 'I need to get an Approval First from defendant Major J.V. Hall before she provided the copies of Master file requested. (Plaintiff Amended Complaint para 1.) I following defendant Counselor Beth Halleran notified in an Inmate request form defendant Major J.V. Hall about the Master file copies needed for legal perpouses and rightfull access to be review by the Courts and Attorney which defendant Major J.V. Hall respond "I must provide what Specific Document I need for Copies". (Plaintiff Amended Complaint para 2, exhibit 1) So I on June 13, 2002 After receiving defendant Major J.V. Hall response dated 6/6/02 submitted a request informing that "is the 2nd Inmate request were it's a problem to be assisted with the proper authority following D.O.C. Policy(s) and holding on Rightfull Access of personal legal process in a deliberate

indifferent form," and defendant Major J.V. Hall responded to me on June 18, 2002 saying "we have no problem w/ assisting in your request for copies, However, you must be specific on what document you require"; which a copy of response I submitted to defendant Captain John M. Alves, (Plaintiff Amended Complaint para 3, Exhibits 2) where I was not provided or assisted with the requested copies of my master file.

5. The defendants claim that Inmates' master files are often voluminous, containing many different types of records from Mittimuses to disciplinary reports to program application records, some of which may be non-disclosable under the Connecticut Freedom of Information Act. Accordingly, plaintiff was asked to specify which records he wanted. In fact, the copies I requested from the master file were <u>not</u> voluminous as for denying copies of disclosable materials under the Connecticut Freedom of Information Act nor creates a risk to the safety or security of the D.O.C. or any other. I while exhausting administrative remedies of D.O.C. submitted a request regarding Information of disclosable materials which defendant Capt./ADM. John M. Alves acknowledge on June 12, 2002, alleging as "unclear to what specifically I am requesting copies of," (see plaintiff Amended Complaint para. 4, exhibit 3) when a carbon copy of defendant Major J.V. Hall request date June 13, 2002, (see Plaintiff Amended Complaint para. 3, Exhibit 2),

had been submitted to defendant Capt./ADM. John M. Alves. The defendant Capt./ADM. John M. Alves forward a copy of the disclosable materials under the Connecticut Freedom of Information Act to defendant Dennis C. Coyle, Deputy Commissioner dated June 12, 2002, (see Plaintiff Amended Complaint para. 4, Exhibit 3), and failed to comply with Connecticut General Statutes § 1-206 (A) states that "failure to comply with an F.O.I. request within four (4) business days shall be deem a denial (Also, see plaintiff Amended Complaint para. 5), and violated file access per ADM. Dir. 4.4 (5)(A)(see Ex A).

6. The defendants claim that Plaintiff requested to review his master file so that he could identify the documents he needed, and his request was granted on June 18, 2002. In fact, I submitted a request notifying defendants Capt./ADM. John M. Alves and Major J.V. Hall that the information requested is privileged and the provision of reason for the requested copies from my master file falls well outside the parameters of Administrative Directive 4.4 and others where Disciplinary sanctions be lifted upon them for failure not to know and understand written Dept. policy and the moral fiber and integrity to adhere to it as Captain and Major in the D.O.C. which only after I stated policy of Administrative Dir. 4.4, was I able to get the approval dated June 20, 2002 which I was only allowed to view the master file (see plaintiff Amended Complaint para. 6, Ex. 4)

4 of 18

7. The defendants claim that on July 18, 2002, after reviewing the records under supervision, plaintiff identified certain records which he wanted copied. The records involved a certain disciplinary report and related records of an October 23, 2001 incident. In fact, I was not allowed for 25 days to review my master file already approved by defendant Capt./ADM. John M. Alves since June 20, 2002. The defendants Counselor Beth Hallerin and Counselor Supervisor Unit Manager Hannah refused for 25 days to let me review the master file approved by their supervisor against policy per ADM.Dir. 2.6 Employee Discipline (10),(G),(N),(Q);(7)(C), 2.17 Employee Conduct (5)(A)(1)(13);(B)(1)(11)(14)(20)(21) and violating ADM. Dir. 4.4 Access to Inmate Information (5)(A)(C) obstructing access to the Courts (see plaintiff Amended Complaint para 7 and Exhibits A, B, C. herein). I since for 25 days had being denied to review my master file by defendants C. Beth Hallerin and C.S.U.M. Hannah. I notified defendants Counselor Supervisor Bartholomew and Lead Warden Hector Rodriguez submitted Inmate request date July 15, 2002 which respond on July 22, 2002, by Counselor Supervisor Bartholomew contradicting the Inmate request date July 15, 2002 submitted to defendant Lead Warden Hector Rodriguez who received on July 17, 2002, but response was made by defendant C.S.U.M. Hannah on 8/9/02, 18 days after the 15 days policy to respond or answer an Inmate request per violation of ADM. Dir. 9.6 (9) (plaintiff Amended Complaint para. 7, Exhibit 5 and D herein).

