

Ex. I

T R U S T A C C O U N T S T A T E M E N T

DOC: 0000279900 Name: FERNANDEZ, LUIS DOB: 07/22/1976
LOCATION: 125-F

Max Date:

ACCOUNT BALANCES Total : 83.66 CURRENT: 83.66 HOLD: 0.00

| SUB ACCOUNT | START BALANCE 03/01/2002 | END BALANCE 09/27/2002 |
|---|---|---|
| HOLIDAY PACKAGES | 0.00 | 0.00 |
| PLRA | 81.00 | 83.50 |
| SPENDABLE BALANCE | 215.31 | 0.16 |

DEBTS AND OBLIGATIONS

| TYPE | PAYABLE | INFO NUMBER | AMOUNT OWING | AMOUNT PAID |
|---|---|---|---|---|

TRANSACTION DESCRIPTIONS -- HOLIDAY PACKAGES SUB-ACCOUNT

| DATE | TYPE | TRANSACTION DESCRIPTION | TRANSACTION AMT | BALANCE |
|---|---|---|---|---|

TRANSACTION DESCRIPTIONS -- PLRA SUB-ACCOUNT

| DATE | TYPE | TRANSACTION DESCRIPTION | TRANSACTION AMT | BALANCE |
|---|---|---|---|---|
| 04/26/2002 | DED | Deduction-PLRA-11132001 | 2.50 | 83.50 |

TRANSACTION DESCRIPTIONS -- SPENDABLE BALANCE SUB-ACCOUNT

| DATE | TYPE | TRANSACTION DESCRIPTION | TRANSACTION AMT | BALANCE |
|---|---|---|---|---|
| 03/05/2002 | CRS | CRS SAL ORD #918600 D2 | ( 14.22) | 201.09 |
| 03/11/2002 | CRS | CRS SAL ORD #930578 D2 | ( 6.73) | 194.36 |
| 03/12/2002 | CEC | CEC SAL ORD #918600 D2 | 0.73 | 195.09 |
| 03/12/2002 | CEC | CEC SAL ORD #918600 D2 | 0.52 | 195.61 |
| 03/15/2002 | CRS | CRS SAL ORD #939771 D2 | ( 38.99) | 156.62 |
| 03/18/2002 | CRS | CRS SAL ORD #943072 D2 | ( 29.23) | 127.39 |
| 03/19/2002 | WSR | Special Request - 125 | ( 36.75) | 90.64 |
| 03/20/2002 | WSR | Special Request - 125 | ( 10.00) | 80.64 |
| 03/22/2002 | WCOP | Copies 125 | ( 0.25) | 80.39 |
| 03/22/2002 | WCOP | Copies 125 | ( 1.75) | 78.64 |
| 03/26/2002 | CRS | CRS SAL ORD #959523 D2 | ( 10.69) | 67.95 |
| 04/01/2002 | CRS | CRS SAL ORD #969035 D2 | ( 9.55) | 58.40 |
| 04/02/2002 | WPOS | Postage 125 | ( 0.57) | 57.83 |
| 04/08/2002 | CRS | CRS SAL ORD #984092 D2 | ( 16.03) | 41.80 |
| 04/10/2002 | CEC | CEC SAL ORD #969035 D2 | 0.70 | 42.50 |
| 04/15/2002 | CRS | CRS SAL ORD #997148 D2 | ( 5.65) | 36.85 |
| 04/26/2002 | DMR | Mail Receipts 125 | 12.49 | 49.34 |
| 04/26/2002 | DED | Deduction-PLRA-11132001 | ( 2.50) | 46.84 |

