

Ex. L

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUIS FERNANDEZ                :     PRISONER
                              :     Case No. 3:03CV583
V.                            :     (JCH)(HBF)
                              :
JOHN ARMSTRONG, et al         :     April 16, 2004

## PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Luis Fernandez declares under penalty of perjury

1. I am the plaintiff in the above-entitled case. I make this declaration in opposition to defendants' motion for summary judgment as to their allegations of fact.

2. Defendants claim in their motion that there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law. In reality, there are many facts in dispute.

3. The defendants claim in their motion that the plaintiff was a frequent user of the resource center at the Cheshire Correctional Ins. in Cheshire, CT. In fact, I was denied photocopies of legal documents on 7-23-02 that led to the filing of Emergency grievance level 1 under Adm. Dir. 9.6,

1 of 8

SEE Amended Complaint Attached marked Ex. 'C', but since NO review or remedy was provided to this level 1 grievance I submitted a level 2 on 7-27-02 under ADM. Dir. 9.6 SEE Amended Complaint Attached marked Exhibit 'D' and again staff ignored to respond the level 2 Emergency Grievance nor provided a reason for not responding. I had prior to July 16, 2002 requested Assistance for library access with Inmates V. outlaw #116051 and M. Page #106481 who were assisted and I was not while equally situated. SEE Amended Complaint Attached marked Exhibit 'E' Grievance level 1 per ADM. Dir. 9.6, but no disposition was provided so I following policy or ADM. Dir. 9.6, submitted a level 2 Grievance on 9-6-02, SEE Amended Complaint Exhibit 'F' Attached marked which NO response was provided. Even, if I was moved from unit North Blocks to South Block defendants continued to obstruct and place barriers in assistance to the library for accessing the Courts, SEE Amended Complaint Exhibit 'G' Grievance level 1 date Oct. 8, 2002. The defendants did not provided a disposition to Grievance level 1 date Oct. 8, 2002 which I filed a level 2 Grievance per ADM. Dir. 9.6, date Nov. 8, 2002 were NO respond was provided as well. SEE Amended Complaint Exhibit 'H' Attached marked. I did further notified the defendants of the deadline received on Oct 16, 2002 dated Oct. 11, 2002 for filing brief and even so NO adequate or meaningful assistance was provided NOR Considered an Emergency Access Approval were on 10-29-02 I submitted an Emergency grievance level 1 per. ADM. Dir. 9.6, complaining SEE Amended Complaint Attached marked Exhibit 'K' NO

2 of 8

response NOR disposition was provided to correct the problem so I on Nov. 5, 2002 submitted the next level which is a level 2 Emergency Grievance were NO disposition was provided SEE Amended Complaint Attached Marked Exhibit 'L'. Also, defendants Mr Roby was notified of my deadline and Pro Se status in direct Appeal. SEE Amended Complaint Exhibits 'M', 'N' And 'O' Attached Marked. I did mailed a letter notifying of the obstructions and barriers for accessing the Courts were Supervisory Assistant State's Attorney Susan C. Marks responded and forwarded the same to Dept. Chief Clerk Michele T. Angers on August 6, 2002 SEE Amended Complaint Attached Exhibit 'P' Marked. Moreover D.O.C. staffs were notified as the obstructions and barriers placed against Me for accessing the Courts. SEE Amended Complaint Attached Marked Exhibit 'Q' and 'R' showing NO investigation was issued. I made all the efforts to get meaningful Assistance or adequate Assistance in Accessing the library or Resource Center but it was A continues obstruction and abuse of Authority barring the Access to the Courts that even policy or ADM Directives were being violated to obstruct Access to the Courts. SEE Amended Complaint Attached Marked Exhibit 'A'.

4. I was moved from housing unit North Block 1 on August 12, 2002 to South Block 6 And from South Block 6 on Oct. 16, 2002 to South Block 1 were each unit has a different schedule some even with only

3 of 8

2 days of library or Resource Center. Also, every time I was moved from a unit my name could be called but since I was <u>no</u>' longer in the unit I could <u>not</u> go to the library. Where defendants claim of the Plaintiff's housing unit typically was eligible to use the Resource Center 4 days per week is Contradictive

5. The defendants claim that the Plaintiff could use the typewriter whenever he was in the Resource Center if it was not being used by another inmate. In fact, if the Administered process was not being delayed or obstructed by the defendant Candace Hall then I could had have used one of the 3 good typewriters in the library or Resource Center. <u>See</u> Amended Complaint Attached Marked Exhibits `E`, `F`, `G`, `H`, `K`, `L` and `A`.

