

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez              :           PRISONER
                            :           Civil No. 3:02 CV 2252
V.                          :                  (CFD) (WIG)
                            :
John Armstrong, et al       :           May 14, 2004

## PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Luis Fernandez, declare under penalty of perjury:

1. I am the plaintiff in the above-entitled case. I make this declaration in opposition to defendant's Motion For Summary Judgment as to their allegations of no genuine issue as to any material fact.

2. Defendants claim in their motion that there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law. In reality, there are many facts in dispute.

3. The defendants claim in their motion that in 2002, Mr. Fernandez made many requests for free hygiene products and mail and his requests were addressed. In fact, I went without

1 of 8

hygiene products which the D.O.C. is required to provide in form of carepackage see Attached marked Exhibit 'B' undisputed in the Amended Complaint showing the Actual copy of a carepackage items of hygiene. My mail was continuously interfered with and the requests submitted were not being honored which I filed line Grievance level 1 on 8/17/02 Attached marked Exhibit 'A' undisputed in the Amended Complaint disposition denying remedy the Grievance level 1 for the necessary basic elements of hygiene Appealed on 9/17/02 do to the violation of percepts set forth by ADM. Dir. 9.6, in the Amended Complaint Attached marked Exhibit 'K' undisputed also showing the failure to respond to the Inmate Grievance Form B, level 2 and 3, Appeal As specified by ADM. Dir. 9.6.

4) The defendants claim that Indigent inmates were eligible for a minimum of free mailing plus Additional Correspondence to Courts As reasonably needed, and free toothbrushes, toothpaste or tooth powder, soap, shampoo, comb, disposable razor, and sanitary napkins/tampons As Appropriate. In fact, Administrative Dir. 10.7 (4)(D) states ", Additional free Correspondence to Courts And Attorney's May be Authorized by the Unit Administrator based upon the reasonable needs of the inmate.", and ADM. Dir. 6.10 (24)(B) states issued items shall not be removed as punishment Attached marked As exhibit 'I' ADM. Dir. 6.10 sec. 24 (B) page 7 of 13 and in the Complaint Ex. 'O' undisputed.

2 of 8

5. The defendants claim that an Indigent inmate is one who has less that $5.00 in his or her inmate account at admission, or whose account has not exceeded $5.00 for the previous 90 days. In fact, Indigency is calculated through a computer program at inmate accounts which an inmate can become Indigent according to the proper time frame calculated by the software program utilized by D.O.C. staff Attach marked Ex '2' Memorandum from Counselor Hallenan, I have had in inmates account .16 & Indigent since 5/20/02 Attached marked Exhibit 'F' undisputed in the Amended Complaint showing trust account statement date 8/14/02 acknowledge sign by defendant Grievance Coordinator AHMED.

6. The defendants claim that the Plaintiff did not qualify as an indigent under Dept. of Corrections Directives until on and after August 20, 2002, due to the fact that he had funds in his inmate account in excess of the level required for indigency status. In fact, I held in the inmate trust account statement $0.00 (zero) Account balance total, .16 & Spendable balance and P.L.R.A. holding $83.66 which I could not spend Attached marked Ex '3' Trust Account Statement date 8/14/02 and in the Amended Complaint Exhibit 'F' undisputed. Showing I had been without funds before August 20, 2002 nor exceeded the level require for indigent.

7. The defendants claim that Records of the Department of Correction show that he Received free hygiene items and mail after August 20, 2002, and in some cases in advance of that date. In fact, I only received a carepackage on August 14, 2002, <u>see</u> Attached marked Exhibit 'F' undisputed in the Amended Complaint, which defendants did <u>not</u> record in the Department of Correction records <u>nor</u> did the alleged Records of the Department of Correction can confirm in its totality if a D.O.C staff actually provided a carepackage or free hygiene items and mail after August 20, 2002 or that in some cases in advance of that date alleged.

