

Ex 1

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE | OF |
|---|---|---|---|
| 6.10 | September 25, 2000 | 7 | 13 |
| TITLE | | | |
| Inmate Property | | | |

designated wall space per inmate, shall be permitted to display pictures or wall decorations. Nothing attached to a wall shall mar or deface the wall. Neither nudity nor sexually explicit pictures shall be displayed anywhere in the facility (e.g., walls, in lockers). In all restrictive housing units, inmates shall not be permitted to display pictures or wall decorations.

23. **Confiscation of Property Items.** Possession of excessive quantities as defined by this Directive, unauthorized use of an allowable item, or creating a nuisance such as playing a radio, cassette player or television too loudly or during time such items may not be used, shall be cause for confiscation. Confiscation shall require that a Disciplinary Report be issued in accordance with Administrative Directive 9.5, Code of Penal Discipline. A receipt shall be given for any item confiscated. A copy of the Disciplinary Report may serve as the inmate's receipt. The item may be confiscated pending disposition of the Disciplinary Report. If an inmate is found guilty such items may be disposed of as specified in Section 28.

24. **State Issued Items.** Each inmate shall be provided state issued clothing, footwear, and linen in accordance with the Inmate Property Matrix (Attachment A).

    A. In addition, an indigent inmate as defined in Section 3, shall, when needed, be provided only the following items: (1) toothbrush; (2) toothpaste or toothpowder; (3) soap; (4) shampoo; (5) comb; (6) disposable razor, (7) sanitary napkins/tampons as appropriate; and (8) five (5) stamped envelopes monthly.
    B. State issued items shall not be removed as punishment. However, any item may be removed or restricted for legitimate health, safety or security reasons.
    C. All uniforms provided for work assignments by a facility shall be used only for the purposes intended and shall not be counted as part of the totals in the Inmate Property Matrix (Attachment A). However, work uniforms shall be limited to the amount necessary for the work assignment.

    Whether property is inmate owned or state issued, the total amount in the inmate's possession shall not exceed the maximum amount allowed in accordance with Section 16 and Attachment A.

25. **Inter-Facility Transfers.** When an inmate is transferred from one facility to another, the following procedures shall be observed:

    A. **Inventory and Packing.** Each inmate shall be provided with a maximum of five (5) container(s) to pack the inmate's own property. Inmates shall bring it to a designated area for inventory by an assigned employee. Exceptions to this procedure may be authorized by the Shift Commander when: (1) the inmate's behavior or physical condition prevents the inmate from packing; (2) the inmate has been transferred from court without returning to the facility; or (3) an inmate is moved to a restrictive housing or Level 4 Close Custody unit where authorized property is



# Memorandum



**To:** Fernandez, Luis #279900

**CC:** Major Farrell

**From:** Counselor Halleran

**Date:** 08/16/02

**Re:** Envelopes

---



I am in receipt of your letter to Major Farrell and am responding to same.
Counseling Supervisor Bartholomew as well as myself, are correct in our communication to you with regard to envelopes. As previously discussed with you when you were housed in North Block 1, indigency is calculated through a computer program at inmate accounts – and, as you can see from the attached summary sheet of your account from July, you were not determined to be indigent on the particular day that this report was run. As this status may fluctuate on your account based upon monies received by you, you may then become indigent according to the proper time frame calculated by the software program utilized by DOC staff. This counselor issued three (3) manilla envelopes for legal purposes to you on 7-2-02 and two (2) envelopes for social purposes (as you requested in my office) on 7/9/02. These were given to you at that time as your account was deemed to be indigent. As you are well aware, each time you entered my office during an open door session, your account balance was checked by me, to verify indigency.

I trust this clarifies the issue for you.

1



Ex. 3

```
08/14/2002 09:03            DEPARTMENT OF CORRECTIONS            Page    1 Of    5
CHE106                   CONNECTICUT DEPARTMENT OF CORRECTION              OTRTASTA
                     T R U S T   A C C O U N T   S T A T E M E N T      4.10.0.0.9 TR
```

DOC: 0000279900    Name: FERNANDEZ, LUIS                            DOB: 07/22/1976
LOCATION: 125-F

                                                          Max Date:
ACCOUNT BALANCES  Total :       83.66    CURRENT:    83.66   HOLD:       0.00

                           10/31/2000        08/14/2002
SUB ACCOUNT              START BALANCE      END BALANCE
HOLIDAY PACKAGES              0.00             0.00
PLRA                          0.00            83.50
SPENDABLE BALANCE             0.00             0.16

                         DEBTS AND OBLIGATIONS
TYPE      PAYABLE                    INFO NUMBER       AMOUNT OWING    AMOUNT PAID


              TRANSACTION DESCRIPTIONS --        HOLIDAY PACKAGES  SUB-ACCOUNT
DATE          TYPE      TRANSACTION DESCRIPTION     TRANSACTION AMT        BALANCE
12/21/2000    HPK       Holiday Package  123                  34.00         34.00
12/26/2000    CHPK      CHPK SAL ORD #162952               (  34.00)         0.00

              TRANSACTION DESCRIPTIONS --                     PLRA  SUB-ACCOUNT
DATE          TYPE      TRANSACTION DESCRIPTION     TRANSACTION AMT        BALANCE
01/04/2002    DED       Deduction-PLRA-11132001               81.00         81.00
04/26/2002    DED       Deduction-PLRA-11132001                2.50         83.50

              TRANSACTION DESCRIPTIONS --        SPENDABLE BALANCE  SUB-ACCOUNT
DATE          TYPE      TRANSACTION DESCRIPTION     TRANSACTION AMT        BALANCE
11/30/2000    DMR       Mail Receipts  54103  123             40.00         40.00
12/05/2000    CRS       CRS SAL ORD #140983 D2             (  32.07)         7.93
12/12/2000    CRS       CRS SAL ORD #149396 D2             (   6.63)         1.30
12/19/2000    CRS       CRS SAL ORD #156824 D2             (   0.89)         0.41
12/26/2000    CEC       CEC SAL ORD #140983 D2                 1.40          1.81
01/10/2001    CRS       CRS SAL ORD #179768 D2             (   1.81)         0.00
01/16/2001    DMR       Mail Receipts  55128  123             50.00         50.00
01/16/2001    CRS       CRS SAL ORD #186095 D2             (  40.59)         9.41
01/17/2001    CRS       CRS SAL ORD #186675 D2             (   4.93)         4.48
01/24/2001    CRS       CRS SAL ORD #196993 D2             (   4.39)         0.09
02/09/2001    DSP       Inmate State Pay  123   020601         5.25          5.34
02/14/2001    CRS       CRS SAL ORD #223987 D2             (   5.12)         0.22
02/15/2001    DSP       Inmate State Pay  123   021301         5.25          5.47
02/20/2001    DMR       Mail Receipts  055935  123            60.00         65.47
02/21/2001    CRS       CRS SAL ORD #231945 D2             (   3.92)        61.55







Ex 5

Case 3:03-cv-00146-WWE    Document 35-11    Filed 06/17/2004    Page 9 of 10

ATTACHMENT D
CN 9604

| YEAR _____ | INMATE GRIEVANCE PROCEDURE | STATE OF CONNECTICUT |
|---|---|---|
| LCTR No. _____ | GRIEVANCE LOG: [ ] LINE  [ ] MEDICAL | DEPT. OF CORRECTION |
| PAGE _____ | GC _____ | UNIT _____ |

reverse side of this log may be used for additional comments on individual grievances.

(grievance log form with 10 blank entry rows, each containing L1, L2, L3, and T fields)