# EXHIBIT B

DEC 23 2002

Docket No. CV02- 469955-S

Luis Fernandez

vs.

: Superior Court

: J.D. of New Haven
At New Haven

: Dec. 4, 2002

LT. Corrivean,
LT. S. Maylor,
Counselor (Advocate) Maesa,
C/o (Advocate) Derota,
Investigator c/o V. Sharp,
D.H.O. Meulemans,
LT. Deminian,
Unit Administrator Duty officer Major Canter,
Lead Warden Brian K. Murphy,
C/o P. Christie,
W. R. S. M. U., 1151 East st., Suffield, CT. 06078

## WRIT OF HABEAS CORPUS AMENDED
## VERIFIED COMPLAINT

I Luis Fernandez, do hereby state that the foregoing statement is true under the penalty of perjury.

## JURISDICTION

1. The court holds jurisdiction over the petition of Redress of his grievance pursuant to Conn. Gen. Stat. 52-471; and pursuant to the petitioner claim violation of Due Process fourteeth Amend and Rights to procedural Due Process while housed at the Dept. of Correctional At 1151 East street, suffield, CT 06078.

2. The petitioner further holds that the Court has jurisdiction over the petitioner claims on violation of the Dept. regulations.

3. The petitioner Luis Fernandez is and at all times mention herein the complaint was a resident of the state of Connecticut Dept. of Corrections thereat W.S.M.U. facility.

4. The state Dept. of Correction Lead Warden Brian K. Murphy is a duly Appointed Acting Warden of the Above or the Above named State Dept. of Correction's W.R.S.M.U., Soffield, CT

## FACTS

5. The petitioner has a Liberty interest that cannot be taken away without first receiving Due Process which is usually satisfied through notice and a hearing taking the form of a full-blown trial that must be overcome by a finding of guilty beyond a reasonable doubt. The D.O.C. response to the minimal Due Process requirements required by the fourteenth Amendment of the U.S.C. by creating the Code of Penal Discipline found in D.O.C. Administrative Directive 9.5, Attached and Marked as exhibit _____ incorporated herein is a copy of pg 1 of 19 sec. 1 showing the policy of the Dept. of Correction.

6. On or About Oct. 13, 2001 (Saturday) the petitioner was assaulted by Another Inmate and says that no investigation was conducted or given an opportunity to call witnesses or present evidence at the Disciplinary Hearing on Oct. 25, 2001 denying Procedural Due Process Attached and Marked as exhibit _____ incorporated herein is a copy of the Code of Penal Discipline ADM. DIR. 9.5 pg 13 of 19 sec. 27 showing that under Procedural Due Process An inmate facing Prison Disciplinary Proceeding should be Allowed to call witness(es) and present Documentary evidence in his defense when permitting him to do so will not unduly In order to institutional safety or Correc goals.

| State of Connecticut Department of Correction | DIRECTIVE NUMBER 9.5 | EFFECTIVE DATE March 15, 1999 | PAGE 1 OF 19 |
|---|---|---|---|
| ADMINISTRATIVE DIRECTIVE | SUPERSEDES: Code of Penal Discipline - 2/16/98 | | |
| APPROVED BY 2/23/99 | TITLE: Code of Penal Discipline | | |

1.  **Policy.** Inmates shall be held to the same level of individual responsibility as a member of the free public. As such, all privileges shall be earned and retained through positive performance and respect for rules, order and authority. Consistent with this policy, the Department of Correction shall provide for the orderly conduct of inmates by establishing rules of conduct and procedures to address misconduct. The Code of Penal Discipline shall establish acts of misconduct, the process for judging allegations of misconduct, and sanctions for violations. Disciplinary action shall be based on credible evidence of misconduct, and shall be timely, impartial and consistent. Sanctions shall be proportionate to the seriousness of the offense and the inmate's disciplinary record, and the disciplinary action shall serve to teach the offender the consequence of the misconduct and to enforce staff authority.

2.  **Authority and Reference.**

    A.  Connecticut General Statutes, Sections 18-7, 18-7a, 18-81, 18-98b through 18-98d.
    B.  Connecticut General Assembly, Public Act 98-38.
    C.  American Correctional Association Standards for the Administration of Correctional Agencies, June 1979, Standard 39.
    D.  American Correctional Association, Standards for the Administration of Adult Correctional Institutions, Third Edition, January 1990, Standards 3-4214 through 3-4236, 3-4240 and 3-4243.
    E.  American Correctional Association, Standards for Adult Local Detention Facilities, Third Edition, March 1991, Standards 3-ALDF-3C-01 through 3-ALDF-3C-22.
    F.  Administrative Directives 1.3, Administrative Directives, Manuals, Forms Management and Post Orders; 6.6, Reporting of Incidents; 6.14, Security Risk Groups; and 9.4, Restrictive Status.

3.  **Definitions.** For the purposes stated herein, the following definitions apply:

    A.  **Accessory.** Assisting a person to commit an act prohibited under this Code.
    B.  **Attempt.** Conduct which is likely to result in an act prohibited by this Code.
    C.  **Conspiracy.** Agreeing with one or more persons to participate in an act prohibited by this Code and any one of those persons acts in furtherance of the conspiracy.
    D.  **Continuance.** Adjournment of a hearing until another time.
    E.  **Contraband.** Anything not authorized to be in an inmate's possession or anything used in an unauthorized or prohibited manner.
    F.  **Dangerous Instrument.** A weapon, or any other unauthorized object or substance, which may cause physical injury or death, under the circumstances in which it is possessed, used or attempted or threatened to be used, or is capable of being used.

