the fact finders as to the evidence relied upon and the reasons that other prisoners agree to be sworn witnesses.

19. The Hearing took place on Oct. 25, 2001, the Hearing officer at that time was Lt. Deminian not D.H.O. Meulemans who is mention on on a response letter by Brian K. Murphy, (lead) warden to the petitioner, Attached and marked as exhibit ___ incorporated herein is a copy showing the response letter of lead warden Brian K. Murphy date Nov. 13, 2001 where D.H.O. Meulemans is mention and officer V. Sharp who assume to act as the investigator.

20. This D.H.O. Meulemans as it indicates on lead warden Brian K. Murphy response that he used information available and utilized by the Hearing officer indicating the consistent with the facts, not relying on any presentation of documents or evidence necessary for the conduct of a Disciplinary Hearing pursuant to administration Dir. 9.5 sec. 28 see attached and marked as exhibit in paragraph (7) of the verified Complaint is a copy of the Penal Discipline Adm. Dir. 9.5 sec. 28 pg 14 of 19 showing the persition of a Hearing officer in a Disciplinary Hearing and proving the wanton and reckless act of both the D.H.O., Meulemans and lead warden Brian K. Murphy who denied this petitioner Appeal with prejudice.

21. At the Hearing on Oct. 25, 2001 the Hearing officer Lt. Deminian did not rely upon evidence having authority to include any person as a witness and neglected to order the interviewed presentation of any documents or evidence require for the Discipline Hearing, violating professional Proceeding before imposing punishment of Prison Rules see attached and marked as exhibit in paragraph



# STATE OF CONNECTICUT
## MACDOUGALL-WALKER CORRECTIONAL INSTITUTION
### 1153 East Street South
#### SUFFIELD, CONNECTICUT 06080

Brian K. Murphy
*Lead Warden*

TO:             Luis Fernandez #279900
                *Walker Building*

FROM:        Brian Murphy, Warden

DATE:        November 13, 2001

This response concerns your appeal of Disciplinary Report # 0110044 for Assault A incurred on 10/13/01.

A review of the totality of the information available and utilized by the Hearing Officer indicates that the decision is consistent with the facts. This appeal is, therefore, denied.

BKM/lli

c:  DHO Meulemans
    Officer Sharp
    file

(Continue 21 paragraph)

(7) of the verified complaint is a copy of the code of penal Discipli. ADM. Dir. 9.5 pg 14 of 19 sec. 29 and pg. 15 of 19 sec. 31 (E) showing the require Procedural Proper manner of a Hearing officer in the Dept. of Correctional. Also Attached and marked as exhibit in paragraph (8) of the verified complaint is a copy of the code of Penal Discipline ADM. Dir. 9.5 sec. 20 pg 11 of 19 and Attached and marked as exhibit in paragraph (18) of the verified complaint is a copy of the Incident Report pg 2 showing the administrator duty officer Major Carter determination of facts including evidence and witnesses on record and reviewed which failure of profess ional Proceeding constitute an violation of Petitioner Liberty Intr. st Protected by the fourteeth Amendment Due Process clause.

22. The petitioner was not given the proper opportunity to present witnesses or any written testimony denying him Liberty Interest of procedural Due Process relying on Administration Dir. 9.5 sec. 27 (A)(B) and sec 31 (E) see Attached and marked as exhibit in paragraph (6) of the verified Complaint is a copy of the code of penal Discipline ADM. Dir. 9.5 pg. 13 of 19 sec. 27 (A)(B) and Attached and marked as exhibit in paragraph (7) of the verified complaint is a copy of the code of Penal Discip. line ADM. Dir 9.5 sec. 31(E) showing the proper procedural to present witnesses.

23. A Disciplinary Process Summary Report pg 1 and pg 2 was filed stating the Alleged Misconduct change, Plea, finding and sanctions / Hearing Date 10/25/01 and only indicating "written Documentation" see Attached and marked as exhibit ___ incorporated herein is a copy of Disciplinary Process Summary Report pg 1.



# Disciplinary Process Summary Report – Page 1
## Connecticut Department of Correction

CN 950<
1-14-94

| Unit: MCDOUGALL/WALKER | Report #: 0110044 | Report Date: 10/13/01 | Hearing Date: 10-25-01 |
|---|---|---|---|
| Inmate Name: *Fernandez, Carey* | | ID #: 279900 | Housing: Seg 20 1068 |

| Reporting Employee: Maylee | | Title: Lt |
|---|---|---|
| Investigator: W Sharp | | Advocate: Massa |
| Inmate Appearance: ✓ Yes / No | | Reason: |

|  | Suspended sentence | | |
|---|---|---|---|
|  | Deferred prosecution | No. of days | Through |
|  | Charge dismissed | By | Reason |

Continuances (dates and reasons): N/A

10-24-01 thru 11-6-01 Invest Advocate. (RJM)

