UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez

v.

Monica Rinaldi, et al

FILED
2004 JUL 13 P 5:29
U.S. DISTRICT COURT
BRIDGEPORT, CONN

PRISONER
CASE: 3:03CV146
(WWE)(HBF)

Date: July 12, 2004

## PLAINTIFF'S BRIEF IN OPPOSITION AND RESPONSE TO DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFF'S OPPOSITION DATED JUNE 11, 2004, TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This action is by state prisoner under 42 U.S.C. § 1983 and jurisdiction also invoked pursuant to 28 U.S.C. § 1343 (A)(3) and Article 1 § 10, for deprivation of First, Fourth, Fourteenth and Eighth Amendment Rights privileges and/or immunities secured by the Constitution and laws caused by persons acting under color of law. The defendants while acting under color of law failed their duties to adhere ADM. proceedures and obstructed plaintiff from meaningfull reasonable adequate assistance to access the Court, interefend with plaintiff Master file access to his personal information, and deprived the plaintiff as a defendant opposing relief in Court and as pro se litigant from tools necessary to litigate in Court.

1 of 8

This Court by the Constitution of the State of Connecticut has jurisdiction to process plaintiff claim pursuant Article First section TEN (PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT):

ARTICLE FIRST SEC. 10: All Courts shall be open and every person for an injury done to him in his person, property or reputation, shall have remedy by due Course of law, and Right and Justice administered with out sale, denial or delay.

This Court shall have original jurisdiction of any civil action Authorized by law to be Commenced by any person:

1) To recover damages for injury to his person, property or reputation or because of the deprivation of any Right or privilege of a citizen of the United States by any Act done in furtherance of any Conspiracy mentioned.

2) To recover damages from any person who fails to prevent or to Aid in preventing any wrong mentioned.

3) To redress the deprivation, under Color of any State law, statute, ordinance, regulation, custom or Usage, of any Right, privilege or immunity secured by the Constitution of the U.S. or State of Connecticut or by any Act of Congress providing for Equal Right's of citizens or of all persons within the Jurisdiction of the U.S.

2 of 8

This district Court shall have original jurisdiction of any civil action authorized by law to be commenced by any person pursuant, 28 U.S.C. § 1343(3), to redress the deprivation, under color of any state law, statute, ordinance, custom, or usage, of any right, privilege, or immunity secured by the Constitution of the U.S. or by an Act of Congress providing for equal rights of citizens or off all persons within the jurisdiction of the United States.

While § 1983 provides the basis for this cause of action and remedy for plaintiff lawsuit, 28 U.S.C. § 1343(3) provides the jurisdiction for the federal court to hear plaintiff case as pleaded in the complaint as the basis for federal court jurisdiction.

Section § 1983 permits the plaintiff to sue for "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" caused by persons acting "under color of state law" citing, Monroe v. Pape, 365 U.S. 167, 180, 81 S.Ct. 473 (1961); Also, Gomez v. Toledo, 446 U.S. 635, 100 S.Ct. 1920 (1980).

The loss of Constitutional Rights, even for short periods of time, constitutes irreparable injury. Citing Elrod v. Burns, 427 U.S. 347, 373 (1976); Deerfield Medical Center v. City of Deerfield Beach, 661 F.2d 328, 338 (5th Cir. 1981). The deprivation of plaintiff Masterfile Copies as legal materials for on-going Court cases clearly violates the Constitution. Plaintiff's likelihood of winning a final judgment

3 of 8

on the Habeas Corpus Action, Fernandez V. Warden, No. CV02-0469955-S, challenging the condition of confinement which depended on the preparation of legal papers with supporting proof of the Masterfile Copies legal materials is overwhelming which defendants knew of or should have known of the risk of irreparable injury when the Superior Court on Sept. 11, 2003 dismissed plaintiff Habeas Corpus Action. Prisoner's right to petition the Courts, to prepare legal papers for this purpose, and to be free of confiscation of these paper is so well established as to be unquestionable. citing, <u>Bound V. Smith</u>, supra; <u>Franklin</u> V. <u>State of Oregon</u>, 662 F.2d 1337 (9th Cir. 1981).

The public interest is best served when all persons, including prisoners, enjoy unimpaired access to Courts. See, <u>Bound V. Smith</u>, 430 U.S. 17 (1977).

