UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2005 MAR 11 P 2: 25
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

LUIS FERNANDEZ

V.

MONICA RINALDI, ET AL.

PRISONER
CASE NO. 3:03CV146 (WWE)

## RULING ON PENDING MOTIONS

Pending before the court is a motion for jury trial, a motion for appointment of counsel and a motion for exception filed by the plaintiff. For the reasons set forth below, the motion for appointment of counsel and for jury trial are denied and the motion for exception is granted.

The plaintiff has filed a motion entitled "Motion for Exception" in which he asks the court to review his papers without regard for technicalities. Defendants oppose the motion on the ground that a liberal reading of his papers does not relieve plaintiff from the requirement that he state a claim upon which relief may be granted.

The court liberally construes all papers submitted by pro se litigants and does not hold them to the same standard as a trained attorney. See Haines v. Kerner, 404 U.S. 519, 520 (1972). This practice, however, does not relieve plaintiff from the requirement that his complaint must state a claim upon which

relief may be granted and that he must respond to all motions in accordance with the federal rules of practice and notices issued by the court.

Plaintiff's Motion for Exception [**doc. #38**] is **GRANTED** to the extent that the court will construe plaintiff's papers liberally, just as it does all papers submitted by pro se litigants.

The plaintiff also seeks an appointment of <u>pro bono</u> counsel in this action pursuant to 28 U.S.C. § 1915. The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. See <u>Hodge v. Police Officers</u>, 802 F.2d 58, 61 (2d Cir. 1986), <u>cert. denied</u>, 502 U.S. 996 (1991).

The plaintiff fails to indicate that he has made any attempts to secure the assistance of counsel on his own. In addition, the plaintiff does not indicate that he has made any attempt to contact the Inmates' Legal Assistance Program with respect to any questions he may have concerning this case. Although Inmates' Legal Assistance may not be able to represent the plaintiff in this action, the program is available to assist the plaintiff in answering questions concerning discovery issues, researching legal issues and drafting motions and memoranda.

The possibility that the plaintiff may be able to secure legal assistance or counsel independently precludes appointment of counsel by the court at this time. Accordingly, the

plaintiff's motion for appointment of counsel is denied.

The plaintiff makes a demand for a trial by jury. The plaintiff's amended complaint includes a demand for a jury trial. Thus, the plaintiff's request is denied as moot.

### Conclusion

The Motion for Exception [**doc. # 38**] is **GRANTED** to the extent that the court will construe plaintiff's papers liberally, just as it does all papers submitted by pro se litigants. The Motion for Appointment of Counsel [**doc. # 31**] is **DENIED** and the Motion for Jury Trial [**doc. # 27**] is **DENIED** as moot.

SO ORDERED at Bridgeport, Connecticut, this _10_ day of ___March, 2005.

_____
Holly B. Fitzsimmons
United States Magistrate Judge