UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | PRISONER |
| | : | NO. 3:03CV146(WWE)(HBF) |
| VS. | : | |
| | : | |
| MONICA RINALDI, ET AL. | : | MARCH 31, 2005 |

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
## MOTION TO REVISE AND CORRECT

By pleading dated March 19, 2005, and titled "Motion to Revise & Correct Ruling Doc. # 38, 31 & 27" plaintiff pro se inmate asks this court to reverse its decisions on the cited motions. We urge the court to deny the request.

Presumably, plaintiff's Motion to Revise and Correct is an effort pursuant to Rule 60(b), F.R.Civ. P. That rule provides, in pertinent part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying from the operation of the judgment.

Rule 60(b), F.R.Civ.P.

A Rule 60(b) motion cannot be used as a substitute for an appeal. Plaintiff's contentions that the court excluded his evidence or arguments are nothing more than a dissatisfaction with the rulings of the court, which may be appropriate for appellate review, but not for Rule 60 relief. McCarthy v. Mayor, 827 F.24 1310, 1318 (9th Cir. 1987). Although district courts are something allowed to correct obvious errors of law, such as overlooking controlling statutes or case law in the context of a Rule 60 motion, such a motion is an improper vehicle for raising or testing contentions which are arguable at best. In re Ta Chi Navigation, 728 F.2d 699, 703 (5th Cir. 1984).

A motion under Rule 60 is addressed to the trial court's discretion and is generally not reviewable except for clear abuse of discretion. Mendell v. Gollust, 909 F.2d 724, 731 (2nd Cir. 1990).

Plaintiff's points are addressed seriatim:

1.  Plaintiff's Docket No. 38 was his Motion for Exception dated July 12, 2004. His reason for seeking correction of this decision is unclear because the court granted his motion, to the extent that it agreed to construe his papers liberally, just as it does all papers submitted by pro se litigants. See Ruling on Pending Motions, (March 10, 2005), Docket No. 44, at p. 2. Accordingly, the instant Motion should be denied.

2.  Plaintiff's Docket No. 31 was his Renewed Motion for Appointment of Counsel Pro Bono dated June 11, 2004. The court denied his motion because he failed to show attempts to secure counsel on his own as required by Hodge v. Police Officers, 802 F.2d 58, 61 (2nd Cir

1986) cert. denied 502 U.S. 996 (1991). See Ruling, Id. at p.2. Plaintiff complains that he attached to his motion "more than approx. 5 Attorneys stating they cannot assist him in this case." Plaintiff's Brief, p. 2. However, that Motion had only one attachment, and it is a medical record. Thus, the court made no error and plaintiff's instant Motion should be denied.

      3.     Finally, plaintiff asks for revision and correction with regard to the court's decision denying his Motion for Jury Demand dated March 25, 2004, Docket No. 27. The court correctly denied the motion as moot, noting that plaintiff's Amended Complaint already had a jury demand. See Ruling, Id at p. 3. The Ruling is correct. There is no need to ask for a jury twice. Moreover, the entire issue is moot because the court, by decision dated March 21, 2005, granted summary judgment to all defendants. See Ruling, Docket No. 45, Judgment, Docket No. 46.

      For all of the foregoing reasons, we urge the court to deny plaintiff's motion.

DEFENDANTS,
Monica Rinaldi, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:_____/s/_____
Robert F. Vacchelli
Assistant Attorney General
Federal Bar No. ct05222
110 Sherman Street
Hartford, CT  06105
Telephone No.: (860) 808-5450
Fax No.: (860) 808-5591
E-mail:  robert.vacchelli@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 31st day of March, 2005:

Luis Fernandez, Inmate No. 279900
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT  06080

_____/s/_____
Robert F. Vacchelli
Assistant Attorney General