UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Luis Fernandez | : | Case: 3:03CV146(WWE)(HBF) |
| V. | : | |
| Monica Rinaldi, et al | : | April 7, 2006 |

MEMORANDUM OF LAW FOR APPOINTMENT OF COUNSEL ON APPEAL

As the mater docket record in this action shows, plaintiff stated a cause of action granting I.F.P. under prima facie case. In addition, plaintiff has bin denied the level of assistance under Lewis v. Casey.

## ARGUMENT

**THE PLAINTIFF STATED A CAUSE OF ACTION FOR APPOINTMENT OF COUNSEL**

To make prima facie case under § 1983, plaintiff must demostrate that a person is acting under color of law, deprived him of federal Right.[Docket# 1-7] **BERG V. COUNTY OF ALLEGHENY**, 219 F.3d 261(3rd Cir. 2000).

District Courts have considered the capability of an indigent plaintiff to present the case where I.F.P. status has been granted. See, **DAVIS V. UNITED STATES**, 214 F.2d 594 (1954); **SPEARS V. UNITED STATES, supra note** 56.

This plaintiff has been found indigent by the district court [Docket# 1-7], under 28 U.S.C. § 1915 and pursuant to Rule 10(A) F.R.C.P. where district courts have appointed counsel in cases as in this one were it need only be sufficiently plausible that claim could state cause of action. See, **ANYANWUTAKU V. MOORE**, 151 F.3d 1053, 1058(D.C. Cir.1998).

The facts alleged in plaintiff Amended complaint does establish a violation of law for appointment of counsel § 1915(d) meeting the threshold by the district court finding "Cause of action" before granting I.F.P. which plaintiff requires appoitnment of counsel to represent the likelihood of success on the merits. See, **BURGOS V. HOPKINS**, 14 F.3d 787, 789(2nd Cir.1994). Even in cases were the district court found material facts in dispute there have been appointment of counsel for these same reasons. See, **LOPEZ V.REYES**, 692 F.2d 15 (5th Cir.1982); **MANNING V. LOCKHART**, 623 F.2d 536 (8th Cir.1980); **U.S. EX REL, ROBINSON V. MEYERS**, 22 F.supp. 845, 848 (E.D.Pa 1963) Aff'd, 326 F.2d 972 (3rd Cir.1963).

"Prisoners raising civil rights claims, like other civil litigant , have no absolute Constitutional Right to counsel.....The key is whether the Pro-se litigant needs help in presenting the essential merits of his or her position to the Court."**KILGO V. RICKS**, 983 F.2d 189 (11th Cir.1993).

A court must exercis its discretion in accordance with sound legal principles, and its decision is subjected to review for abuse of that discretion . Citing, **HODGE V. POLICE OFFICERS**, 802 F.2d 58(2nd Cir.1986).

**THE COMPOSING OF RULE 28 F.R.C.A.P. WILL BE BETTER COMPLY BY AN ATTORNEY**

from being unable to do a good job in his legal work the plaintiff left out of the Amended Complaint allegations, legal theories not pursued, cases not cited in the briefs that plaintiff did manage to file opposing summary judgment and evidence/exhibits such as the plaintiff **Notice of Manual Filing**

which in this case the district court denied to submit them (unusual difficult standards) pro-se. See, Exhibit "A" herein Order returning submission date 6/18/04.

The Appellate Courts take note that Rule 28 of the Federal Rules of Appellate Procedure requires an appellate brief contain " An argument consisting of more than a generalized assertion of error with citations to support authority," which Rule 28 applies equally to the plaintiff litigant.

District Court should consider appointment of counsel on appeal where counsel is able to explain the applicable legal principles to the Amended Complaint and limit litigation to potentially meritorious issues. In addition, appointment of counsel provides the unlettered plaintiff with an opportunity to obtain the representation equally qualified with the professional counsel usually provided by the states for the defendants. See, **WRIGHT V. DALLAS COUNTY SHERIFF"S DEPT.**, 660 F.2d 623(1981), quoting **KNIGHTON V. WALKINS**, 616 F.2d 759 (5th Cir.1980); **STRINGER V. ROWE**, 616 F.2d 993,1001(7th Cir.1980).

The State of Connecticut denies access to the courts by its policy from the Dept. of Correctional interfering and obstructing the legal knowledge involve in the contain of Appellate Briefing and supporting authority, See, Exhibit "B" Dept. of Correctional Operation Division March 25,2004 policy entered.

