UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | PRISONER |
| | : | NO. 3:03CV146(WWE) |
| VS. | : | |
| | : | |
| MONICA RINALDI, ET AL. | : | AUGUST 22, 2006 |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION IN CORRECTION OF INAPPROPRIATE RULINGS**

The defendants, Monica Rinaldi et al., hereby oppose Plaintiff's pro se pleading dated August 14, 2006 in the above matter entitled, "Motion In Correction Of Inappropriate Rulings On Doc. # 58, 61 and 59 & Recon. #65."

In this motion, plaintiff, in effect, seeks to void the court's decisions on four of his motions. The court denied plaintiff's Motion for Leave to Proceed In Forma Pauperis on appeal (Doc. # 58) and Motion for Appointment of Counsel on appeal (Doc. # 59), as premature because plaintiff has not yet appealed. Plaintiff argues that he did appeal, and attaches a copy of a Notice of Appeal dated April 7, 2006. See Plaintiff's Motion, Attachment A. The undersigned counsel for defendants did receive a copy of that Notice, on May 2, 2006. However, a review of the court's electronic docket shows no receipt of the item at court. The court did permit plaintiff until August 25, 2006, within which to file his Notice of Appeal in its decision on plaintiff's motion in Doc. # 61. Accordingly, the court was not incorrect, and the plaintiff was not harmed. There is no cause for correction of the decision.

As for plaintiff's request that the court reconsider his motion to depose persons pending appeal in Doc. # 60, the court correctly found no merit in this request. The standard for granting a motion for reconsideration is strict. Reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other works, that might reasonably be expected to alter the conclusion reached by the court." See, Schrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2nd Cir. 1995). The function of a motion for reconsideration, thus, is to present the court with an opportunity to correct "manifest errors of law or fact or to consider newly discovered evidence…" LoSacco v. City of Middletown, 822, F.Supp. 870-876-77 (D. Conn. 1993) (quoting Rothewell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2nd Cir. 1994). No circumstances are presented meriting reconsideration here.

Wherefore, we urge the court to deny the request.

        DEFENDANTS,
        Monica Rinaldi, et al.

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL

BY:_____/s/_____
    Robert F. Vacchelli
    Assistant Attorney General
    Federal Bar No. ct05222
    110 Sherman Street
    Hartford, CT  06105
    Telephone No.: (860) 808-5450
    Fax No.: (860) 808-5591
    E-mail: robert.vacchelli@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 22nd day of August, 2006:

Luis Fernandez, Inmate No. 279900
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT  06080

                                                                  _____/s/_____
                                                                  Robert F. Vacchelli
                                                                  Assistant Attorney General