UNITED STATES DISTRICT COURT     03cv146rul

DISTRICT OF CONNECTICUT

LUIS FERNANDEZ

                                    PRISONER
     V.                        CASE NO. 3:03CV146 (WWE)(HBF)

MONICA RINALDI, ET AL.

## RULING ON PENDING MOTIONS

Pending before the court is the plaintiff's motion for reconsideration of the court's August 3, 2006 Ruling denying his motion for leave to proceed in forma pauperis on appeal and motion for appointment of counsel on appeal. The standard for granting a motion for reconsideration is strict. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. Thus, "the function of a motion for reconsideration is to present the court with an opportunity to correct 'manifest errors of law or fact or to consider newly discovered evidence . . . .'" LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994). "[A] motion for reconsideration may not be used to plug gaps in an original

argument or to argue in the alternative once a decision has been made." Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal citations and quotations omitted).

The court denied plaintiff's motion for leave to proceed in forma pauperis on appeal as premature because the plaintiff had not filed a notice of appeal. The plaintiff contends that he mailed a notice of appeal to the court on April 7, 2006, and that it was received in the Clerk's Office on May 2, 2006. Thus, he argues that the court erred in denying his motion for leave to proceed in forma pauperis on appeal as premature.

The docket sheet reflects that the Clerk's Office in Bridgeport did not receive or docket a notice of appeal in this case. The plaintiff submits a copy of the notice of appeal that he allegedly mailed to the court with a received stamp dated May 2, 2006. The received stamp on the notice of appeal is not a stamp used by the Clerk's Office in Bridgeport. The plaintiff provides no other evidence that the notice of appeal was mailed to or received by the Bridgeport Clerk's Office. In view of the fact that there is no evidence that a notice of appeal was received by or filed with the court, the court did not err in denying the plaintiff's motion for leave to proceed in forma pauperis on appeal.

The plaintiff also argues that the court should not have denied his request that counsel be appointed to represent him on

appeal.  The court did not err in denying the plaintiff's motion for appointment of counsel on appeal in view of the fact that he had not filed a notice of appeal at the time he filed the motion for counsel.

Accordingly, the Motion for Reconsideration [**doc. # 65**] is **GRANTED**.  After careful review, the court **AFFIRMS** its Ruling [**doc. # 64**] denying plaintiff's application to proceed in forma pauperis on appeal and motion for appointment of counsel on appeal.

The court previously granted the plaintiff an extension of time until August 25, 2006 to file a notice of appeal.  Because the plaintiff was under the impression that he had already filed a notice of appeal, he has not complied with that order.  If the plaintiff seeks to file a notice of appeal in this action, he must do so within **twenty days** of the date of this order.  The plaintiff is on notice that pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure, no further extensions of time to file a notice of appeal will be granted.

SO ORDERED at Bridgeport, Connecticut, this <u>6th</u> day of November, 2006.

_____/s/_____
Holly B. Fitzsimmons
United States Magistrate Judge