7. After exhausting the chain of commands following D.O.C. policy submitted an Inmate Grievance Form A, level 1 on 7/16/02 so that defendant Grievance Coordinator Ms. Ahmed intervention by enforcing of existing policy and procedures for viewing my master file already approved and that disciplinary sanction levied upon defendants Counselor Beth Hallens and Counselor Supervisor Unit Manager Hannah in violation of ADM. Dir. 2.6 and 2.17 (see plaintiff Amended Complaint para 8, Exhibit 6). The Inmate Grievance Form A, level 1 date 7/16/02, I submitted was denied of review nor an appropriate response per. ADM. Dir. 9.6 (10)(13) (see plaintiff Amended Complaint para. 8, Ex. 6 and Exhibit D. herein). The request for master file copies involved an Oct. 13, 2001 incident.

8. The defendants claim in their Motion that Plaintiff's information request under the Conn. F.O.I. Act was acknowledged on July 19, 2002 and he was told that he would receive a response in the near future. In fact, while I was in North Block 1 cell 18 at Cheshire C.I., on July 24, 2002 received under the door a letter from defendant Capt./ADM. John M. Alves who forward a copy to defendant Dept. Commissioner Dennis C. Coyle file referring to F.O.I. request date July 19, 2002 acknowledging receipt and that defendant Capt./ADM. John M. Alves office would be notifying of process in the near future of such request. (see plaintiff Amended Complaint para. 9, Ex. 7).

9. The defendants claim in their motion that plaintiff's request required document review for compliance with the Freedom of Information Act and it required a security review because the records involved a fight between plaintiff and another inmate, and the investigation of the matter. That process took time and plaintiff was updated on the status of the response to his request on July 26, 2002 and again on August 13, 2002. In fact, I on 8/13/02 had to submitt Inmate request to defendants lead Warden Hector Rodriguez and John M. Alves which only response by defendant lead Warden Hector Rodriguez, on 8/16/02 stating " to exercise a little patience," ignoring the four business days' to respond pursuant to F.O.I. Act were Conn. Gen. Stat. § 1-206 (A) states that failure to comply with an F.O.I. request within four (4) business days shall be deemed a denial and the irreparably injured by the conduct of the defendants failure to provide the requested information in compliance with laws of the state and D.O.C. policies ADM. Dir. 4.4 and 1.5 (16) (see Plaintiff Amended Complaint para. 10, Ex. 8 and Exhibit 'A' and 'E' herein). On 8/16/02 I was told in the request date 8/13/02 response by defendant lead Warden Hector Rodriguez that " Capt. Alves has advised him that he is working on the aforementioned request and will complete soon. Please exercise a little patience," which copy file to Capt. Alves submitted where date 8/16/02 is

the date of response to the request date 8/13/02. (see plaintiff Amended Complaint para. 10, Ex 8). I further filed an Inmate Grievance Form A, level 1 in lone Emergency date 8/19/02 cause of "need for prompt dispositions because the time is lapsing when meaningful action or decision is possible", which disposition on 8/20/02 as rejected. (see plaintiff Amended Complaint para. 11, Ex 9). These reasons found to reject the Inmate Grievance Form A, level 1 in lone Emergency date 8/19/02 prejudice and violate the precepts of ADM. Dir. 9.6, which is predicated by C.G.S. § 18-81 interfering with ability to meaningfully access the Courts. (see plaintiff Amended Complaint para. 11, 12 and Ex. D herein). I then submitted an Inmate Grievance Form B, level 2 and 3 on 8/21/02 appealing Inmate Grievance Form A, level 1 date 8/19/02 where no appropriate review or response disposition was provided to the Inmate Grievance Form B, level 2 and 3 as specified by ADM. Dir. 9.6. (see plaintiff Amended Complaint para. 13, Ex. 13 and Ex. D. herein). The personal information I requested included non conviction informations under privacy, neither my personal information created a risk nor safety issue that would jeopardize orderly operation of the facility were an inmate's master file shall be reviewed by a staff member for unavailable material, in accordance with Section 5(B) ADM. Dir. 4.4 and 4.1 offender records. (see Exhibits "A" and "F" herein).