T R U S T A C C O U N T S T A T E M E N T

DOC: 0000279900 Name: FERNANDEZ, LUIS DOB: 07/22/1976
LOCATION: 125-F

Max Date:

| DATE | TYPE | TRANSACTION DESCRIPTION | TRANSACTION AMT | BALANCE |
|---|---|---|---|---|
| 04/26/2002 | HOA | HOLD 125 PLAYBOY ENT. REFUND 278334 | ( 12.49) | 34.35 |
| 04/30/2002 | CRS | CRS SAL ORD #1025018 D2 | ( 12.92) | 21.43 |
| 05/01/2002 | CRS | CRS SAL ORD #1025995 D2 | ( 4.86) | 16.57 |
| 05/03/2002 | CRS | CRS SAL ORD #1033149 D2 | ( 13.75) | 2.82 |
| 05/06/2002 | WCOP | Copies 125 | ( 2.75) | 0.07 |
| 05/11/2002 | HOR | Remove Hold | 12.49 | 12.56 |
| 05/13/2002 | CRS | CRS SAL ORD #1050999 D2 | ( 4.42) | 8.14 |
| 05/20/2002 | CRS | CRS SAL ORD #1062575 D2 | ( 7.98) | 0.16 |

Ex. J

Luis Fernandez
ID. #279900
Cheshire C.I.
900 Highland Ave,
Cheshire, CT. 06410

Date: August 28, 2002

To:

Monica Rinaldi
Administrator: Standards & Policy,
Dept. of Correction,
24 Wolcott Hill Road,
Wethersfield, CT. 06109

RE: Freedom of In. Act.

ACTUAL NOTICE

Now Comes the Petitioner relying on facts under the Freedom of Information Act dated August 6, 2002, Administration Directive 4.4 (5)(A)(C) following the chain of command's Pursuant to rules, standards and Policy of the Dept. of Correction Proceedings' inquiring the expressed Information and Disclosure of Documents and/or copy(ies) which are being held by Depty. Commissioner Dennis C. Coyle, Lead Warden H. Rodriguez, Major J.V. Hall and Capt. John M. Alves where an immediate action is respectfully requested since this order is needed respect to Assignment for Trial.

Ms. Rinaldi, Also, be aware of the fact that this Actual NOTICE relys' under Constitutional and Institutional Law which the Deliberate delay, indifference of Disclousing the Documentes and/or Copy (ies) requested pursuant to Freedom of Information Act harms and Prejudice the Petitioner in his defense for Trial.

Respectfully Submitts,

by: ____________________

Luis Fernandez
ID.# 271200

STATE of Conn., County of Hartford, duly witnessed and/or sworn to before the undersigned NOTary on the date of:

9/4/02
DATE

____________________
NOTARY

Maria Pakalnis
NOTARY PUBLIC
My Commission
Expires 11/30/2004

____________________
EXPIERS



Ex. K

RICHARD BLUMENTHAL
ATTORNEY GENERAL

MacKenzie Hall
110 Sherman Street
Hartford, CT 06105-2294

(860) 808-5318

Office of The Attorney General
**State of Connecticut**

Tel: (860) 808-5450
Fax: (860) 808-5591

January 21, 2003

Luis Fernandez, Inmate No. 279900
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

**Re:** ***Fernandez v. Warden*, CV-02-0469955**
**Discovery**

Dear Mr. Fernandez:

Please find the enclosed discovery in compliance with the court's order dated December 20, 2002. The Department of Correction informs me that the original disciplinary report has been misfiled and they are searching for it. Once it is found, I will provide you with copies of the photographs, if there are more than the three that I have provided today.

Very truly yours,

Neil Parille

Neil Parille
Assistant Attorney General

Docket NO. CV.02-469955-S

Luis Fernandez : Superior Court

VS. : J.D. of New Haven At New Haven

Warden : Dec. 4, 2002

Filed in GE 12/20/02 (JW) clerk

# BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

## STATEMENT OF CASE

This is a Habeas Corpus case filed by a prisoner at Cheshire C.I. seeking claim for Relief, a declaratory judgment and injunctive Relief base on the denial of Procedural Due Process, depriving the plaintiff fourteenth Amendment Right to Liberty interest without Due Process of Law, wanton in regard of Arbitrary Action, and the denial of Medical evaluation and/or the necessary items of hygiene.

## STATMENT OF FACTS

On Oct. 22, 2002, the plaintiff filed a Request for production of documents pursuant to practice Book sec. 106-10 as set forth in the plaintiff's Affidavit, the defendants objected to the request of documents 1, 3, 4 and 5 (including all subparts) but does not object to filing Amendment Complaint, see plaintiff Affidavit at ¶¶ 2-3.