6. The defendants claim that typewriters were also available in other parts of the prison from time to time for inmate use. In fact, the unit North block `1` has <u>no</u> typewriter or was <u>not</u> even provided to help meet Court deadline or access to the Courts while I was in this unit North Block `1`. On August 12, 2002 to South Block 6 were there was <u>NO</u> typewrit as to Access the Courts. (<u>see</u> Exhibit `1` Attached herein Marked.) The South Block 1 typewriter had been broken and the new typewriter was received after the deadline on 11/27/02.

4 of 8

7. The defendants claim in their motion that the Plaintiff signed up to use the Resource Center as often as he could and the defendant Hall approved his access and use of typewriters as often as she could, and she recollects seeing him about every week, often several times a week. In fact, is not disputed the attempts I made to get in the library but is just that even if I am in the library list and defendant Hall does not calls for me I cannot go to the library. Lets assume she defendant Hall calls me to the library but the call was made 10 or 5 minuets after the other units had been called I was not going to be able and use 1 of the 3 (three) typewriters with legal marking or the (fourth) 4th typewriter working do to the other inmates whom as me are required meaningful assistance.

8. The defendants claim in their motion that Plaintiff' material was copied and mailed in accordance with D.O.C. Directive 3.10, 10.7 and 6.10. In fact, the defendants ignored to provide review or disposition to the Grievances filed submitted including Emergency Grievances regarding ADM. 3.10, 10.7 and 6.10 were I had requested assistance pursuant policy an Adm. Directive 9.6, since I had been denied photocopies and legal envelopes where if acted a Unit Administrator or designee could have provided meaningful adequate assistance in photocopies and postage. SEE in needed

5 of 8

Complaint Attached marked Exhibits "A", "C", "D", "E", "G" "I", "J", "K", "L", "S" And "T" Grievances filed, some unanswered, others denied As sufficient Exhaustion.

9. Defendants claim in their motion that the Plaintiff filed many grievances on these points and others, And his grievances were ruled upon. In fact, I submitted 12 grievances including Emergency were According to ADM. Dir. 9.6 (10) I may file a grievance if informal resolution has not resolved the problem and Emergency Grievance are processed by expedited methods to resolve An issue which presents (1) A threat of death or injury; (2) A threat of disruption of facility operations; OR (3) A need for prompt disposition because the time is lapsing when meaningful action or decision is possible. The Grievances submitted including Emergency Grievances that no timely response to A level 1 was received I filed A level 2 Appeal As exhaustion of Remedy According to ADM. Dir. 9.6 (16). SEE Exhibit "2" Inmate Administrative Remedies 9.6. And Exhibit 3 defendants Answer to Plaintiff First Request for Admission paragr. (2).

10. Defendants claim that the case which plaintiff Alleges was dismissed due to his lack of resources was An Asset Forfeiture Case. In fact, the case dismissed was do to All the obstructions and barriers placed by the defendants, I was Pro Se in this Asset Forfeiture direct Appeal at the

6 of 8

Appellate Court.

11. Defendants claim that Inmate Legal Assistance Program ("ILAP") which provides civil legal assistance to inmates in all D.O.C. facilities. In fact, I was told by Inmate Legal Assistance Program that they cannot assist me. Further, since in new civil proceeding asset forfeiture cases derive from criminal I.L.A.P. is ban from assisting inmates. <u>See</u> Ex 4. Attached herein.

12. These factual disputes cannot be resolved without a trial.

Wherefore, defendants' motion for summary judgment should be denied.

RESPECTFULLY SUBMITTED

_____
Luis Fernandez   Pro Se
M.W.C.I.
1153 East St. South,
Suffield, CT 06080

I declare to the best of knowledge that the foregoing is true and correct.

April 16, 2004.

_____
Luis Fernandez
Pro Se

7 of 8

# CERTIFICATION

I hereby Certify that a Copy of the foregoing was mailed to the following defendants Attorney on this 16 day of April, 2004.

Robert F. Vacchelli,
Ass. Attorney General
110 Sherman street,
Hartford, CT 06105

_Luis Fernandez_
Pro SE