8. Defendants claim that documents in this case show that plaintiff received a free hygiene "care" package on August 14, 2002, containing the free products under Directive 6.10 (24), and 5 free legal mail on 8/22/02 and 2 free social mail on August 29, 2002 plus soap. In fact, I had to submit a line of Grievance on 8/7/02 regarding deprivation of basic elements of hygiene items Attached marked Ex. 'A' undisputed in Amended Complaint were 7 day's after defendant Grievance Coordinator Ahmed came to Unit 6 cell 03 acknowledging I was not given reasonable opportunity to shower, or brush my teeth for Approx. 2 weeks and more while in north Block 1 cell 18 which defendant Grievance Coordinator Ahmed said "I

4 of 8

cannot be deprived from basic elements of hygiene or any other while at any D.O.C. in Connecticut since the Account Reflex 0.16¢ And plus 90 days have passed which Am Consider indigent," before giving me a carepackage which contained an 8 ½ cm toothpaste, a 1.5 FL OZ (42.5 ML) deodorant, 2 (two) inch Antibacterial deodorant hand Soap, a shampoo & body bath product 2 FL OZ (56 ML), four (4) sanitary napkins And a soft toothbrush, see in Amended Complaint Exhibit 'B' undisputed showing Actual copy of a hygiene carepackage and herein Attached marked Exhibit "4", where NO social envelope or legal envelopes was provided which I submitted a lone Emergency Inmate Grievance Form A, level 1 date 8/19/02 Attached marked Exhibit 'G' undisputed in Amended Complaint as inference towards the wanton and reckless denial of basic elements of hygiene items and the deprivation of privileged postage and non privileged postage.

9. The defendants claim that In this same time period, the Department of Corrections provided for inmates' basic needs, regardless of an inmate's ability to pay, including food, clothing, shelter and Medical care. In fact, I was not able to pay or buy the basic elements of hygiene for approx 4 months and more which I filed Grievances regarding the need to be provided

5 of 8

with the implements to keep clean and adequate opportunity to shower, wash, brush my teeth and shave where the Department of Correction was aware and failed to reasonably nor adequately provided with the hygiene items so I could shower or keep a clean hygiene see Attached Marked Exhibit's "A", "K", "G", And "L" undisputed in the Amended Complaint showing Grievances submitted.

10. The defendants claim that records of the Department of Correction show that plaintiff filed grievances on these points, and his grievances were ruled upon on their merits. In fact, I submitted on 8-7-02 line Grievance Form A, level 1 regarding deprivation of human need Attached Marked in the Amended Complaint as Exhibit "A" undisputed which ruled on disposition denied the remedy requested so I Appealed the disposition denied decision on 9/17/02 to an Inmate Grievance Form B, levels 2 and 3 Attached Marked in the Amended Complaint as exhibit "K" undisputed were no ruled was entered nor disposition decision on any merit. Also, I submitted on 8/19/02 a line Emergency Inmate Grievance Form A, level 1 regarding wanton and reckless denial of basic elements of hygiene items and the deprivation of privileged postage and nonprivileged postage to indigent inmate "Luis Fernandez", this writer Attached Marked in

6 of 8

the Amended Complaint as exhibit 'G' undisputed which ruled or disposition REJECTED the remedy requested so I Appealed the desposition REJECTED decision on 8/23/02 to an Inmate Grievance Form B, levels 2 and 3 Attached marked in the Amended Complaint as Exhibit 'C' undisputed were no ruled was entered nor disposition decision on any merit. Furthermore, the Department of Correction show NO records of these Grievances submitted as it can be provided with Attachment D) Inmate Grievance Procedure, Grievance Log Attached marked as Exhibit '5' herein show the Actual Form CN 9604 which defendant left out and defendant Affidavit of Major Jonathan Hall date April 27, 2004 Exhibit B fails to provide.

11. The defendants claim that In Connecticut, there is an Inmate Legal Assistance Program ("LAP") which provides civil legal assistance to inmates in All D.O.C. facilities. Conn. Gen. Stat. § 18-81. In fact, I.L.A.P.'s contract strictly limits I.L.A.P. to giving Advice on civil legal issues and procedures nor can assist with an interpetute in this case which I have requested the Court to consider for Appointing Representation in this case, see Plaintiff Renew Motion for Appointment of Counsel. date May 14, 2004.

12. These factual disputes cannot be resolved without a trial.

Wherefore, defendants' Motion for Summary Judgment should be denied.

RESPECTFULLY SUBMITTED

Luis Fernandez  Pro Se
M.W.C.I
1153 East St. South,
Suffield, CT 06080

I declare to the best of knowledge that the foregoing is true and correct.

May 14, 2004

Luis Fernandez
Pro Se

CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following defendants Attorney on this 14 day of May, 2004.
Robert F. Vacchelli,
Ass. Att. Gen.
110 Sherman Street, Hartford, CT 06105

Luis Fernandez

8 of 8