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE OF | |
|---|---|---|---|
| 9.5 | February 16, 1998 | 13 | 19 |

| TITLE | |
|---|---|
| | Code of Penal Discipline |

Disciplinary Report. The investigation shall be initiated within the next business day following the time the Disciplinary Report is issued. The Investigator shall report the results of the investigation on the Disciplinary Investigation Report.

The Investigator shall prepare a hearing docket and ensure that a Report is brought to hearing in accordance with the time frames established in Section 31(A) of the Code and shall ensure that the inmate, any witnesses, the Advocate and evidence along with appropriate forms are available at the scheduled hearing.

25.    Advocate. An Advocate shall meet with the inmate at least 24 hours prior to the hearing, conduct a thorough investigation independently of the Investigator, and make a report of the investigation using the Advocate Investigation Report CN 9509 (Attachment J). The Advocate shall assist the inmate in preparing a defense, and appear at and assist in making a presentation at a formal disciplinary hearing. If the advocate selected cannot appear at the hearing, another Advocate may be appointed to assist the inmate. The accused inmate may, in writing, withdraw a request for an Advocate at the time of the hearing.

Each Unit Administrator shall appoint a minimum of three (3) staff members, including both custodial and treatment personnel, to serve as Advocates. The names of the Advocates shall be made known to all staff and inmates through appropriate notice.

26.    Defense Preparation. An accused inmate shall be allowed a minimum of 24 hours, from notice to hearing, to prepare a defense.

   A.    Waiver. An inmate may waive the 24 hour period by executing a written waiver.

   B.    Exception. When an inmate's release is imminent or a transfer is necessitated, an expedited disposition may be conducted in accordance with Section 29 of the Code which may cause the 24 hour period to be constricted.

27.    Witnesses. An accused inmate shall have an opportunity to present witness testimony at a disciplinary hearing. Witness testimony must be truthful, relevant, freely given and not redundant. To appear at a disciplinary hearing, an individual must be present at the unit and pose no threat to an orderly disciplinary hearing or to personal safety. If an otherwise qualified witness is unable to appear, written testimony may be submitted.

   A.    Identification. The Investigator shall ascertain whether the inmate wants to call witnesses. If so, the Investigator shall record the names on the Disciplinary Investigation Report. The inmate's failure to identify witnesses to the Investigator shall make any subsequent request for a witness subject to the Hearing Officer's discretion.

   B.    Testimony. The Investigator shall interview prospective witnesses; list the witnesses and the nature of the testimony on the Disciplinary Investigation Report; and schedule the admissible

7. The written Notice date 10/13/01, before the Hearing given to the petitioner of the Disciplinary Report filed Against him indicating the offense charged Signed by the Reporting Employee LT. S. Maylor on date 10/14/01 At 2:00 PM states there was NO witness(es) or physical evidence and under same Administration Detention the Accused had been interview on date 10/13/01 At 5:30 PM under custody supervisor/unit manager Review Signed by L.T. Corriveau on date 10/14/01 At 3:00 PM And Inmate Notice delivered by LT. Corriveau on the date 10/14/01 At 3:00 PM Attached and marked As exhibit ____ incorporated herein is A copy of the Disciplinary Report pages 1 and 2 showing the Alleged Misconduct, LT. S. Maylor and LT. Corriveau, but upon recipt of the Disciplinary Report pg. 1 and 2, page 2 showes LT. Corriveau and LT. S. Maylor failure to Appoint An investigator on receipt date or Time given to Conduct An investigation into the Allegations of Misconduct of Disciplinary Report for Hearing violation and violating Procedural Due Process to ADM. Dir. 9.5 Sec. 22 Attached and marked As exhibit ____ incorporated herein is A copy of pg 12 of 19 showing the Notice of Disciplinary Proceeding from D.O.C. ADM. Dir. 9.5 Sec. 21 and Sec. 22, the Disciplinary Investigator duty pursuant to the Code of Penal Discipline 9.5 which such failure to Appoint An investigator into the Allegation of Misconduct of Disciplinary Report pg 1 and 2 date Oct. 13, 2001 implicate the depravation of copy or listing of Any physical evidence that may be used At the Hearing or trial in violation of Procedure Due Process pursuant to D.O.C. ADM. Dir. 9.5 (29)(E) Attached and marked As exhibit ____ incorporated herein is A copy of 9.5 code of Penal Discipline page 14 of 19 and page 15 of 19 showing D.O.C. ADM. Dir. 9.5 (29)(E) Policy.