## SUMMARY

| | Charge/class | Plea | Finding | Sanctions |
|---|---|---|---|---|
| Original | assault/A | NG | G | 15 P/S ~~shower~~ 10/27/01 |
| Substitute | | | | 30 CTQ 10/28/01 thru 11/26/01 |
| | | | | 30 LOM 10/25/01 thru 11/23/01 |

|  | Confidential information | Reliability ✓ |
|---|---|---|

| Documentation submitted | ✓ Incident report | ✓ Medical incident report |
|---|---|---|
| | ✓ Use of force report | Other (specify) |

| Witness name N/A | | appearance |
|---|---|---|
| Testimony: N/A | | |

| Witness name N/A | | appearance |
|---|---|---|
| Testimony: N/A | | |

| Witness name N/A | | appearance |
|---|---|---|
| Testimony: N/A | | |

|  | Witness exclusion | Name | Reason |
|---|---|---|---|

Physical evidence, written testimony:

written documentation

(Continue 23 paragraph)

The Unit Administrator Duty officer Major Carter Neglected to modify in According to pg 17 of 19 from the Administration Dir. 9.5 sec. 37 the finding of guilty Against the petitioner or discontinue Any punishment imposed in the Disciplinary Process Summary Report having in his possession the evidence and witnesses to do so, Attached and Marked As exhibit _____ incorporated herein is A copy of Administration Dir. 9.5 sec 37 pg 17 of 19 showing the Unit Administrator duty and a copy of the Incident report Pg 2 Attached and Marked As exhibit in paragraph (18) of the verified complaint showing the witnesses and Medical evidence signed by LT. S. Maylor that were denied violating Procedural Due Process.

24. The petitioner states that LT. Deminian on 10/25/01 the Hearing date Acted with wanton and Reckless by determining the basis for sanctions on facility recommendation "to enforce Dept. Directives and to deter future errant behavior" when D.O.C. official or Staff's denied Procedural Due Process to find guilt Against the petitioner Liberty Intrest to the fourteeth Amendment Right of the United States Constitution, Attached and Marked As Exhibit _____ incorporated herein is A copy of Disciplinary Process Summary Report Pg 2 showing LT. Deminian basis for sanctions Response and signature.

25. The prepared Incident report date 10/13/01 by C/o P. Christie Pg 1 and pg 3-4 prepared by LT. S. Maylor Attached and Marked As exhibit _____ incorporated herein are copies of pg 1, 3 and 4 of incident report showing the failure to state report number s for record keeping and Reporting under ADM. DIR. 9.5 sec 41

| DIRECTIVE NO. 9.5 | EFFECTIVE DATE February 16, 1998 | PAGE OF 17    19 |
|---|---|---|
| TITLE | Code of Penal Discipline | |

shall be processed to disposition. Only one (1) charge may be deferred in any 60 day period, no record shall be maintained of the Report. Deferred prosecution authorized by the Disciplinary Coordinator shall be noted on the Disciplinary Report, signed and dated, and countersigned by the inmate. Any inmate who refuses to work during an inmate disturbance or inmate work stoppage, and has been issued a Disciplinary Report for Disobeying a Direct Order, shall not have the Disciplinary Report deferred.

34. <u>Self-Defense</u>. A decision that the inmate acted in self-defense may mitigate the severity of the sanction(s) imposed.

35. <u>Decision</u>. The Hearing Officer shall decide the case on the basis of the hearing record. A finding of guilty shall be based on evidence that the accused inmate committed the offense. The Hearing Officer shall immediately report the decision orally to the inmate and, if guilty, the sanction imposed.

36. <u>Disciplinary Process Summary</u>. The Hearing Officer shall produce the Disciplinary Process Summary Form, CN 9504, within 24 hours of the hearing excluding weekends and holidays. When a Disciplinary Report has been disposed by an Investigator in accordance with Section 23 of the Code, the Disciplinary Investigator shall complete the Disciplinary Process Summary Form. The Summary shall include the offense charged, the plea of the accused inmate, the disposition of witnesses, a summary of witness testimony, the finding and the reasons for it, the sanction(s) imposed and the reasons for it and any other noteworthy information about the hearing. A copy shall be forwarded to the Unit Administrator. A copy of this Summary shall be provided to the Investigator, the Reporting Employee and the inmate. Any testimony which might jeopardize an inmate's safety shall not be disclosed.

37. <u>Review by Unit Administrator</u>. The Unit Administrator shall receive a copy of the Disciplinary Process Summary within two (2) business days of the disposition of the Disciplinary Report. With the exception of Section 40 below, the Unit Administrator shall not modify the finding or the formal record but may discontinue any punishment imposed if additional punishment serves no correctional purposes or for administrative reasons.

38. <u>Parole</u>. Any inmate that has been voted to Parole and is convicted of a Class A or B disciplinary offense shall be referred to the Parole Board Chairman for reconsideration.

39. <u>Good Time Restoration</u>. Good time that is forfeited through the disciplinary process may be restored subject to the discretion of the Complex Warden. There are two types of good time that may be restored: statutory good time and presentence good time. O.M.P.A. that is forfeited shall not be restored, but may be earned anew. At a minimum the inmate shall meet the following requirements in order to be considered for statutory good time restoration.



# Disciplinary Process Summary Report – Page 2
### Connecticut Department of Correction

CN 950
1-10-9

**Basis for finding:** Officer Derota assigned advocate per A/D 9.5 Sec 25
I/m stated he was defending himself, I/m had a weapon and I/m
stated he was taking a defensive action. Facts and evidence presented
Lt Maylor observed I/m Fernandez assault I/m Smiyee several
times. No mention of any weapon. Staff witness observe
I/m Fernandez actions I/m found guilty of charge presented.