The plaintiff as a result of the inability to receive adequate meaningful assistance, plaintiff Habeas Corpus Action was dismiss, by the defendants who prevented the presentation of the Masterfile Copies being held by them. Prison officials must "Assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. Id. at 828.

The defendants never complied with the Freedom of Information Act which they admit. The charged $7.50 for the copies already made of plaintiff

4 of 8

Masterfile was never waived nor reasonable meaningful assistance provided since the plaintiff could not paid the charge of those copies while defendants knew of or should have known of the plaintiff Masterfile copies were part of on-going court cases which infringed plaintiff Constitutional Right to the Courts. Citing, Sostre v. McGinnis, 442 F.2d 178, 189 (2d Cir. 1971) "The Constitution protects with special solicitude, a prisoner's access to the Courts." Moreover, the plaintiff submitted several grievances regarding the Masterfile copies as part of on-going court cases illegal materials or tools the plaintiff needed to attack sentences, directly or collaterally, and in order to challenge the conditions of confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly Constitutional) consequences of conviction and incarceration. Citing, Lewis v. Casey, 116 S.Ct 2174, 2182 (1996) see, (Plaintiff opposition to defendants summary judgment, Exhibits and Amended Complaint Exhibits).
Even, plaintiff Affidavit in opposition to defendants' Motion for Summary Judgment date June 11, 2004, p.11, para. 12, proofs that "the Master file copies of the original disciplinary report has been misfiled and they (D.O.C.) are searching for it", which defendants do <u>not</u> dispute and admit having custody or possession of the plaintiff Masterfile copies.
In this case, the defendants failed to provide

any meaningful reasonable assistance to the plaintiff for accessing the Courts where the Dept. of Correctional Freedom of Info. Act procedures and Grievances procedures had bin denyed and deliberately ignored violating D.O.C. regulation Administrative directives/Policy which is sufficient to create a liberty or property interest. Citing, e.g., Parker v. Cook, 642 F.2d 865, 868-76 (5th Cir. 1981); Bills v. Henderson, 631 F.2d 1287 (6th Cir. 1980); Stringer v. Rowe, 616 F.2d 993 (7th Cir. 1980); Pugliese v. Nelson, 617 F.2d 916, 922 (2d Cir. 1980); Finney v. Mabry, 528 F.Supp. 567, 570 (E.D. Ark. 1981).

The Supreme Court held that a "protectable entitlement" is created in use of explicitly mandatory language in connection with requiring specific substantive predicates demands a conclusion that the State has created a protected liberty interest." (see, Plaintiff opposition to defendants Summary Judgment, exhibits, brief and Affidavit). Citing Greenhotlz v. Inmates of the Nebraska Penal and Correctional Complex, Id. 442 U.S. at 11-12; and Hewitt v. Helms, __ U.S. __ 103 S.Ct. 864, 871 (1983).

The substantive predicates means particularized standards or criteria [that] guide the state's decisionmakers. Citing Conn. Board of Pardon, v. Dumschat, 452 U.S. 458, 467 (1981) (Brennan J., concurring).

6 of 8

Wherefore the plaintiff setting facts within the knowledge of the defendants asserts the Affirmative of this honorable court Jurisdiction over the meritfull plaintiff Amended Complaint, and presentation of the irreparable injury/harm to a Jury for taking into account the nature and extent of the injuries. Citing GORCZYCA V. NEW YORK. N.H. & H.R. Co., 141 Conn. 701, 109 A.2d 589 (1955); Royston V. Factor, 1 Conn. App. 576, 474 A.2d 108 (1984), certif den 194 Conn. 801, 477 A.2d 1021.

### Conclusion

The plaintiff pro se, respectfully request this honorable Court the Granting of Plaintiff Brief In opposition and response to defendants' memorandum In response to Plaintiff opposition date June 11, 2004, to defendants' Motion for Summary Judgment, and denied the dismissal of the Amended Complaint.

RESPECTFULLY SUBMITTED

Luis Fernandez   PRO SE
M.W.C.I.
1153 East St. South,
Suffield, CT 06080.

7 of 8

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following defendants Attorney on this 12th day of July, 2004.

Robert F. Vacchelli,
Ass. Att. Gen.
110 Sherman Street,
Hartford, CT 06105

_____
Luis Fernandez
Pro Se