This district court must consider appointing counsel on appeal for the plaintiff which is not only acknowledgable is necessary because of the D.O.C. overrall denial policies to access the courts prejudice, obstructs the plaintiff position to prepare his brief and investigate crucial facts needed for appeal, but also because plaintiff is unable to present the case do to the lacking of legal materials, jailhouse lawyer assistance, the

plaintiff has no law school education, and as a Spanish speaking person the legal issues are to complex to litigate himself nor does the Dept. of Correctional provides no adequate law library containing up to date materials for shepherdicing this case. See, **YOUNGER V. GILMORE**, 404 U.S. 15(1971); **MURRELL V. BENNETT**, 615 F.2d 306, 311 (1980); **SLAVIN V. CURRY**, 690 F.2d 446(1982).

**THE FORBIDING OF ATTORNEY ASSISTANCE IN THIS CASE IS OVERBOARD**

The question still remains even after finding a cause of action" Would the rejection and denial of Connecticut Inmate Legal Assist Programs to assist the plaintiff is enough for the Court to ignore appointing counsel?"

Well, in this case the district court now cannot find the attorney letters with regard of plaintiff efforts to obtain assistance of counsel which the plaintiff attaches copies of the original letters submitted lost in the district court so let not loose these three letters, and allow the district court to review them for considering appointment of counsel. See, Exhibit "C" herein letters from Att.Ponvert III 1/10/05, Legal Director Lamoreaux 12/9/04 and Att.Schoenhorn, 1/25/05.

Going back to Inmate Legal Assist. Progr., the plaintiff was rejected and/or denied assistance by I.L.A.P. even after the district court found a prima facie case pursuant 28 U.S.C.§ 1915 Att.Schulman, I.L.A.P. contractor & Jenna Edmundson who falsely presented herself as an attorney at law denying to provide assistance.See, Exhibit "D" herein Statewide Grievance Committee Mr.Bowler Letter date March 3,2006 and I.L.A.P. letter 6/25/03. "Right of initial access to commence a lawsuit," **BENJAMIN V. JACOBSON**, 935 F.supp.332, 352 (S.D.N.Y.1996).

Shortcoming in the Conn.I.L.A.P. have hindered and are presently

hindering the plaintiff efforts to pursue meritful claims which the district court may consider in appointment of counsel on appeal do to the complex and inability of the Spanish speaking plaintiff to represent his case when being denied of adequate legal assistance. See, **BEE V. UTAH STATE PRISON**, 823 F.2d 397(10 Cir.1987).

The State of Connecticut D.O.C. contract with I.L.A.P. requires assistance to persons who have met the prima facie case standard which plaintiff did meet but was hindered in pursuing meritful claims by I.L.A.P. denials. [Docket#1-7] See, EXHIBIT "E" D.O.C. contract with I.L.A.P. Citing, **SPATES V. MANSON**, 644 F.2d 80, 84(2nd Cir.1981).

This district court should consider the exceptional circumstances from the Motion's filed with this Court were the absences of all necessary assistance in a prison system without making some alternative arrangments to apprise prisoners of their Rights violates the First Amend., through the Fourteenth Amend., to access to the Court. See, **TABRON V. GRACE**, 6 F.3d 145, 155-58(3rd Cir.1993).

To sum up, the interest of justice would best be served in this case if an attorney is appointed to represent the plaintiff on appeal.

Wherefore, the plaintiff Fernandez moves for appointment of Counsel on appeal.

Respectfully Submitted,

_____

Luis Fernandez
1153 east st south,
suffield, CT 06080

CERTIFICATION

This certifies that I have on this 7 day of April, 2006 placed a true and correct copy of the:

MOTION FOR APPOINTMENT OF COUNSEL ON APPEAL

in the U.S. mail, first class postage prepaid, addressed to:

Att. Robert F. Vacchelli,

110 Sherman st.,

Hartford, CT 06105

Luis Fernandez



UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

------------------------------------------------x

LUIS FERNANDEZ

vs.  :Civil No. 3:03cv146(WWE)(HBF)

MONICA RINALDI, ET AL

------------------------------------------------x

FILED

2004 JUN 24 P 6:05

PRISONER
U.S. DISTRICT COURT
BRIDGEPORT, CONN

## ORDER RETURNING SUBMISSION

The Clerk has received your <u>NOTICE OF MANUAL FILING;</u> however, it is deficient in the area(s) checked below:

(NOTE: L.R. refers to the Local Rules, District of Connecticut)

1. _ L.R.5(b)
   _ No certificate of service attached to pleading
   _ Certificate of service fails to list names and addresses of all parties served
   _ Certificate of service is not signed

2. _ L.R.5(d)   Failure to submit document under seal

3. _ L.R.10
   _ Failure to sign pleading (original signature)
   _ Failure to double space
   _ Margin is not free of printed matter
   _ Left hand margin is not one inch
   _ Judge's initials do not appear after the case number
   _ Docket number is missing
   _ Failure to supply federal bar number
   _ Holes not punched in document

4. _ L.R.68   Failure to file offer of judgment in a sealed envelope

5. _ L.R.83.1(d)   Motion to admit pro hac vice must be made by local counsel or member of the bar of this Court

6. ✔ Other   **Pro se parties are not required to submit documents on disk, and are therefore not required to submit a Notice of Manual Filing**

The Clerk is hereby Ordered to return the above pleading and to notify counsel of such action.