8 of 18

10. The defendants claim in their Motion that Plaintiff's documents request was finally determined to consist of 30 pages. On August 19, 2002, plaintiff was notified that the cost would be $7.50 under the D.O.C. policy to charge inmates 25 cents per page for Freedom of Information requests. In fact, I was in South Block Unit 6 at Cheshire C.I. on about 8/19/02, received a letter from defendant Capt/ADM. John M. Alves, stating that "the information requested is now available, but the documents will be forwarded upon receipt of a check payable to Treasure, State of Connecticut in the amount of $7.50 (30 pages @ .25 cents per page copying fee) and submitted a copy of the letter to defendants Deputy Commissioner Dennis C. Coyle, Lead Warden Hector Rodriguez and Major J.V. Hall who did nothing regarding meaningfull assistance reasonable that would had allowed access to the Courts. (see plaintiff Amended Complaint para. 14 Ex. 10 and 'H' herein) I was not ensured a timely and appropriate response per ADM. DIR. 1.5(16) Public Information and News Media relations, (see plaintiff Exhibit 'E' herein), nor discretion under ADM. DIR. 3.10 (8)(c) (see plaintiff Amended Complaint para. 14 and Exhibits 'A' and 'G'), where "photocopying of any other materials shall normally be restricted to legal materials," and "Potocopying of any other materials shall be at the discretion and convenience of the Unit Administrator."

11. The defendants claim in their motion that Plaintiff made duplicate requests for the same material. He received consistent notification of the change involved. In fact, on August 6, 2002 I submitted a Freedom of Information Act to the defendant Deputy Commissioner Dennis C. Coyle who did not provided a response, which defendant ADM. Standards & Policy Monica Rinaldi on August 22, 2002, acknowledge the request for information and advised that "I will be contacted upon completion of this review"; (see Plaintiff Amended Complaint para. 15, ex. 11) where after 14 days approx. on September 5, 2002 did defendant ADM. Standard & Policy Monica Rinaldi response lapsing the four business days Connecticut General Statutes § 1-206(A) states that failure to comply with an F.O.I. request within four (4) business days shall be deemed a denial. (see plaintiff Amended Complaint para. 16). The defendant A.S. & P. Monica A. Rinaldi determined on 9/5/02 that "I had to forward a check made out to "Treasurer, State of Connecticut", in the amount of $7.50 to cover the cost of the copies I request. Once payment is received the document will be forwarded to me"; where as the Administrator Standard & Policy know of or should have known of the D.O.C. policy's or Directives that allows photocopies of legal materials, a timely and appropriate response is required, discretion and adequate reasonable assistance

to prisoner should be provided for accessing the Courts, (see plaintiff Amended Complaint para. 16, Ex. 12 and Exhibits 'A', 'E', 'G', 'H' herein), even after I already frustrated from exhausting all administrative procedures and state rights. (See Amended Complaint para. 17 and 18, Ex. 14 and 13).

12. The defendants claim in their motion that to Captain Alves' knowledge, plaintiff never paid the charge and never received the document. In fact, I could not pay the charge of $7.50 to the State Treasury because I had only 0.16¢ in my Trust Account as spendable balance (see plaintiff Exhibit 'I' herein). I did mailed an actual notice notarized to defendant Monica Rinaldi, Adm. Standard & Policy regarding the expressed information and disclosure of documents and/or copy(ies) (Master file) were the deliberate delay, indefference disclosing under Freedom of Information Act laws and prejudice my defense for Trial which no answer or response was provided. (see plaintiff Exhibit 'J' herein). On December 20, 2002 in a Habeas Corpus Case Docket No. CV-02-469955-S, I filed a motion to Compel Discovery granted concerning the documents requested copies of from my master file where Neil Parille, Assistant Attorney General was not able to provide the original disciplinary

report because this had been misfiled and D.O.C. allegedly were searching for it. (see Plaintiff herein Exhibit K).

13. The defendants claim in their motion that the Connecticut Freedom of Information Act allows state agencies to charge 25 cents per page for copies of public records. Fees are waived for indigent individuals, but the statute does not define indigency. In fact, The Conn. Gen. Stat. § 1-15 through 1-21., state Freedom of Information Act does waives fees if a person in this state is not able to pay the cost of production and pursuant to statue. Where I as equally situated in this state apply to be waive fees and defendants failure to comply with an F.O.I request within four (4) business days shall be deemed a denial pursuant Conn. Gen. Stat. § 1-206(A). Also (see herein Plaintiff Exhibit 'E')

14. The defendants claim in their motion that the D.O.C. charges inmates 25 cents per page for photocopies pursuant to D.O.C. Directive 3.10(8)(C). That section permits a waiver of this fee for legal materials for indigent inmates. In fact, Adm. Dir. 3.10(8)(c) specific states "photocopies of any other materials shall be at the discretion and convenience of the Unit Administrator." Which NO discretion had been consider or assistance reasonable

12 of 18

herein so I could meaningfully access the courts. (see plaintiff Exhibit H)