## ARGUMENT

## POINT I

### DEFENDANTs HAVE WAIVED their Objection BY FAILING to PRODUCE PLAINTIFF RECORD REQUESTED

The rules provide that Inmates have a Right under the United States Constitution to privacy concerning their personal information

Whalen v. Roe, 429 U.S. 589, 599 (1977); Barry v. City of New York, 712 F.2d 1554, 1559 (2d Cir. 1983) the confidentiality of inmates files is protected to a limited extent when is available only for criminal justice purposes and only to the extent necessary for the performance of duty.

It is well established that plaintiff request to produce Documents is relying on his own personal master file which the defendant Warden holds without any limits pursuant to practice Book see 23-28 Discovery in Habeas Corpus cases.

This waiver is enforced even if the objections are based on a claim of privilege. Marx v. Kelly, Hart & Halman, P.C., 929 F.2d 8, 12 (1991); Fretz v. Kehner, 109 F.R.D. 303 (D. Kan. 1986) and cases cited; Cardox Corp v. Olin Mathiesen Chemical Corp, 23 F.R.D. 27, 31 (S.D. Ill. 1958). The noncomplying party is excused from the waiver only if the Discovery is "patently improper," Godsey v. United States, 133 F.R.D. at 113, or if it "far exceeds the bounds of fair Discovery," Krewson v. City of Quincy, 120 F.R.D. at 7.

As shown in the next several points, the Discovery sought is not only proper but is highly appropriate and relevant.

## POINT II

## THE DISCOVERY SOUGHT IS RELEVANT TO THE CLAIMS AND DEFENSES IN THE CASE

Defendant's belated objections state that the Documents requested by the plaintiff are irrelevant to the Action. Their Argument is frivolous.

Pursuant to Conn. Prac. Book, Discovery in Habeas Corpus Cases, permits Discovery of matters "relevant to the subject matter involved in the pending action.... It is not ground for objection that the information sought is privileged and confidential, and the release of such information would be detrimental to the safe management of the Correctional facility or that it is not relevant to the determination of whether there is "some" evidence in the record to support the guilty finding.

Superintendent V. Hill, 472 U.S. 445 (1985). In the discovery stage, Relevance is construed "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case", Oppenheimer Fund Inc. V. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978) (Footnote omitted); Accord, Weiss V. Amoco oil Co., 142 F.R.D. 311, 315 (S.D. Iowa 1992). Discovery requests should be allowed "unless it is clear that the information sought can have no possible bearing upon the subject matter of the Action". LA Chemise Lacoste V. Alligator Co., Inc., 60 F.R.D. 164, 171 (D. Del. 1973); see Nash V. Thielke, 743 F. Supp. 130 (E.D. wis 1990) (the plaintiff was entiled to an officer's urine test results, since the officer's sobriety during the incident was an issue in the case).

Each item sought by the plaintiff is relevant to the claims and defenses in the case.

A. Documents relevant to violations of Proceedings and acknowlegement against the Plaintiff by the defendants.

Item 1, of the plaintiff's request seeks "Copies of Master file containing complete prison record of the plaintiff including not limiting the:

A) Separation issue sign by LT. S. Maylor Date 10/13/01; B) Incident Report by Captain L. Camaro Date 10/13/01, Report No. 01-1303; c) Use of Force Report Attachment A by LT. S. Maylor Date 10/13/01; D) Medical Incident Report by Tracie Lalie Robson Date 10/13/01; E) Medical Incident report date 10/13/01 of I.D. No. 279900 the Leiutenant was unable to sign; F) Information LOG by D. Duhart C.O. Date 10/13/01 page 1 of 1; G) Disciplinary Investigation Report page 1, Report No. 0110044 date 10/13/01 of Inmate Luis Fernandez I.D. 279900, housing SEG. 12 by Investigator V. Sharp and Advocate Massa date Advocate 10/16/01; H) Advocate investigation report pg. 1 by Advocate Massa, met with Advocate Date 10/23/01, Advocate Conclusion and recomendation; I) Incident Report page 2 from unit ADM. Duty officer Major Carter Date 10/13/01 sign by Brian Marwphy date 10/19/01; J) Incident report page 5, prepared by