# Disciplinary Report – Page 1
## Connecticut Department of Correction

CN 9503
1-10-94

| Unit   Walker RSMU | Report date   10/13/01 | Report no.   #0110044 |
|---|---|---|

| Inmate name   FERNANDEZ, LUIS | I.D. no.   279900 | Housing   B-95A |
|---|---|---|

| Location   B-2 HOUSING UNIT | Incident date   10/13/01 | Time   4:58  ☐a.m. ☒p.m. |
|---|---|---|

| Charge   ASSAULT | | Class   "A" |
|---|---|---|

**Description of violation:**

ON THE ABOVE DATE AND APPROXIMATE TIME THIS WRITER WAS CONDUCTING A TOUR IN THE B-2 UNIT. THE EVENING MEAL WAS BEING SERVED AT THIS TIME AND AS I WALKED TOWARDS THE SERVING LINE I OBSERVED THE ABOVE NAMED INMATE PUNCH INMATE SAWYER, DOUGLAS #267665 IN THE FACE. I YELLED TO FERNANDEZ TO CEASE HIS ACTIONS HE DID NOT PUNCHING SAWYER IN THE FACE 4 MORE TIMES. AS I GRABBED FERNANDEZ AROUND THE UPPER TORSO HE KICKED SAWYER WHILE HE WAS ON THE GROUND AND NOT UNTIL THIS WRITER SECURED THE INMATE AGAINST THE WALL NEAR B-72 CELL DID HE CEASE HIS AGGRESSIVE ACTIONS.

**Witness(es):**   N/A

**Physical evidence:**   N/A

| Reporting employee   S. MAYLOR | Employee requests copy   ☐yes  ☒no |
|---|---|

| Title   LIEUTENANT | Date   10-14-01 | Time   2:00  ☐a.m. ☒p.m. |
|---|---|---|

## CUSTODY SUPERVISOR / UNIT MANAGER REVIEW

| ☒ Administrative detention | Date   10-13-01 | Time   5:30  ☐a.m. ☒p.m. |
|---|---|---|

| ☒ Interview accused | ☐ Informal disposition |
|---|---|

**Custody supervisor / unit manager signature**

| Title   LT | Date   10/14/01 | Time   3:00  ☐a.m. ☒p.m. |
|---|---|---|

## INMATE NOTICE

| Delivered by | | |
|---|---|---|

| Title   LT | Date   10/14/01 | Time   3:00  ☐a.m. ☒p.m. |
|---|---|---|

# Disciplinary Report - Page 2
## Connecticut Department of Correction

CN9503
1-14-94

| Investigator | Receipt date | Time | ☐ a.m. ☐ p.m. |
|---|---|---|---|

**Attempt, accessory and conspiracy:** When supported by the evidence, the offenses of attempt, accessory and conspiracy shall be deemed to be included in the substantive offense with out having to be separately charged. Attempt, accessory and conspiracy shall be punishable in the same degree as if the substantive offense were committed.

## CLASS A

| | | |
|---|---|---|
| Alteration of a specimen | Escape | Secreting identity |
| Arson | Felonious misconduct | Security risk group |
| Assault | Fighting | affiliation |
| Assault on a DoC employee | Flagrant disobedience | Security tampering |
| Bribery | Hostage holding | Self-mutilation |
| Contraband(dangerous instrument, | Hostage holding a DoC employee | Sexual misconduct |
| escape item, unauthorized currency, | Impeding order | Theft ($100 or more) |
| drug paraphernalia, intoxicating sub- | Interfering with safety or security | Threats |
| stance, tattoo equipment) | Intoxication | Violation of program |
| Creating a disturbance | Refusal to give a specimen | provisions |
| Destruction of property ($100 or more) | Riot (requires declaration by DoC | |
| | Commissioner) | |

## CLASS B

| | | |
|---|---|---|
| Bartering | Destruction of property (under $100) | Out of place |
| Causing a disruption | Disobeying a direct order | Public indecency |
| Contraband (unauthorized items, items | Gambling | Theft (under $100) |
| in excess of authorized amounts, dis- | Giving false information | |
| playing nude or sexually explicit | Insulting language or behavior | |
| pictures) | Misdemeanant misconduct | |

## CLASS C

| Disorderly conduct | Malingering | Sanitary / housing violation | Violation of unit rules |
|---|---|---|---|

| Inmate signature | Date |
|---|---|
| Witness signature | Date |

**Waiver of 24-hour notice:** I hereby waive my right to a 24-hour notice of hearing and request that a hearing be held at the earliest convenience of the hearing officer.

| Inmate signature | Date |
|---|---|
| Witness signature | Date |

**Waiver of appearance:** I hereby waive my appearance at the disciplinary hearing. This does not constitute a guilty plea.

| Inmate signature | Date |
|---|---|
| Witness signature | Date |

**Guilty plea:** I hereby plead guilty to the charge contained in this disciplinary report. I voluntarily enter this plea and understand that my plea bars an appeal.

| Inmate signature | Date |
|---|---|
| Investigator/hearing officer signature | Date |
| ☐ Prosecution deferred by disciplinary coordinator | Through date |
| Disciplinary coordinator signature | Date |
| Inmate signature | Date |

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE | OF |
|---|---|---|---|
| 9.5 | February 16, 1998 | 12 | 19 |

| TITLE |
|---|
| Code of Penal Discipline |

21. **Notice of Disciplinary Proceedings.** A complete and legible copy of the Disciplinary Report shall be delivered to the inmate within 24 hours of the discovery of the inmate's alleged misconduct.

22. **Disciplinary Investigator.** Upon receipt of a disciplinary report, the Investigator shall assign a report number in accordance with Section 41 of the Code. An Investigator shall conduct investigations into the allegations of misconduct of each Disciplinary Report that goes to hearing and shall have authority to dispose a Disciplinary Report prior to the hearing pursuant to Section 23 of the Code. Investigators shall be appointed by the Unit Administrator and must be certified by the Center for Training and Staff Development prior to assuming their duties.