**Basis for sanctions:** Facility recommondation

To enforce dept. directives and to
deter future errant behavior.

## DISPOSING OFFICER

| Hearing officer signature | | Date 10/25/01 |
|---|---|---|
| Disciplinary coordinator signature | | Date |
| Investigator signature | | Date |

## INMATE NOTICE

You may appeal a finding of guilty by a hearing officer within 15 days.

| Delivering officer signature | | Date |
|---|---|---|

Copies (5): investigator, reporting employee, inmate, disciplinary file, and inmate master file

10/20/01  17:24   860 292 3420   WRSKU

# Incident Report - Page 1

## Connecticut Department of Correction

☒ Individual
☐ Summary

CN

3

| Facility/CSO | MACDOUGALL-WALKER | Incident location | B-2 UNIT | Report no. | |
|---|---|---|---|---|---|
| **Prepared By** | P. CHRISTIE | **Title** | OFFICER | **Report date** | 10-13-01 |

**Incident Class** ☐ 1 ☐ 1a ☒ 2 ☐ 3    **Type** "I"    **Time** 4:58    ☐ a.m. ☒ p.

| Inmate Name (last and first) | Hsg Unit | Race | ID no. | Status | Staff name (last and first) | Race | Title | St |
|---|---|---|---|---|---|---|---|---|
| SAWYER, DOUGLAS | B-51B | W | 267665 | V | CHRISTIE, PAMLA | B | C/O | |
| FERNANDEZ, LUIS | B-95A | H | 279900 | S | MAYLOR, SAMUEL | B | LT. | |
| | | | | | RODRIGUEZ, CARLOS | H | C/O | |
| | | | | | KING, JAMES | W | C/O | |
| | | | | | BROWNE, THOMAS | W | C/O | |
| | | | | | FORGETT, ROBERT | W | C/O | |

Status code: V = victim, S = suspect, E = escape, R = first employee
Responder, W = inmate witness, EW = employee witness

Race code:  W = White,  B = Black,  H = Hispa
N = Native American, O = Other

**NARRATIVE:** ON 10-13-01 AT APPROXIMATELY 4:58PM CHOW WAS IN PROGRESS LIEUTENANT MAYLOR CA A CODE BLUE IN THE HOUSING UNIT.  IT APPEARED THAT INMATE FERNANDEZ #279900 HAD ASSAU INMATE SAWYER #267665.  LIEUTENANT MAYLOR WAS IN THE HOUSING UNIT AT THE TIME AND SECU FERNANDEZ AGAINST THE WALL BY CELL #72.  STAFF RESPONDING TO THE UNIT WERE RODRIGUEZ, KI BROWNE AND FORGETTE ALL ASSISTED IN THE CONTROL OF THE INMATES THAT WERE OUT FOR CHOW IN DAYROOM.  BOTH INMATES WERE ESCORTED OUT OF THE UNIT SEPARATELY AND EVALUATED BY MEDICAL.

| Reporting employee signature | *Christie, P* | P. CHRI. |
|---|---|---|

| **Title** | OFFICER | **Date** | 10-13-01 |
|---|---|---|---|

## FOLLOW UP

| **Property Damage** | N/A | **Value $** | N/A |
|---|---|---|---|

| **Contraband Recovered** | N/A |
|---|---|

| **Physical Force** | YES | **Chemical Agents** | N/A | **Restraints** | HANDCUFFS |
|---|---|---|---|---|---|

**Assigned to:**

☐ Protective Custody          ☐ Isolation          ☐ Medical

☒ Administrative Detention    ☒ Outside hospital SAWYER UCONN MEDI

☐ 15 – minute watch           ☐ Other:_____

10/20/01   17:25   860 292 3420        WRSMU

# Incident Report - Page __3__
## Connecticut Department of Correction

☐ Individual
☒ Summary

| Unit   MACDOUGAL-WALKER | Report No. | Report Date   10/13/01 |
|---|---|---|
| Prepared By   S. MAYLOR | Title   LIEUTENANT | Signature |
| Incident Class   1☐ 1A☐ 2☒ 3☐ | Type   "I"   Time   4:58   ☐ A.M.   ☒ P.M. | Date   10/13/ |

ON THE ABOVE DATE THIS WRITER WAS ASSIGNED AS THE UNIT SUPERVISOR AND WAS TOURING THE UNIT. CHOW WAS UNDERWAY IN B-1 HOUSING UNIT WITH ONE GROUP LEFT SO THIS WRITER WENT ON TO T THE B-2 HOUSING UNIT. AS THIS WRITER WAS COMPLETING THE TOUR OF THE UNIT AND WALKING TOWA THE SERVING LINE WHERE THE INMATES WERE RETRIEVING THEIR EVENING MEALS I OBSERVED UNIDENTIFIED INMATE PUNCH ANOTHER INMATE. THIS WRITER YELLED TO THE INMATES TO CEASE TH ACTIONS AND INMATE FERNANDEZ, LUIS #279900 B-95A WHO MADE THE INITIAL CONTACT WITH A CLO FIST TO SAWYER, DOUGLAS #267665 FACIAL AREA CONTINUED TO PUNCH HIM FOUR MORE TIMES. A C BLUE WAS CALLED BY THIS WRITER AS I APPROACHED BOTH INMATES WITH SAWYER FALLING TO THE GRO IN THE FETAL POSITION AND FERNANDEZ KICKING HIM. THIS WRITER GRABBED FERNANDEZ AROUND UPPER TORSO AREA AND SECURED HIM AGAINST THE WALL NEAR B-72 AND HAND RESTRAINTS WERE APPLI