Date: 6/18/2004

United States Magistrate Judge

(mel)

rev. 1/1/03

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JUN 17 2004

Luis Fernandez                    :        PRISONER
                                           Case No 3:03CV146
V.                                :        (WWE)(HBF)

Monica Rinaldi, et al.            :        June 11, 2004

## Plaintiff Notice of Manual Filing

Please take notice that plaintiff, Luis Fernandez Pro Se, have manually filed the following documents:

1. Exhibits 'A' thru 'M' - Plaintiff Affidavit in Opposition to Defendant's Motion for Summary Judgment.

2. Plaintiff Motion Opposing Statement to Defendants Local Rule 56 (A)(1) statement.

3. Plaintiffs' Opposition to Defendants Motion for Summary Judgment.

4. Exhibits N & O - Plaintiff Brief in Opposition to Defendants' Memorandum In Support of Motion for Summary Judgment.

1 of 2

5. Exhibit 1. — PLAINTIFF RENEW MOTION FOR APPOINTMENT OF COUNSEL PRO BONO.

The documents have been manually served to defendants Attorney.

RESPECTFULLY SUBMITTED

Luis Fernandez    Pro Se
M.W.C.I.
1153 East Street South,
Suffield, CT 06080

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following defendants Attorney on this 11 day of June, 2004.

Robert F. Vacchelli,
Ass. Att. Gen.
110 Sherman St,
Hartford, CT 06105

Luis Fernandez
Pro Se

2 of 2

Case 3:03-cv-00146-WWE    Document 59-2    Filed 05/02/2006    Page 11 of 18



Case 3:03-cv-00146-WWE    Document 59-2    Filed 05/02/2006    Page 11 of 18



# STATE OF CONNECTICUT
## Department of Correction
### Operations Division
24 Wolcott Hill Road
Wethersfield, CT 06109

TO:     DISTRICT ADMINISTRATORS
        WARDENS

FROM:   Brian K. Murphy, Deputy Commissioner  /B—/  3-25-04

DATE:   March 25, 2004

RE:     INMATE ACCESS TO CONNECTICUT COURTS

Attached please find a notice to the inmate population regarding access to Connecticut courts. In addition to the memo, you will find additional related information regarding access to courts. Please be advised that you are to take the following action:

1. Post both the Notice to the Inmate Population and the related information in all housing units and Libraries;
2. Educate and have copies available for staff that deal with the inmate population; i.e. unit managers and counselors;
3. Add the enclosed notice and related information to the Inmate Handbook, in its entirety;
4. Provide the attached habeas form in locations where other court related forms are currently stored;
5. All other court related forms are to be removed from the facility.

In regards to photocopying for inmates, such requests shall be processed in accordance with Administrative Directive 3.10, Fees, and Reimbursements, specifically Section 8C.

Please contact my office if you have any questions.

BM/llm

Attachment

cc:  Theresa C. Lantz, Commissioner
     Carol Salsbury, Deputy Commissioner
     Dennis Jones, Director
     Mary Johnson, Director
     Brian Garnett, Director
     Steve Strom, Assistant Attorney General
     file

# ATTACHMENT C

# Jon L. Schoenhorn & Associates                             Attorneys At Law

97 Oak Street ■ Hartford, CT ■ 06106-1515

Jon L. Schoenhorn * †
Jennifer L. Bourn
\* Also admitted in the District of Columbia
† National Board Certified Criminal Trial Specialist

Telephone: (860) 278-3500
Fax: (860) 278-6393
E-Mail: CIVLRIGHTS@AOL.COM

January 25, 2005

**<u>Attorney-Client Mail</u>**

Luis Fernandez #27990
McDougal Correction
1153 East Street South
Suffield, CT 06080

Re:    Civil Rights Cases

Dear Mr. Fernandez:

    Thank you for your recent letter. As you might gather, I receive many letters from inmates such as yourself, describing civil rights cases such as violations by the State of Connecticut and the Department of Corrections. Although I am always angered by mistreatment, whether physical abuse or abuse of the system, please understand that I run a small office and must, unfortunately, decline to represent many of the people who need my help in these cases. Presently, my caseload is too heavy to take on an additional prison civil rights case.