15. The defendants claim in their Motion that AN indigent inmate, for purpose of this rule, is an inmate with less than five dollars in his or her inmate account upon admission, or whose account has not exceeded five dollars for the previous 90 days. Legal materials, for the purpose of this rule, mean documents relating to a pending legal action involving the inmate. These definitions are contained in D.O.C. Dir. 6.10(3). Plaintiff became qualified under this directive after August 20, 2002. However, there is no evidence in this case that the records requested by plaintiff involved a pending court case, nor does plaintiff allege that he identified it as such to defendants. Consequently, this waiver is not applicable in the instant case. In fact, I did provided an Actual Notice notarized to defendant MONICA RINALDI, Inmate Grievances and Inmate Request forms which the information from the Master file involved a pending court case, (see plaintiff para.1-18 in Amended Complaint Ex. 1 through 14), Also, defendant Capt. Alves has had knowledge of the Oct. 23, 2001 incident which at the time was pending. (see defendant Affidavit of Capt. Alves para. 6, 7 and 8). The defendants had a duty to meaningfully assist me as a prisoner in providing

reasonable adequate opportunity to present, among other claims, claimed violations of fundamental Constitutional Rights to the Courts, either as a plaintiff seeking judicial relief or as a defendant opposing such relief (see plaintiff Exhibit H.) The waiver of fees should had been granted in the interest of expediency harms and prejudice.

16. The defendants claim in their motion that no incarcerated inmate is considered indigent for the purposes of calculating the fees associated with the production of documents requested under the Freedom of Information Act. In fact, the F.O.I is applicable under ADM. Dir. 1.5 public information and New Media Relations includes. copies of requests for information under the F.O.I. Act shall be forwarded to the Deputy Commissioner of field and security operations, who shall coordinate tracking and ensure timely and appropriate response Conn. Gen. Stat. Chapter 3, and Section 18-81. (see plaintiff Exhibit E herein).

17. The defendants claim in their motion that the D.O.C. takes this position because inmates are not considered to be indigent in the sense contemplated by the Freedom of Information Act due to the fact that their basic needs are provided for by the D.O.C.. In fact, ADM. Directive 1.5 public

Information and New Media Relations is part of the statutory duty of D.O.C. which defendants ignored and I was not provided with the basic needs such as reasonable adequate assistance to meaningfully access the Court while equally situated. (SEE para 1-18 in plaintiff Amended Complaint, Ex. 1 thru 14, and Exhibit E)

18. The defendants claim in their Motion that under the federal poverty guidelines, individuals are considered in poverty if their income is under $9,310.00 per year. In fact, the poverty guideline is unlike the poverty 2003 thresholds that are expected to be in final form in Sept. or Oct., 2004. This case does not includes 2004 H.H.S. Poverty Guidelines since Civil Action or Amended Complaint reflects year 2003. (see plaintiff Amended Complaint).

19. The defendants claim in their Motion that In Connecticut in 2004, the average daily cost of incarceration for inmates is $72.90 per inmate. This amounts to over $26,600.00 per year. In fact, the D.O.C. may provide information about someone who is incarcerated per ADM. Dir. 4.4, 1.5, and 4.1 which the average daily cost of Incarceration nor the amount over per year is considered for providing the "tools ... the inmate need to attack their sentences, directly

or collaterally, or in order to challenge the conditions of their confinement. Impairment of any other litigation capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." (See plaintiff Exhibits 'A', 'E', and 'F').

20. The defendants claim in their Motion that the D.O.C. provides for inmates' basic needs, regardless of their ability to pay, including food, clothing, shelter and medical care. In fact, I have been deprived of civilized standards of humane decency for substantial periods of times while under D.O.C. Custody. (See plaintiff Affidavits as Exhibits L and M herein).

21. The defendants claim in their Motion that Plaintiff filed numerous petitions concerning his document request consistent with the inmate grievance procedure available, and his petitions were addressed. In fact, the defendants out of the 6 (six) Inmate grievances I submitted only responded to the inmate grievance line Emergency date 8/19/02 were disposition date 8/20/02 as rejecting the Inmate grievance line Emergency filed and the other 5 Inmate grievances including Appeals were ignored or denied to review for no reason at all while the Inmate grievances I submitted and document request consistent with procedures.

16 of 18

Available of D.O.C. (see plaintiff Amended Complaint pam. 8, 11 & 18, Ex. 6, Ex. 9, 13, 14 and in label E. Previous Lawsuits and ADM. Relief Inmate Grievances dates 8/15/02 and 8/9/02).

22. These factual disputes cannot be resolved without a trial.

Wherefore, defendants' Motion for Summary Judgment should be denied.

RESPECTFULLY SUBMITTED

Luis Fernandez Pro Se
M. W. C. I.
1153 East St South,
Suffield, CT. 06080

I declare to the best of knowledge that the foregoing is true and correct.

June 11, 2004                                    Luis Fernandez

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following defendants Attorney on this 11 day of June, 2004.

Robert F. Vacchelli,
Ass. Attorney General
110 Sherman Street,
Hartford, CT 06105

Luis Fernandez
Pro Se