C.O. Backiel Date 10/13/01; K) Individual reports (Attachment A use of force) by C.O. Connor Date 10/13/01; C.O. Nesta Date 10/13/01; C.O. T.A. Browne Date 10/13/01; And C.O. Robert Forgette; M) Disciplinary History of ID # 279900 by Montalvo control officer; N) And Copy of B.O.H J.M.D. FM 20 Line No # 9 Date 1/2/02, DBD CR00-0110596-S, And Item 3-4, Any and All photographs, films or video tapes of Plaintiff in relation to the events Alleged in the verified Complaint, or other documents Created in Response to such documents, since Oct. 13, 2001.

The defendants state generally in their objections that "it is not Relevant to the determination of wether there is "some" evidence in the record to support the guilty finding." Their description of the documents sought is inaccurate and their legal position is incorrect.

First, the plaintiff does not seek "personnel Records" in any general way. He has a Constitutional Right to seek documents pertaining to his Master file and Allegations made by these defendant's wether or not they are part of plaintiff records. He does not seek other matters that may be in their personnel records, such as medical data or information about their records of lateness, leaves and vacations, etc.

Second, the kind of information sought is highly relevant. The plaintiff has information that no Investigation was conducted, no witnesses were called, no evidence was submitted or medical evaluation was Conducted, and that nothing was done about it. Evidence to that effect would be highly relevant to the claim of supervisory wanton and reckless against defendant LT. Corriveau, LT. S. Maylor, Unit ADM Duty officer Major Carter, LT. Deminian, Lead Warden Brian K. Murphy, set out in paragraphs 7, 8, 9, 17, 18, 19, 20, 21, 23, 24 and 27 of the Complaint. See Parrish v. Luckie, 963, F.2d 201, 205-06 (8th Cir. 1992); Foley v. City of lowell, Mass., 948 F.2d 10, 14-16 (1st Cir. 1991); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 572-75 (1st Cir. 1989); Fletcher v O'Donnell, 867 F.2d 791, 794 (3d Cir. 1989). This evidence may also support the claims against the officers themselves. The Plaintiff Master file supports the guilty finding of "some evidence in the record"; Superintendent

v. Hill, 472 U.S. 445 (1985), were Immediate disclosure is necessary because record can be tampered with or even disappear. However, several courts have been admitted prior incidents of abuse by prison or law enforcement personnel as relevant to "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." See. Ismail v. Cohen, 899 F.2d 183, 188-89 (2d cir. 1990); United States v. Dise, 763 F.2d 586, 592 (3d cir 1985); Sharpe v. City of Lewisburg, Tenn., 677 F. Supp. 1362, 1365 (M.D. Tenn. 1988); see Hayden v. Maldonado, 110 F.R.D. 157, 159 (N.D.N.Y 1986) (evidence of other incidents could refute a claim that the defendants were "calm men" who would not assault anyone).

For these reasons the material sought is relevant and should be produced.

Item 5 of the plaintiff's request seeks "records regarding the training received by each state employee individual both prior to and during his/her employment within or with the Dept. of Correctional named as a defendant in this verified complaint."

This kind of information sought is highly relevant were defendants have/had the exposure of incident reports including medical to adhere to regulations. See United States v. Irvine, 699 F.2d 43 (1st cir. 1983). The supervisory of officers training received it may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

## Conclusion

For the forgoing reasons, the Court should grant Plaintiff's Motion to Compel Discovery.

Date: Dec. 4, 2002

Luis Fernandez
900 Highland Ave.
Cheshire, CT 06410

CHESHIRE CORRECTIONAL INS.
900 highland Ave.
Cheshire, CT 06410

Neil Parille
Assistant Attorney General
Juris No. 416311
110 Sherman Street,
Hartford, CT 06105

Date: 1/14/03

RE: Luis Fernandez vs. Warden
Docket No. CV02-0469955-S

NOTICE

The Plaintiff Respectfully request pursuant to Honorable RICHARD GILARDI order Granting Request For Production of Documents which Defendant (s) or Counsel Representing need to comply with the Court's Order at this very moment.

Very Truly,

Luis Fernandez
Plaintiff

C.C./File