23. **Disciplinary Investigator Disposition.** The Investigator shall interview the accused inmate. If the inmate chooses to plead guilty prior to a Disciplinary Hearing, the Investigator may accept the plea and dispose the Disciplinary Report unless the inmate has been charged with Assault on a Department of Correction Employee, Creating a Disturbance, Escape, Felonious Misconduct, Hostage Holding of a Department of Correction Employee or Riot, or Security Risk Group Safety Threat. If the Investigator elects to dispose the Disciplinary Report, the Investigator shall impose sanctions consistent with Section 10 of this Code up to half the maximum allowed under Sections 10(B) and 10(C). If the Investigator disposes the Disciplinary Report, no appeal shall be permitted. Before accepting a guilty plea, the Investigator shall ensure that the inmate understands that a guilty plea precludes an appeal. The inmate must sign the statement on the Disciplinary Report that a guilty plea is made voluntarily and with the knowledge that no appeal is permitted. A Disciplinary Process Summary, CN 9504, (Attachment D) shall be prepared by the Investigator when an inmate pleads guilty pursuant to this section. Investigator dispositions shall be consistent with the Unit's disciplinary policy and interests.

24. **Pre-hearing Investigation.** If the Investigator does not dispose the Disciplinary Report, the Investigator shall inform the inmate about the process of investigation and hearing and ensure the inmate receives a copy of the Disciplinary Report at least 24 hours prior to any Disciplinary Hearing. The Investigator shall determine if the accused inmate desires an Advocate and shall inform the inmate of the available Advocates. The Investigator shall indicate the inmate's decision on the Disciplinary Investigator Report, CN 9505 (Attachment E), and if an Advocate is selected, shall promptly notify the Advocate. The Disciplinary Investigator shall determine if the accused inmate desires a witness(es) and shall list the name and number of each appropriate inmate witness and the name and position of any staff witness. If an inmate declines an Advocate or identifies no witnesses, the decision(s) shall be recorded on the Disciplinary Investigator Report, which must be signed by the inmate. Any failure to obtain signatures shall be for good cause as determined by the Hearing Officer and documented on the Disciplinary Process Summary. The Investigator shall conduct an investigation into the circumstances of each Disciplinary Report that goes to hearing and gather all information deemed relevant to the

| DIRECTIVE NO.<br>9.5 | EFFECTIVE DATE<br>February 16, 1998 | PAGE OF<br>14        19 |
|---|---|---|
| TITLE | Code of Penal Discipline | |

witnesses for the disciplinary hearing.  No inmate witness shall be compelled to testify.  The inmate shall be responsible for providing written testimony for any community witnesses.

C. <u>Staff Witness</u>.  A staff member, called upon for testimony, shall submit such testimony in writing or in person at the discretion of Hearing Officer.

28. <u>Hearing Officer</u>.  A Hearing Officer shall preside over any formal disciplinary hearing, serve as the trier of fact, and adjudicate any referred Disciplinary Report.  The Complex Warden shall appoint and assign an adequate number of Hearing Officers, and acting Hearing Officers, to meet the needs of the Complex.  Hearing Officers and acting Hearing Officers shall be certified by the Center for Training and Staff Development prior to assuming duty.  The Hearing Officer shall have authority to include any person as a witness, may limit the testimony of any witness which is redundant or irrelevant and may order the presentation of any documents or evidence necessary for the conduct of a disciplinary hearing.  The Hearing Officer may exclude or eject from the disciplinary hearing any person whose behavior poses a threat to an orderly hearing or jeopardizes the safety of any person.  The Hearing Officer shall determine the hearing requirements to ensure a professional proceeding.

29. <u>Expedited Disposition</u>.  The disciplinary process may be expedited when an accused inmate's release is imminent or when circumstances require that the inmate be urgently transferred and it is impracticable to conduct a hearing at the receiving facility.  In such case, an inmate must receive the Disciplinary Report, must be afforded a chance to prepare a defense including nominating witnesses, must receive the services of an Advocate if desired, and any hearing must be in accordance with Section 31 of the Code.

30. <u>Transferred Inmate's Disciplinary Process</u>.  If an inmate is transferred prior to disposition of a Disciplinary Report, the Report shall be disposed at the receiving unit.  The Disciplinary Coordinators of the sending and receiving unit shall coordinate the process.  The receiving unit shall pick up the process at the point where the sending unit left off and assume all duties for disposing the Report except the investigation.  A copy of the Disciplinary Report shall be delivered to the inmate at the time of transfer if it has been reviewed in accordance with Section 19 and the Report shall be sent with the inmate.  If the Report is not sent with the inmate, the sending unit shall be responsible for notifying the receiving unit by telecommunications that a Report is pending and for expeditiously forwarding the Report.  The sending unit shall conduct an investigation, shall inform the receiving unit of the results of its investigation and of what procedural steps have been taken and shall respond to all inquires from the receiving unit or the Hearing Officer.  The inmate may select an Advocate at the receiving unit and the receiving unit may request an investigation by an Advocate of the sending unit.

Interviews may be conducted by telephone including the taking of testimony for the disciplinary hearing.

| DIRECTIVE NO. 9.5 | EFFECTIVE DATE February 16, 1998 | PAGE OF 15    19 |
| --- | --- | --- |
| TITLE | Code of Penal Discipline | |

31. **Hearing.**

A.    **Time Frames.** A disciplinary hearing shall be convened as soon as possible but not later than seven (7) business days of the date of the Disciplinary Report except in the event of a transfer a hearing shall be convened within 10 days business days.