I DIRECTED OFFICER CHRISTIE WHO WAS ASSIGNED TO B-2 HOUSING UNIT TO HAVE THE INMATES T WERE IN THE DAYROOM FOR CHOW BE SEATED. RESPONDING STAFF TO THE CODE WERE OFFICERS RODRIGU KING, BROWNE, FORGETTE, O'CONNOR AND NESTA. OFFICER NESTA AND O'CONNOR WERE DIRECTED BY T WRITER TO ESCORT INMATE FERNANDEZ OUT OF THE UNIT AND TO RESTRICTIVE HOUSING UNIT. LIEUTEN GARVEY WAS CALLED VIA RADIO AND ADVISED THAT THE INMATE WAS ENROUTE TO THE OPERATIONS AREA HE WOULD PROCESS THE INMATE INTO RHU CELL #12. OFFICER T. BROWNE AND FORGETTE ESCORTED SAW FROM THE B UNIT COUNSELORS' OFFICE TO MEDICAL TO BE EVALUATED FOR HIS INJURIES SUSTAINE OFFICER KING WAS ASSIGNED TO VIDEO RECORD THE INCIDENT FROM THE B-2 UNIT TO MEDICAL RESTRICTIVE HOUSING.

SAWYER, DOUGLAS #267665 (B-51B) WAS INTERVIEWED: HE STATED THAT HE WAS STANDING IN L WHERE THE EVENING MEAL WAS BEING SERVED WHEN HE WAS HIT IN THE FACE. HE STATES THAT HE DID KNOW WHO HIT HIM BUT THOUGHT THAT SOMEONE SLIPPED COMING OFF THE STAIRS AND HIT HIM ACCIDENT. HE ALSO STATES THAT WHEN HE WAS PUNCHED THREE OR FOUR MORE TIMES HE KNOW SOMEONE ASSAULTING HIM AND FELL TO THE GROUND IN AN ATTEMPT TO COVER AND SHIELD HIMSELF. SAWYER ST/ THAT HE DID NOT KNOW WHO THE INMATE WAS THAT HIT HIM AND DID NOT KNOW WHY ANYONE WOULD HIT I

FERNANDEZ, LUIS #279900 (B-95A) WAS INTERVIEWED: HE STATED THAT HE WAS WALKING TOW/ THE SERVING LINE TO PICKUP HIS EVENING MEAL AND HE WAS APPROACHED BY SOME INMATE (SAWYER) STATED THAT HE WANTED TO KISS HIM. HE STATED THAT HE BECAME MAD AND STARTED TO PUNCH SA\ IN THE FACE. THE INMATE WAS ASKED WHY WOULD HE RESORT TO A PHYSICAL ASSAULT AND HE STATED HE DID NOT LIKE WHAT WAS SAID TO HIM. THIS WRITER ASKED FERNANDEZ IF HE HAD ANY INTERAC WITH SAWYER PRIOR TO THIS INCIDENT AND HE STATED NO, HE WAS ASKED IF HE WAS GANG AFFILIATED DIRECTED TO ASSAULT THIS INMATE AND HE STATED NO.

INMATE FERNANDEZ DID NOT RECEIVE ANY INJURIES AS HE WAS THE AGGRESSOR IN THIS INCID HE WAS EVALUATED BY CHN GOLDEN (SEE ATTACHED MEDICAL REPORT) AND PROCESSED AND SECURE! RESTRICTIVE HOUSING CELL #12 A. HE WAS PLACED ON ADMINISTRATIVE DETENTION STATUS PEN INVESTIGATION FOR ASSAULT AND RECEIVED A DISCIPLINARY REPORT FOR THE SAME. INMATE SAWYER RECEIVED INJURIES TO THE LEFTSIDE OF HIS FACIAL AREA WAS EVALUATED BY MEDICAL DEPARTMENT. WAS DETERMINED BY

# Incident Report - Page 4

## Connecticut Department of Correction

| ☐ Individual ☒ Summary | | | |
|---|---|---|---|
| Unit   MACDOUGAL-WALKER | Report No. | | Report Date   10/13/01 |
| Prepared By   S. MAYLOR | Title   LIEUTENANT | | Signature |
| Incident Class   1☐ 1A☐ 2☒ 3☐ | Type   " I " | Time   4:58   ☐ A.M. ☒ P.M. | Date   10/13/ |

ON-SITE STAFF THAT SAWYER WOULD NEED TO BE TRANSPORTED TO U-CONN MEDICAL FOR FURTHER CA OFFICER PELKEY WAS DIRECTED TO TRANSPORT THE INMATE TO U-CONN MEDICAL VIA THE WEST LOAD DOCK.   LIEUTENANT CARNES WAS NOTIFIED THAT THE INMATE WOULD BE ARRIVING AND GIVEN A SYNPOS OF THE INCIDENT.   THE OFFICER AND INMATE RETURNED TO THE FACILITY AT 10:01PM AND SUBSEQUENTLY SECURED IN RHU CELL 10B.   IT WAS REPORTED THAT THE INMATE RECEIVED SEVERAL SUTU ABOVE HIS LEFT EYE AREA.