    I hope you won't be discouraged by my response, and will be able to find an attorney interested in handling your case. If you are unsuccessful by your own efforts, I believe the clerk will make additional calls on your behalf if you produce evidence that you were unable to locate someone yourself. You might also try contacting the Connecticut Prison Legal Assistance to Prisoners office in Hartford (10 Grand St., Hartford, CT 06106) for additional suggestions in filing papers yourself.

    Good luck with your suit.

Very Truly Yours,

*[signature]*

Jon L. Schoenhorn

JLS:mm
F:\SHARED\GENERAL\PRISONER\Fernandez.wpd

# Koskoff Koskoff & Bieder PC

*Law Offices*

P.O. Box 1661
Bridgeport, CT 06601

350 Fairfield Avenue
Bridgeport, CT 06604

(203) 336-4421
FAX (203) 368-3244

e-mail: kkb@koskoff.com
www.koskoff.com

Theodore I. Koskoff
  (1913-1989)
Michael P. Koskoff
Richard A. Bieder*
Joel H. Lichtenstein
John D. Jessep
Christopher D. Bernard*
Carey B. Reilly
James D. Horwitz
Joshua D. Koskoff
Regina M. Murphy
Antonio Ponvert III
Kathleen L. Nastri
William M. Bloss
Gertrude A. Kiaunis
J. Craig Smith
Cynthia C. Bott
Lillian C. Gustilo

*Certified Civil Trial Advocate
  National Board of Trial Advocacy

Of Counsel
James Wu, LLC
Neal A. DeYoung △
△Also Admitted in New York

Paralegals
Linda Grossberg
Barbara Larocca
Beth Vogler
Diana V. Orozco
Patricia M. Harris
Marge Esposito
Wendy Grosso
Deborah A. Dinan
Diane C. Rivera
Diane L. Zalewski
Terri L. Beatty
Janet E. Mitchell
Evelyn McGrath

January 10, 2005

Legal Mail

Luis Fernandez
No. 279900
MacDougall C.I.
1153 East Street South
Suffield, CT 06080

Dear Mr. Fernandez:

I am in receipt of your letter dated December 30, 2004. Unfortunately, I will not be able to assist you with your matter.

I wish you the best of luck.

Sincerely,

Antonio Ponvert III

APIII:sc



# CCLU

## Connecticut Civil Liberties Union Foundation

32 Grand Street • Hartford, CT 06106
860-247-9823 • Fax: 860-728-0287

December 9, 2004

Luiz Fernandez #279900
MacDougall Correctional Institution
1153 East Street South
Suffield, CT 06080

Dear Mr. Fernandez:

    I am in receipt of your recent letter. Unfortunately, we do not have enough staff or resources to help you with the assistance you requested. We are a private non-profit organization, funded by memberships, donations and fundraising. For this reason, we cannot take on litigation or furnish legal assistance to address the type of claims you

    I suggest you contact Michael Koskoff, Koskoff, Koskoff & Bieder, 350 Fairfield Avenue, Bridgeport, CT 06604, or Jon Schoenhorn, 97 Oak Street, Hartford, CT 06106. They may be able to assist you in your efforts. Good luck and I regret this organization cannot be of more help.

Sincerely,

Annette M. Lamoreaux
Legal Director

AML/scs







STATE OF CONNECTICUT
JUDICIAL BRANCH

## STATEWIDE GRIEVANCE COMMITTEE
Michael P. Bowler, *Statewide Bar Counsel*

*287 Main Street*
*Second Floor – Suite Two*
*East Hartford, CT 06118-1885*
*(860) 568-5157 Fax (860) 568-4953*
*Judicial Branch Website: www.jud.ct.gov*

March 3, 2006

Luis Fernandez
#279900 MacDougall CI
1153 East Street South
Suffield, CT 06080

**RE:  Complaint Against Attorney**

Dear Mr. Fernandez:

We are returning your February 24, 2006 Complaint Against Attorney form. The Roll of Attorneys reflects no record of a Jenna M. Edmundson being a member of the Connecticut bar.

The authority of the Statewide Grievance Committee is essentially limited to reviewing grievance complaints filed against Connecticut attorneys and determining whether attorney misconduct has occurred. Accordingly, the Committee does not have jurisdiction over alleged misconduct on the part of Jenna M. Edmundson and will not proceed against her.

Sincerely,

Michael P. Bowler

MPB/jf
Enclosures