B.    **Appearance of the Accused.** An accused inmate shall be present at the disciplinary hearing: (1) unless the inmate declines to appear; (2) unless the inmate's behavior gives cause for exclusion or removal; and (3) except when confidential information is presented as described in subsection (G) below. The absence of the accused inmate shall be documented on the Disciplinary Process Summary. The Hearing Officer may recess the hearing for deliberation outside the presence of the inmate.

C.    **Continuance.** For good cause shown, a disciplinary hearing may be continued to a later hearing date not to exceed ten (10) business days. The Hearing Officer shall record the reason for any continuance on the Disciplinary Process Summary. Not more than two (2) continuances may be granted to the Investigator or the accused for any Report.

D.    **Plea.** The charge as it appears on the Disciplinary Report shall be read and the inmate shall be asked to plea. If the inmate desires to plead guilty to the charge, the inmate shall so state. A plea of not guilty shall be entered by the Hearing Officer if the inmate refuses to plead or is not present. Before accepting a guilty plea, the Hearing Officer shall ensure that the inmate understands that a guilty plea precludes an appeal. The inmate must sign a statement on the Disciplinary Report that the guilty plea is made voluntarily and with the knowledge that no appeal is permitted. If the inmate is unable to sign the report the Hearing Officer shall make an appropriate notation including the reasons for the inmate's inability to sign.

E.    **Evidence.** Evidence may be physical evidence, a written statement or a document, or oral testimony. A copy or listing of any physical evidence shall be given or made available to the inmate or the inmate's Advocate by the Investigator at least 24 hours prior to the hearing.

Physical evidence shall be presented at the hearing, as determined by the Investigator, whenever practicable. Otherwise, a sample, photograph, laboratory test, or a written description of the evidence shall be presented.

F.    **Presentation of the Case.** An Investigator shall present the case against the inmate. The Investigator presenting the case need not be the Investigator who conducted the investigation. The Investigator shall read the Statement of Charge on the Disciplinary Report, explain the results of the investigation and submit a written investigative report. If the inmate is found guilty the Investigator shall present the Unit recommendation for sanction and reasons for them in the presence of the accused. The Investigator shall respond to questions from the Hearing Officer.

CN 9401
Attachment C, page 1
Rev.9-8-95

r restrictive Housing Unit Status Order dated 10/13/.
to this petitioner before the Disciplinary Report by the
Employee LT. S. Maylor Date 10/13/01 Attached and
, Exhibit ____ incorporated herein is A Copy Showing
Alleged Misconduct by the petitioner was not unprovoke.
d on Administration Detention Pending an investigatio.
S. Maylor and LT. Corrivean Neglected to conduct
signing an investigator violating Procedural Due Process
ws LT. Maylor and LT. Corrivean Negligence to
Copy to the Disciplinary investigator marked on Box
equests Copy As "NO" page 1 and page 2 no investi
pte date or time was stated in Disciplinary Report.
. Custody Supervisor / Unit Manager LT. Corrivean is
to sections 19 (A) (B), (D) failing to perform his dut.
inistration Dir. 9.5 pg. 11 of 19 Code of Penal discipline
Marked As Exhibit ____ incorporated herein is a copy
Responsibility of the Custody Supervisor / Unit Manager

number   279900

.)

**Date**

**Date**

eat to life, property,

INVESTIGATION  FOR
LL #12A.

one, LT. S. Maylor gave no Continuance Placement re-
Restrictive Housing Unit Status Order to the petitioner
Alleged Misconduct that placed him on ADM. Detentio
needed a Continuance Placement reason for the investi.
, change the Alleged Misconduct Attached and make
t ____ incorporated herein is a copy of the restrictive
nit Status Order showing the failure to provide
 placement SEC. 3: Review (Administration Deten-
) and failure to provide a copy of pg 1 of the
y Report before the End of the Shift pursuant to
) pg 11 of 19 ADM. Dir. 9.5 code of Penal Discipline
ph (8) of verified complaint showing the Initiation
inary Report.

13/01

13/01

8. A form for restrictive Housing Unit Status Order dated 10/13/. was given to this petitioner before the Disciplinary Report by the Reporting Employee LT. S. Maylor Date 10/13/01 Attached and Marked As Exhibit _____ incorporated herein is a copy showing that the Alleged misconduct by the petitioner was not unprovoke. And placed on Administration Detention Pending an investigatio. which LT. S. Maylor and LT. Corriveau Neglected to conduct by not Asigning an investigator violating Procedural Due Proces. As it shows LT. Maylor and LT. Corriveau neglzence to foward a copy to the Disciplinary investigator marked on Box Employee requests copy As "NO" page 1 and page 2 no investi. gator, recipte date or time was stated in Disciplinary Report. Where the custody Supervisor / unit Manager LT. Corrivan is Responsible to Seetions 19 (A),(B),(D) failing to perform his dut. pursuant Administration Dir. 9.5 pg. 11 of 19 code of Penal discipline Attached And Marked As Exhibit _____ incorporated herein is a copy showing the Responsibility of the Custody Supervisor / unit Manager SEC. 19.