CONNETICUT STATE POLICE WAS CONTACTED WITH TROOPER GINLEY ARRIVING TO THE FACILITY 8:12PM AND ARRESTED INMATE FERNANDEZ FOR ASSAULT 1ST DEGREE.   THE INMATE REFUSED TO SIGNE HIS NOTICE OF RIGHTS AND DECLINED TO MAKE A STATEMENT WITH THE TROOPER.   THIS WRITER GAV STATEMENT TROOPER GINLEY SINCE I WAS DIRECTLY INVOLVED AND IN EYEWITNESS TO THE ASSAULT FERNANDEZ.   AS THE FACILITY WAS LOOKING TO PURSUE CRIMINAL PROSECUTION THE TROOPER STATED T HE DID NOT NEED A STATEMENT FROM INMATE SAWYER AS HE WAS AT THE HOSPITAL.   A COPY OF TROOPERS PAPERWORK WAS SUBMITTED WITH THIS REPORT AND THE CASE NUMBER IS #HO1-2722104.

THERE WAS MINIMAL BLOOD SPILL WITHIN THE UNIT THAT WAS CLEANED BY THE TIERMEN UTILIZ THE OCCUPATIONAL EXPOSURE PROTOCOL.   THE CLEANING ITEMS TO INCLUDE THE INMATES JUMPSUIT DISPOSED OF IN THE BIOHAZARD BOX IN THE MEDICAL DEPARTMENT.

INMATE FERNANDEZ AND SAWYERS' PROPERTY WAS INVENTORIED, BAGGED AND TAGGED AND PUT IN PROPERTY ROOM FOR STORAGE AND SAFE KEEPING ALSO INMATE FERNANDEZ WAS ISSUED A DISCIPLIN REPORT FOR ASSAULT.

PRIOR TO CLEARING THE CODE BLUE THIS WRITER REMAINED IN THE UNIT AS THE EVENING MEAL STILL BEING SERVED.   THERE WAS NO FURTHER INCIDENT AND AT 5:20PM THE CODE WAS CLEARED AND AREAS RETURNED TO NORMAL OPERATIONS.   THE B-UNIT VIDEO TAPE WAS REVIEWED AND THE ANGLE IN WH IT WAS RECORDING DID NOT SHOW ANYTHING SO IT WAS RECYCLED AND RETURNED TO THE HOUSING UNI

OFFICER O'CONNOR WORKED 1ST SHIFT ON THE ABOVE DATE STATED THAT INMATE FELIZ,CHRIST #293703(B-51A) SAWYERS' CELL PARTNER HAD A VERBAL CONFRONTATION WITH EACH OTHER.   AS A RES OF THAT STAFF INTERVENED BY MOVING FELIZ TO (A-68A).   FELIZ WAS INTERVIEWED: HE STATES HE DID NOT HAVE A PROBLEM WITH HIS CELL PARTNER PRIOR TO THIS DATE BUT BECAME AGITATED SAWYER CONTINUOUSLY WAS TELLING HIM WHAT TO DO.   HE STATES THAT THEY WERE BOTH TIERMEN AN KNOW WHAT HE WAS DOING BUT SAWYER CONTINUED TO TELL AND NOT THE OFFICER SO HE GOT MAD AND IS WHEN OFFICER O'CONNOR INTERVENED.   HE WAS ASKED IF HE KNEW INMATE FERNANDEZ AND HE ST NOT PRIOR TO ARRIVING IN THE UNIT.   HE STATES THAT HE ONLY SPOKE WITH FERNANDEZ A COUPL TIMES AND DID NOT TELL HIM OR GESTURE TO HIM TO DO ANY HARM TO SAWYER.   FELIZ BELIEVES THAT ONLY CONNECTION THAT THE TWO MAY HAVE BETWEEN THEM IS THAT THEY ARE FROM THE DOMINICAN OF REPUB

A REVIEW OF BOTH INMATES RT50 SCREEN SHOW THAT THEY WERE BORN THERE.

END OF REPORT.

(Continue 25 paragraph)

pg. 18 of 19 and ADM. DIR. 9.5 SEC. 17 (F) pg 11 of 19 of the D.O.C Code of penal Discipline which institutional failure constitute denial of Procedural Due Process under the fourteeth amendment see Attached and marked As exhibit in paragraph (8) of the verified Complant is A Copy of the ADM. DIR. 9.5 pg 11 of 19 see 17 (F) and Attached and Marked As exhibit _____ incorporated herein is A copy of the ADM. DIR 9.5 pg. 18 of 19 sec. 41 showing the Records and reporting and disciplinary Report numbering system of Procedure Due Process.