9. Furthermore, LT. S. Maylor gave no Continuance Placement Reason of Restrictive Housing unit status Order to the petitioner from the Alleged misconduct that placed him on ADM. Detentio. or if it needed a Continuance placement reason for the investigation to change the Alleged misconduct Attached and marke. As Exhibit _____ incorporated herein is a copy of the Restrictive Housing unit status Order showing the failure to provide Reason of placement SEC. 3: Review (Administration Detention only) and failure to provide a copy of pg 1 of the Disciplinary Report before the End of the Shift pursuant to SEC. 18 (A) pg 11 of 19 ADM. Dir. 9.5 code of Penal Discipline See paragraph (8) of verified Complaint showing the Initiation of Disciplinary Report.

| DIRECTIVE NO.<br>9.5 | EFFECTIVE DATE<br>February 16, 1998 | PAGE OF<br>15    19 |
| --- | --- | --- |

| TITLE |
| --- |
| Code of Penal Discipline |

31. <u>Hearing</u>.

A.  <u>Time Frames</u>. A disciplinary hearing shall be convened as soon as possible but not later than seven (7) business days of the date of the Disciplinary Report except in the event of a transfer a hearing shall be convened within 10 days business days.

B.  <u>Appearance of the Accused</u>. An accused inmate shall be present at the disciplinary hearing: (1) unless the inmate declines to appear; (2) unless the inmate's behavior gives cause for exclusion or removal; and (3) except when confidential information is presented as described in subsection (G) below. The absence of the accused inmate shall be documented on the Disciplinary Process Summary. The Hearing Officer may recess the hearing for deliberation outside the presence of the inmate.

C.  <u>Continuance</u>. For good cause shown, a disciplinary hearing may be continued to a later hearing date not to exceed ten (10) business days. The Hearing Officer shall record the reason for any continuance on the Disciplinary Process Summary. Not more than two (2) continuances may be granted to the Investigator or the accused for any Report.

D.  <u>Plea</u>. The charge as it appears on the Disciplinary Report shall be read and the inmate shall be asked to plea. If the inmate desires to plead guilty to the charge, the inmate shall so state. A plea of not guilty shall be entered by the Hearing Officer if the inmate refuses to plead or is not present. Before accepting a guilty plea, the Hearing Officer shall ensure that the inmate understands that a guilty plea precludes an appeal. The inmate must sign a statement on the Disciplinary Report that the guilty plea is made voluntarily and with the knowledge that no appeal is permitted. If the inmate is unable to sign the report the Hearing Officer shall make an appropriate notation including the reasons for the inmate's inability to sign.

E.  <u>Evidence</u>. Evidence may be physical evidence, a written statement or a document, or oral testimony. A copy or listing of any physical evidence shall be given or made available to the inmate or the inmate's Advocate by the Investigator at least 24 hours prior to the hearing.

Physical evidence shall be presented at the hearing, as determined by the Investigator, whenever practicable. Otherwise, a sample, photograph, laboratory test, or a written description of the evidence shall be presented.

F.  <u>Presentation of the Case</u>. An Investigator shall present the case against the inmate. The Investigator presenting the case need not be the Investigator who conducted the investigation. The Investigator shall read the Statement of Charges on the Disciplinary Report, explain the results of the investigation and submit a written investigative report. If the inmate is found guilty the Investigator shall present the Unit recommendation for sanction and reasons for them in the presence of the accused. The Investigator shall respond to questions from the Hearing Officer.



CN 9401
Attachment C, page 1
Rev.9-8-95

# Restrictive Housing Unit Status Order
## Connecticut Department of Correction

| Facility | WRSMU | | |
|---|---|---|---|
| Inmate name | FERNANDEZ, LUIS | Inmate number | 279900 |

## SECTION 1: STATUS

**Placement in restrictive housing unit. (Check and date the appropriate description.)**

| | | | |
|---|---|---|---|
| ☐ Transfer detention | **Date** | ☐ Administrative segregation | **Date** |
| ☒ Administrative detention | **Date** 10-13-01 | ☐ Punitive segregation | **Date** |
| ☐ Administrative segregation transition | | **Date** | |
| ☐ Close custody, chronic discipline | | **Date** | |
| ☐ Close custody, security risk group safety threat member | | **Date** | |

## SECTION 2: REASON FOR PLACEMENT

**The inmate's/my continued presence in the general population poses a serious threat to life, property, self, other inmates, and/or the security of the institution because:**

INMATE FERNANDEZ WAS PLACED ON ADMINISTRATIVE DETENTION PENDING AN INVESTIGATION FOR ASSAULT. HE WAS REMOVED FROM POPULATION B-95A AND PROCESSED INTO CELL #12A.

| Signature of supervisor | | **Date** 10/13/01 |
|---|---|---|
| Inmate given copy of this form | **Time** 11:00 ☐ a.m. ☒ p.m. | **Date** 10/13/01 |

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE OF | |
|---|---|---|---|
| 9.5 | February 16, 1998 | 11 | 19 |

| TITLE |
|---|
| Code of Penal Discipline |

D.   **Notification.**  Upon completion of review by the Shift Commander or Unit Manager, the inmate and the Reporting Employee shall be notified of the Informal Disposition.  Notification to the inmate shall include a space for the inmate to sign acknowledging of the disposition.

E.   **Refusal.**  If the acknowledgment of Informal Disposition is not signed it shall constitute a refusal and a Disciplinary Report shall be initiated.

F.   **Records and Reporting.**  No record of an Informal Disposition shall be kept in an inmate's Master File or automated file.  A record of all Informal Dispositions shall be maintained at the unit to allow for record keeping and reporting under Section 41.