26. The plantiff further states that After what happend on the Disciplinary Hearing date. Oct. 25, 2001 he filed an Appeal form CN 9507 following code of Penal Discipline 9.5 pg 18 of 19 sec. 40. Attached and marked As Exhibit in paragraph (25) of the verified complant is a copy showing 9.5 pg 18 of 19 sec. 40 procedure to file Appeals. Where Plantiff gave A word by word Statment of the factfinders As to the evidence Relied on and witnesses. This petitioner was then transfered from walker Correctional Ins. Suffield, CT. to Cheshire C.I. on nov. 9, 2001 but while At Cheshire C.I, conn. he Received on nov. 23, 2001 A Response from WARDEN BRIAN K. MURPHY date nov. 13, 2001 Attached and Marked As exhibit in paragraph 19 of the verified complant is a copy in concern to the Appeal of Disciplinary Incident Report date Oct. 31, 2001 deviining this Petitioner Appeal with prejudice. Attached and marked As Exhibit _____ incorporated herein is a copy of Appeal forms 1 and 2 filed by the plantiff.

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE OF | |
|---|---|---|---|
| 9.5 | February 16, 1998 | 18 | 19 |
| TITLE | Code of Penal Discipline | | |

A. No conviction for a Class A misconduct within 60 months; Class B misconduct within 48 months; and Class C misconduct within 36 months prior to application.

B. Continuous work assignment with favorable work evaluations 36 months prior to application.

C. Fully successful participation in an assigned program, other than work, for 24 months prior to application.

D. No increase in classification risk level within last 60 months.

E. Consistent with Administrative Directive 6.14, Security Risk Groups, shall not be designated as a Security Risk Group Safety Threat Member.

The Unit Administrator may recommend that the Complex Warden award jail credit good time that was not awarded because of a misconduct, if the inmate meets all the above statutory good time requirements.

An inmate who does not qualify for restoration as a result of insufficient time served, may apply to the Commissioner through the same procedures noted above, when the inmate is within 12 months of discharge. Such inmate must have demonstrated excellent performance and be discipline free for the 12 months prior to application.

40.   Appeals. An inmate may appeal a disciplinary action by completing the Disciplinary Hearing Appeal form CN 9507, Attachment G. Each unit shall provide Disciplinary Hearing Appeal forms, and a mail box clearly marked "Disciplinary Appeals", for inmates to submit a disciplinary appeal. The Disciplinary Coordinator shall remove and immediately forward all appeals, along with any other appropriate documents used in the adjudication of the Disciplinary Report, to the Unit Administrator, as appropriate, who shall not delegate the authority to respond to disciplinary appeals. Disciplinary action resulting from a guilty plea shall not be subject to an appeal. The appeal must be submitted within 15 days of the receipt of the Disciplinary Process Summary by the inmate. The appropriate Unit Administrator shall respond to any appeal within 30 business days of the receipt of the appeal.

The appellate authority may alter disciplinary action in any way that serves the State's correctional objectives. The action of the Unit Administrator shall be final and not subject to further appeal.

41.   Logbooks and Disciplinary Report Numbering System. Each Disciplinary Report submitted for disposition shall be numbered using the originating unit's initials; followed by a two (2) digit number signifying the present year; followed by a two (2) digit number signifying the present month; followed by the sequential number in which the report was submitted starting with the number one (1) for each new month. The Disciplinary Report shall be recorded in a disciplinary logbook upon submission to the Custody Supervisor or Unit Manager, in accordance with Attachment H.

42.   Records. The original of a Disciplinary Report and a copy of the Disciplinary Process Summary and the Investigators Report shall be maintained in the inmate's Master File, except as provided in Section



## Disciplinary Hearing Appeal - Page 1
### Connecticut Department of Correction

B68

CN 9507
Attachment G
1-11-94

You have been found guilty of a disciplinary offense and have received sanctions. You may appeal the hearing officer's decision by filling out both pages of this form—please print—and by placing it in the facility disciplinary appeal mail box. Please include copies pages 1 and 2 of the disciplinary report and pages 1 and 2 of the disciplinary process summary report (decision).

| Inmate name Luis Fernandez | Inmate no. 279900 | Date 10/29/01 |
|---|---|---|
| Facility W.R.S.M.U. | Charge Assault | Report date 10/13/01 |
| Date hearing completed 10/25/01 | Facility W.R.S.M.U. | |

Sanctions imposed: 15 P/S serve on 10/27/01, 30 C.T.Q. 10/28/01 and 30 L.O.M. 10/25/01 threw 11/23/01. The C.T.Q. is served on 11/26/01

Date you received your copy of the report The Disciplinary report on 10/14/01 and D.P.S.R. 10/29/01

Date you saw the disciplinary investigator 10/15/01

Did you see an advocate    ☒ yes    ☐ no

If yes, name of advocate MR. MASSA

Date you saw the advocate 10/22/01

Was the advocate one of a list of choices    ☒ yes    ☐ no

Did you identify witness(es) to the investigator    ☒ yes    ☐ no

If yes, name(s) of witness(es): PHILLIPS, Raymond and Febles, Robert. But I didn't Know their name(s) at the time and no one came to ask any statments of what had happen, but I Know somebody most have seen it.

Did your witness(es) testify in person    ☐ yes    ☒ no

If no, what was(were) the reason(s) given: Since no one came to ask about what happen name(s) of witness(es) or any statment weren't given. When MR. MASSA (advocate) came and spoke to my person on 10/22/01 I told him "pleas investigate because I have witness(es) the fight was do to self defense" He said "I'm going to but, you should talk to C.O. Sharp and ask for extra days so I could investigate". The only day I got in touch with C.O. Sharp was on 10/25/01 the hearing date.