18.  **Initiation of Disciplinary Report.**  A Disciplinary Report Form, CN 9503, (Attachment C) shall be prepared by a staff member, the Reporting Employee, upon detection of an act which gives cause for formal disciplinary action.  A separate Disciplinary Report shall be prepared for each offense charged.  Only the most serious possible charge relating to an offense shall be charged to a single act.  When additional charges are justified as a result of sequential behaviors during an incident charges may be filed separately.

A.   **Facility Procedure.**  The Disciplinary Report shall be delivered to a Custody Supervisor or Unit Manager.  Provision shall be made to provide the Reporting Employee, upon request, with a copy of page one of the Disciplinary Report before the end of the shift.

B.   **Community Release Procedure.**  The Disciplinary Report shall be referred to the appropriate Unit Administrator or managerial designee.

19.  **Custody Supervisor/Unit Manager.**  A Custody Supervisor or Unit Manager shall be responsible to:

A.   Manage disciplinary functions during the shift.

B.   Review the Disciplinary Report to ensure that it is complete and that, on its face, the evidence supports the charge.

C.   Sign the report.

D.   Initiate delivery of the Report to the accused and forward the original copy to the Disciplinary Investigator.

20.  **Administrative Detention.**  The Shift Commander may remove an inmate from population, in accordance with Administrative Directive 9.4, Restrictive Status, pending a disciplinary disposition when justified for reasons of security or order.  If an inmate is removed from population, the Unit Administrator shall review the case within 72 hours of placement in Administrative Detention to determine whether continued confinement in the status is necessary.  The date and time of placement in Administrative Detention shall be recorded on the Disciplinary Report. If punitive segregation is subsequently imposed any time spent in Administrative Detention shall be credited toward the sentence on a day-for-day basis.





CN 9401
Attachment C, page 1
Rev.9-8-95

# Restrictive Housing Unit Status Order
## Connecticut Department of Correction

| SECTION 3: REVIEW (Administrative detention only) | | |
|---|---|---|
| **Continue placement reason:** | | |
| **72-hour review signature** | **Title** | **Date** |
| **Continue placement reason:** | | |
| **6-day review signature** | **Title** | **Date** |
| **Continue placement reason:** | | |
| **9-day review signature** | **Title** | **Date** |
| **Continue placement reason:** | | |
| **12-day review signature** | **Title** | **Date** |

| SECTION 4: RELEASE | |
|---|---|
| | |
| **Signature of releasing authority\*** | **Date** |

**\* If the releasing authority is higher than the unit administrator, the unit administrator shall sign and so indicate under the reason for release.**

**Distribution:**   **Original - Warden (inmate file on completion)**
                    **First copy - Inmate (initial placement only)**

10. Plaintiff further states that while in Segregation Detention Cell #12 on or about Oct. 22, 2001, the Advocate Counselor Massa who was Assigned by the Disciplinary Investigator C/O V. Sharp for the investigation in representation of preparing a defense and appear at and assist in making a presentation at the Disciplinary Hearing following form Attached and Marked As exhibit in paragraph (6) of the verified Complaint is a copy of the code of Penal Discipline 9.5 pg. 13 of 19 see. 25 and sec. 27 showing the Advocate duty.

11. This Advocate Counselor Massa directed the plaintiff to request the investigator C/O V. Sharp for a continuance so he could investigate and prepare a defense but the only day that the Plaintiff got intouch with the Disciplinary investigator C/O V. Sharp was on the Hearing date Oct. 25, 2001. Where Disciplinary Hearing officer LT. Deminian and Investigator C/O V. Sharp objected Against the necessary continuance Requested Attached And Marked As exhibit in paragraph (7) of the verified Complaint is a copy of the code of Penal Discipline 9.5 pg. 15 of 19 see. 31(cc) showing the proper issue of a continuance which was denied because the Advocate Counselor Massa neglected to request these officers for reasonable time to investigate or Appeared at the Disciplinary Hearing and Assist the defense in ordinary present Ation at the Hearing violating his duty As an Advocate see paragraph 10 the verified complaint is a copy of the code of penal Discipline 9.5 sec 25 and sec. 27 showing the Advocate duty.

12. Another Advocate c/o Derota was Asigned At the Disciplinary Hearing since Advocate Counselor Massa gave no notice of his Absence following form Attached And marked As exhibit in paragraph (6) of the verified complaint is A copy of the Code of Penal Discipline 9.5 pg. 13 of 19 Sec. 25 showing the procedure if the Advocate selected does not Appears At the Hearing.

13. Also this Advocate c/o Derota Appointed At the Hearing failed to Request necessary continuance to conduct A throughout investigation independently of the investigator using Incident Report pg 2 unit ADM Duty officer Major Carter date Oct. 13, 2001, And signed by Lt. S. Maylor incorporated in paragraph (18) of the verified complaint is A copy of Incident Report pg. 2 of the Dept. of Correction Also signed by Lt. S. Maylor weighing written statements of the fact finders As to the evidence relied upon And the reasons that othere prisoners Agree to be sworn witness(es) where Attached And marked As exhibit in paragraph (6) incorporated herein is A copy of the code of Penal Discipline 9.5 pg 13 of 19 Sec. 25 And Attached And marked As exhibit in paragraph (7) of the verified complaint herein is A copy of the code of Penal Discipline 9.5 pg. 15 of 19 sec. 31 (c) showing the Request And duty of the representing Advocate.