Did the hearing officer hear your side of the case    ☒ yes    ☐ no

If no, why not:

Describe what you told the hearing officer: I told LT. DENIVAN that MR. Sawyer assaulted me First I responded in order to protect myself. I have b/n held incarcerated for about a year without ticket of any kind and working as a teacher man in B.C.C. when the assaultant was down I became overwhelmed and in acting defensive trained my life due of the extremaly possibility that the assaultant could have ... wanting to keep

Continue the Describe what you told the hearing officer".

I didn't heared the LT. S. unylor yelled to my person to "cease the action" I have always respected and will continue to follow any officer orders in and out correctional Departments.



# Disciplinary Hearing Appeal - Page 2
## Connecticut Department of Correction

CN 9507
Attachment G
2-15-94

| Inmate name: LuiS FeRNaNdeZ | Inmate no. 279200 | Date 10/29/01 |
| --- | --- | --- |

Give your reasons for appealing the decision and list the issues you want considered on appeal, including why you feel the decision was unfair, as well as any procedural concerns you may have (please print):
The decision of guilty found was because the CT.S.naylor yelled to myperson "to cease the actions" but I couldn't heared him and this is an order which was yelled when is not an assault that the CT. S. naylor yelled at my person the decision was unfair. The CT. DeRENDA, C.O. MS. shARP and Advocate were really respectful but the decision was poor. I was not given the chance to prove self defense or ask about what happen to other Inmates and if they wanted to be witness(es). The CT. GARVEY on 10/13/01 took pictures of my Arm were the assaultant MR. sawyer attacked my person. The code of Penal Discipline 1/26/98, 1/12/98 and 1/11/98 Administrative D, "continue on attach paper"→

Describe what action you want taken in this matter (please print): This MATTER should be taken seriously do to the charge of Assault in the Department of Correction and out-side charge that was only consider to be brought against my person. The self defense right I am willing to plea guilty of fighting And I ask again for copies of the incident report, use of force report, medical incident report, statments given by my person, statments given by MR. sawyer, statments given by the witness(es) And fotografs taken by CT. GARVEY of this matter. In the Disciplinary Report - page 2 there's no investigator, recipt date or Time on Report

---

## OFFICIAL USE—DO NOT WRITE IN THIS SPACE

Decision:

| Signature | Date 10/29/01 |
| --- | --- |

cc: Inmate master file

Continue of Reasons for appealing the decision:

9.5 under Authority and reference definition (L) Self Defense is the protection of oneself from an unprovoked attack which cannot be avoided page 2 of 19 was not taken in concern and when I asked to press changes on the Assultant MR. Sawyer nobody did nothing about it.

The medical or nurse acted prejudice because during her examination I told her " I feel my body burning" she didn't check for blood pressure or any other symthons just if I was injured like the assultant MR. Sawyer who I had no intest to cause physical injury.

27. The lead warden Brian K. Murphy neglected to give opportunity to inspect evidence and reckless disregard of his own Dept. regulations to conduct at least a minimal investigation to determine whether there was any merit to the Inmate Appeal which in the light of the information before him, the lead warden Brian K. Murphy failed to investigate further constitute wanton and reckless disregarding plaintiff fourteenth Amendment Procedural Due Process Rights protected Against Atypical and significant deprivation of liberty.

28. The Plaintiff further states that when and while in Walker C.I. segregation Detention Cell #12 he was subjected to unusual Procedures and while in confinement denied medical evaluation and states these conditions to be the following:

A) The Walker C.I. segregation Detention Procedure has faulty on Medical evaluating inmates who are not physically evaluated After receiving bruses from the contact of Another inmate punching him or Assaulting.

B) The plaintiff states that on Oct. 13, 2001 the day of Assault by the other inmate prison officials denied him dinner for Absolutly no reason while in segregation detention Cell #12 where he was process into.

C) Correctional officers Asigned to the Segregation Unit detention do not provide inmates with toothbrushes or toothpastes to keep A clean Hygiene properly According to regulations.

D) The prejudice Medical failure to evaluate the bruising from the punches on petitioner to be evidence that failed to produc. Could have been use to defend from guilt.

29. The plaintiff says the Dept. of Correction blanket policy of denying witnesses or type of witnesses are unconstitutional and violative of Due Process Clause.

30. The plaintiff states that, the denial of Medical evaluation while in segregation Detention is the result of inadequate Medical nurses that ignored following Medical procedures.

31. The plaintiff states that these conditions of segregation Detention violated his fourteeth Amendments Due Process Rights of Liberty interest do to the Disciplinary confinment that the petitioner Endured.

32. The Plaintiff says and states that all acts of wanton and reckless by the Dept. of Correction and defendants were deliber Ate and intentional when it deprived him of his fourteeth Amendments Constitutional Rights which create Liberty interest that is protected by the Due Process clause.

Date: Dec. 4, 2002

Respectfully Submitts,

by: _____

Luis Fernandez

Claims for Relief

1. The failure of the defendant Disciplinary Hearing LT. Demivian to impose evidence and witnesses before punishment of Person Rules violated the plaintiff fourteeth Amendment Constitutional Right to Liberty without Due Process of law and causing the plaintiff to Endure in segregation detention do to defendu Disciplinary Hearing LT. Demivian wanton and reckless Arbiterary Action.