14. Following the inefective Assistance from Advocate Counselor Massa And Advocate c/o Derota whose negligant representation for not gathering evidence or call witnesses indicating there violated Petitioner Procedural Due Process rights And failed to meet State regulation 9.5 Assistance of An Advocate.

15. After the Disciplinary Report filed and the petitioner placed in Administration Detention and charged with the Alleged misconduct An investigator which is not on the Disciplinary Report, Attached And Marked As exhibit in paragraph (8) and paragraph (7) of the Verified Complaint shows Disciplinary report pg2 that NO investigator, receipt date or time was stated in Disciplinary report or by the name of C/O V. Sharp had the repor number in her possession pursuant to 9.5 ADM. Dir. Sec. (22). This investigator C/O V. Sharp was Appointed to Assum her duties Attached And Marked As exhibit in paragraph (7) of the verified Complaint incorporated with A copy of the Code of penal Discipline ADM. Dir. 9.5 Sec. (22) pg 12 of 19 showing the Disciplinary investigator duties And sec. 23 of pg 12 of 19 showing the Disciplinary investigator interview procedure.

16. The petitioner further states that Disciplinary Investigator C/o V. Sharp upon receipt of Disciplinary report, conducted A Reckless And Insufficient investigation into the Assaultant inmate and the petitioner on Oct. 13, 2001 by refusing to call witnesses And produce the evidence following the results of the investigation on the Incident Report see Attached And Marked As exhibit in paragraph (9) and (7) of the verified Complaint is A copy of the Code of Penal Discipline ADM. Dir. 9.5 Pg 11 of 19 sec. 19 (d), pg 12 of 19 sec. 22 And sec. 24 showing the requirements to make An investigation in Procedurally proper manner of the Disciplinary Investigator, even if otherwise witness (es) Are unable to appear At the Hearing A written testimony can be submitted see Attached And marked As exhibit in paragraph (6) of the verified Complaint is A copy of the Code of penal Discipline ADM. Dir. 9.5 pg 13 of 19 sec. 27 showing submitting testimony.

( Continue To paragraph )

The fact that witness(es) may only be denied for reason as Irrelevance which this dose not justify refusing to call witness(es) or that investigator c/o V. Sharp checked a box indicating that " no witnesses involved " without further investigation of the Incident report gives reason to the accused inmate defense denial Procedural Due Process while the facts were in Dispute. see Attached and Marked As exhibit in paragraph (7) of the verified complaint is A copy of the code of Penal Discipline ADM. Dir. 9.5 pg 12 of 19 sec. 24 showing Procedural Due Process to all relevant inform ion deemed and Attached and marked as exhibit in paragraph (6 of the verified Complaint is a copy of the Code of Penal Discipline Administration Dir. 9.5 pg 13 of 19 sec. 26 (A),(b) showing defense preparation.

17. Upon the disciplinary incident report by Unit Administrator Duty officer Major Carter date Oct. 13, 2001, the Disciplinary Investigator c/o V. Sharp failed to conduct an investigation into the Assault Alleged misconduct which led to finding of guilt Against the petitioner unsupported by even the minimum requirement of some evidence or permitting that other prisoners be called as witness es violating the order and safety of serious concerns given that A charge Against an inmate implicate's prison's Disciplinary Rules and requires the view that inmate had A Liberty interest protected by the fourteeth Amendment's Due Process Clause, in Avoiding the disciplinary confinement that the inmate Endured.

18. Based on petitioner Allegation that the Disciplinary Incident Report made by unit administrator Duty officer Major Carter date Oct.13 2001, Attached And marked As exhibit ____ incorporated herein is a copy of Incident Report pg 2 of the Dept. of Correction Also signed by LT. S. Maylor weighing written statements of

10/20/01  17:24    60 292 3420        WRSMU                                    CN 6

# Incident Report – Page 2
## Connecticut Department of Correction

## CONTACTS

| | | Date | Time | | |
|---|---|---|---|---|---|
| Unit Administrator | DUTY OFFICER MAJOR CARTER | 10-13-01 | 5:17 | ☐a.m. | ☒p.m |
| Central Office | | ~ | | ☐a.m. | ☐p.m |
| Outside Agency | C.S.P. | 10-13-01 | 8:12 | ☐a.m. | ☒p.m |
| Police | | | | ☐a.m. | ☐p.m |
| Fire | | | | ☐a.m. | ☐p.m |

## OTHER ATTACHED REPORTS

| | |
|---|---|
| Use of Force ⟨6⟩ | Medical ⟨2⟩ 3 photos |
| Disciplinary | Other(specify) Page 3 thru ⟨2⟩ CN940 I, ⟨1⟩ ⟨2⟩ property forms, form 730 |

## CRIMINAL PROSECUTION ⟨1⟩ Appearance Bond, Notice of A ⟨1⟩ witness statement, reportion

| If a staff member was assaulted during the incident, is criminal prosecution requested? ☒Yes ☐No | CT State Police investigation no. H01-27210 |
|---|---|

Shift Supervisor Review: SEE ATTACHED PAGE 3

| Signature _S. MAYLOR_ | Title LIEUTENANT | Date: 10-13-01 |
|---|---|---|

Unit Administrator Review:

| Signature | Title | Date: |
|---|---|---|

Central Office Review:

| Signature | Title | Date: |
|---|---|---|