2. The failure of the defendant Disciplinary Investigation c/o V. Sharp of her reckless investigation by Refusing to call witnesses or produce evidence from the results of the Incidents Reports Date 10/13/01 in violation of the Plaintiff fourteeth Amendment Right Against such practices And Acts and held in violation of the Dept. Policy Code of Penal Discipline 9.5 of Administration Directives from the D.O.C.

3. The defendant Advocate Counselor Massa failure to provide plaintiff with representation, defense and Appear At and Assist requesting continuance Amounted Arbiterary Negligence in violation of his duty As A Advocate According to 9.5 ADM. Dir. Code of Penal dis. copling and plaintiff Constitutional Right under the fourteeth Amend Due Process clause protection of A person Liberty when itself is A statutory creation of the state.

4. The defendant Advocate c/o Denota who At the last minute was Appointed failed to request A continuance to investigate, call witnesses and produce the evidence using Incident Report date 10/13/01 According with the Dept. policy and violated therein its regulations under code Penal discipline 9.5 which Amounted to the finding of guilt without Procedural Due process Against the plaintiff.

5. The defendant LT. Corriveau failure to appoint an investigator into the Allegation of Misconduct of Disciplinary Report pg 1 and pg 2 date Oct. 13, 2001 implicate the Deprivation of Copy or listing of Any physical evidence that may be used At the Hearing or trial in violation of procedure Due Process Protected by the fourteeth Amendment Rights.

6. Also defendant LT. S. Maylor and defendant LT. Corriveau Act of negligence to foward A Copy to the Disciplinary investigator or to Asigning an investigator violating Procedural Due Process for failing to perform their duty pursuant ADM. Dir. 9.5 of the D.O.C. rules and policy, deniang the Plantiffs' Liberty interest protected by the 14th Amendment.

7. The defendant ADM. duty officer major Carter failure to modif the finding of guilty Against the plaintiff or discontinue any punishment imposed in the Disciplinary Process Summary Report having in his possession the evidence and witnesses to do so following ADM. Dir. 9.5 were such failure violates Procedural Due Process fourteeth Amendment Rights of the plaintiff Liberty interest.

8. Fourther more, the defendants c/o P. Christie and LT. S. Maylor failure to state report number for record keeping and Reporting under ADM. Dir. 9.5 Constitute denial of Procedural Due Process under the fourteeth Amendments.

9. The defendant D.H.O. Meulemans reckless inActions to consist with the facts At the Disciplinary Hearing pursuant ADM. Dir. 9.5 and deniang the plaintiffs' Appeal with prejudice violates the plaintiff Liberty interest protected by the 14th

(Continue of prayer for Relief)
— Amendment without Procedural Due Process.

10. The defendant Dept. of Correction (c/a) WARDEN BRIAN
K. Murphy failed to constitute an investigation or give
Opportunity to inspect evidence or witnesses and any merit to
the Appeal failed by the plaintiff which protected Against
Atypical and significant Deprivation of liberty constituted
on the defendant wanton and reckless stropping prison
Disciplinary proceeding governed by Institutional and Constitu-
tional Requirements of laws.

11. Additionally this plaintiff is now At Cheshire C.I. on highly
nd Ave. in Conn. and thus this transfer does not render the
Action Moot the claims Raised concern conditions and pract-
ices of confinement on Oct. 13, 2001 At WALKER R.S.M.U.
D.O.C. and presents a live case or controversy Although
the plaintiff is at cheshire C.I. and is subject to the
defendants care, custody and supervision while inmates Are
transfered back and fourth between Prisons and Jails for
medical and legal reasons Accordingly there is practical Relief
that can be Afforded by a disposition of the Merits of
this CASE.

According the Plaintiff seek injunctive Relief As:

1. The expunged of the petitioner Prison records containing
determination of guilty or Assault which is not in Accord
with procedures governed between Institution and Constitu-
tional Requirements.

2. A declaratory Judgment stating that each defendants violated the petitioner fourteenth amendment Constitutional Right by depriving the plaintiff of life, Liberty or property without Due Process of law and any other violation.

3. A declaratory Judgment of wanton is regard of the defendants' Arbritrary Action.

4. Order that All D.O.C. Personnel Involved with civil Rights and Dept. Policy violations be Discipline As outlines and required by D.O.C. written Dept. Policy Adm Dir 2.6 Employee Directives and 2.17 Employee conduct.

5. A permanent Injunction which;

A) Prohibits defendants their successors in office Agents and Employees and All other persons in Active concert and participation with them from Harassing, threating, Punishing or Retaliating in any way Against Plaintiff because that prisoner submitted Affidavits in this case on behalf of the Plaintiff.

B) Prohibit defendant Director of correction from transferring plaintiff to Anyother institution without the plaintiff's Express Consent during the Pendency of this Action.

C) Require D.O.C. to remove from Plaintiff's file and record Any references to Any events described herein or to the fact that plaintiff filed this suit.

6. Require defendents to establish a policy and practice which provides inmates thereon WALKER R.M.S.U. with MEDICAL EVALUATION upon going into segregation Detention unit and/or provide Any basic personal hygiene needs As necessary.

7. Such other and further relief As this Court May deem just proper and equitable.

Date : Dec. 4, 2002

The Plaintiff,
by:
Luis Fernandez